

**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Megan E. Smith**, OSB No. 084758
smithme@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants ReconTrust Company, N.A.,
BAC Home Loans Servicing, LP, and Mortgage Electronic Registration Systems, Inc.



# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DOUGLAS A. JAMES and EILEEN M. JAMES,** Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>**RECONTRUST COMPANY,** an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP,** a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation,<br><br>Defendants. | CV No. **CV '11 - 324 KI**<br><br>NOTICE OF REMOVAL<br><br>Pursuant to 28 U.S.C. §§ 1332 (Diversity), 1441, and 1446<br><br>(Removed from Clackamas County Circuit Court No. CV11020389) |

TO:   The United States District Court for the DISTRICT OF OREGON, Portland Division; CLERK OF THE CLACKAMAS COUNTY CIRCUIT COURT; and to William T. Scannell, attorney for plaintiffs

PAGE 1 -   NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants ReconTrust Company, N.A. ("ReconTrust"), BAC Home Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Loan Defendants") hereby remove the State court action currently pending in the Circuit Court for the State of Oregon for the County of Clackamas, Case No. CV11020389, to the United States District Court for the District of Oregon, Portland Division. As grounds for removal, Loan Defendants state the following:

## BACKGROUND

1.    On or about February 14, 2011, Plaintiffs Douglas A. James and Eileen M. James ("Plaintiffs") filed a Complaint for Wrongful Foreclosure & Declaratory Judgment ("Complaint" or "Compl.") in the Circuit Court of the State of Oregon for the County of Clackamas (the "State Court Action"), Case No. CV11020389, entitled *Douglas A. James and Eileen M. James, Husband and Wife v. ReconTrust Company, an unknown entity operating in the State of Oregon, BAC Home Loans Servicing Limited Partnership, a Texas limited partnership, Mortgage Electronic Registration System, Inc., a Delaware corporation, Northwest Mortgage Group, Inc., An Oregon corporation.* Pursuant to 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders" received by BAC in the State Court Action are attached as **Exhibit 1**.

2.    This lawsuit concerns real property, located at 30366 S.W. Ruth Street Unit 70, Wilsonville, Oregon ("the Property"), that Plaintiffs purchased with a $346,438 loan ("the Loan"), secured by a deed of trust. (Ex. 1 ¶¶ 2, 10.)

3.    The Complaint is a civil action, purporting to allege claims for Wrongful Foreclosure and Declaratory Judgment. (Ex. 1 ¶¶ 25-29.) Plaintiffs seek relief in the form of a declaration that foreclosure is wrongful, an injunction against foreclosure, and attorney fees and costs. (Ex. 1 at 12 (Prayer for Relief).)

PAGE 2 -  NOTICE OF REMOVAL

## DIVERSITY OF CITIZENSHIP

4.      This Court has original jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. This action may be removed pursuant to 28 U.S.C. § 1441 because the action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Complete diversity exists between Plaintiffs and defendants because Plaintiffs and the only relevant named defendants, Loan Defendants, are citizens of different states.

(a)      On information and belief, Plaintiffs, at all time relevant, were and are residents of Clackamas County, Oregon, and are Oregon citizens. (Ex. 1 at ¶ 1.)

(b)      At the commencement of the State Court Action, and at the time of filing this notice of removal, BAC, a limited partnership, was and is a citizen of North Carolina. In assessing diversity of citizenship for a limited purpose partnership like BAC, the citizenship of the partnership's individual partners controls. *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 357 n.1 (D.C. Cir. 1983) ("[f]or diversity purposes, the citizenship of a limited partnership * * * stands or falls on the citizenship of its individual partners."). BAC's only individual partners are BAC GP, LLC, and BANA LP, LLC, which are both limited liability corporations organized under the laws of Nevada, with principal places of business in Calabasas, California. The citizenship of a limited liability corporation is determined by the citizenship of its members/owners. *See Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102 (D. D.C. 2008). Both BAC GP, LLC, and BANA LP, LLC, are wholly owned by, and their sole member is, Bank of America, N.A., a national banking association whose articles of association designate North Carolina as the location of its main office. Thus, Bank of America, N.A. – and, consequently BAC – is a citizen of North Carolina for diversity purposes. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that for diversity purposes, a national bank is a citizen of the state designated in its articles of association as its main office).

PAGE 3 -   NOTICE OF REMOVAL

(c)    At the commencement of the State Court Action, and at the time of filing this notice of removal, ReconTrust was and is a national banking association with its main office, as set forth in its articles of association, in California. Accordingly, ReconTrust is a citizen of California for purposes of diversity jurisdiction.

(d)    At the commencement of the State Court Action, and at the time of filing this notice of removal, MERS was and is a Delaware corporation with its principal place of business in Virginia.

6.    The citizenship of defendant Northwest Mortgage Group, Inc. ("Northwest") is disregarded in determining whether complete diversity exists because Northwest is fraudulently joined as a defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*

(a)    Plaintiffs allege that Northwest was listed as the original "lender" on the Deed of Trust. (Ex. 1 at ¶ 11; *see* Deed of Trust at 1, attached as Exhibit 1 to Compl.)

(b)    The allegedly wrongful conduct identified in the Complaint relates entirely to the foreclosure process, not to any allegedly wrongful conduct in connection with the origination of the loan. Specifically, the core allegations of the Complaint are that (i) the deed of trust did not give MERS the right or authority to appoint a successor trustee; (ii) any assignment by MERS was invalid; and (iii) MERS was not a proper beneficiary and had no right to transfer beneficial interest in the note. (Ex. 1 at ¶¶ 12, 19, 20.) None of the allegations relate to the origination of the loan, or suggest that Northwest, the original lender, did anything unlawful.

(c)    This is evident from each of the two causes of action. The First Claim for Relief (Wrongful Foreclosure) alleges that "foreclosure threatened by the Defendants * * * should be halted." (Ex. 1 at ¶ 26.)    The Complaint, however, alleges that shortly after the Loan's origination in July 2007, Northwest transferred all of its interest in the Loan to other

PAGE 4 -   NOTICE OF REMOVAL

entities. (Ex. 1 at ¶ 24.)  Plaintiffs do not allege that Northwest asserts any continued interest in the Loan or that Northwest has attempted to foreclose on the Property.  In fact, Plaintiffs do not even mention Northwest by name in connection with this cause of action.  (Ex. 1 at ¶¶ 25-27.) Accordingly, this Claim for Relief obviously states no claim against Northwest.

(d)     The Second Claim for Relief (Declaratory Judgment) similarly states no claim against Northwest.  Plaintiffs assert that declaratory judgment is appropriate to protect the Plaintiffs' "substantial legal right that is threatened by the Defendants."  (Ex. 1 at ¶ 29.) Plaintiffs do not allege that Northwest has "threatened" their legal rights in any way – nothing in the Complaint suggests that Northwest has any actual or asserted interest in the Loan or Property, or that Northwest has attempted or even contemplated foreclosure.  To the extent that this Claim for Relief refers to "the Defendants," it clearly refers only to ReconTrust, BAC, and MERS. Accordingly, this Claim for Relief also obviously states no claim against Northwest.

(e)     In sum, there is an obvious failure to state a claim against Northwest.  This is unsurprising because all of the allegations in the Complaint arise from events that took place after Northwest ceased to be involved with the Loan.

7.     The amount in controversy exceeds $75,000, exclusive of interest and costs.  The Complaint concerns a Loan with an original balance of $346,438.  (Ex. 1 ¶ 10; *see* Deed of Trust, at 1, attached as Exhibit 1 to the Complaint.)   The current outstanding loan balance is $336,479.26.  *See* Declaration of Dolores Juhasz, attached hereto as **Exhibit 2**.  Plaintiffs seek, among other forms of relief, injunction preventing foreclosure on the subject Property and a declaration that none of the Loan Defendants have any valid interest in the Loan.  (Ex. 1 ¶ 29; and at 12 (Prayer for Relief).)  Thus, the amount in controversy is satisfied because the Loan at issue is worth well over $75,000.  *See Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) ("[I]t is well established that the amount in controversy is measured by the value of the object of the litigation.").

PAGE 5 -   NOTICE OF REMOVAL

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## PROCEDURAL REQUIREMENTS

8.      <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. § 1446(a), Loan Defendants are filing this Notice of Removal in the federal district court and division embracing Clackamas County, Oregon, the state court where the State Court Action is pending.

9.      <u>Removal is Timely</u>.    Defendant BAC received a copy of the Complaint on February 17, 2011.  Accordingly, this Notice of Removal is timely filed within 30 days of receipt on Defendant BAC.  *See* 28 U.S.C. § 1446(b).  BAC reserves all rights, including but not limited to, defenses and objections as to venue, personal and/or subject matter jurisdiction, and service of process and does not waive any defenses, jurisdictional or otherwise by filing this notice.

Defendant MERS received a copy of the Complaint on February 17, 2011, and consents to this removal, but reserves all rights, including but not limited to, defenses and objections as to venue, personal and/or subject matter jurisdiction, and service of process.  MERS's consent to removal is subject to and without waiver of any such defenses and objections.

Defendant ReconTrust has not been served, and consents to this removal, but reserves all rights, including but not limited to, defenses and objections as to venue, personal and/or subject matter jurisdiction, and service of process.  ReconTrust's consent to removal is subject to and without waiver of any such defenses and objections.

10.     <u>Pleadings and Process</u>.  Attached hereto as **Exhibit 1** are copies of all process, pleadings, and orders received by Defendant BAC in the State Court Action.  *See* 28 U.S.C. § 1446(a).

11.     <u>Notice</u>.  Attached hereto as **Exhibit 3** is a copy of the Notice to Adverse Parties of Removal of Action to United States District Court for the District of Oregon, without exhibits, which will be served promptly upon Plaintiffs and filed with the Clerk of the Circuit Court of the State of Oregon for the County of Clackamas.  *See* 28 U.S.C. §§ 1446(a) and (d).

12.     <u>Consent to Removal</u>.  All defendants whose citizenship is properly considered have filed this Notice of Removal and/or consent to this removal.  *See United Computer Sys. Inc.*

PAGE 6 -   NOTICE OF REMOVAL

116589.0300/912526.1

*v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (fraudulently joined parties need not join in or consent to removal).

      13.    <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446 (a).

      14.    Based on the foregoing, this action is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

      15.    In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, Loan Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

      WHEREFORE, this action should proceed in the United States District Court for the District of Oregon, Portland Division, as an action properly removed.

      DATED:  March 16, 2011

                        LANE POWELL PC

                        By_____

                          Pilar C. French, OSB No. 962880
                          Megan E. Smith, OSB No. 084758
                          Telephone:  503.778.2100
                      Attorneys for Defendants ReconTrust Company,
                      N.A., BAC Home Loans Servicing, LP, and
                      Mortgage Electronic Registration Systems, Inc.

PAGE 7 -   NOTICE OF REMOVAL

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200