

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

| | |
|---|---|
| **DOUGLAS A. JAMES** and **EILEEN M. JAMES,** Husband and Wife, )<br><br>Plaintiffs )<br>vs. )<br><br>**RECONTRUST COMPANY**, an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP**, a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation. )<br><br>Defendant. ) | Case No: **CV11020389**<br><br>**COMPLAINT FOR WRONGFUL FORECLOSURE & DECLARATORY JUDGMENT**<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>ff 844  Card |

## I.    FACTS COMMON TO ALL CLAIMS

**1.**

The Plaintiffs are Husband and Wife and reside in Clackamas County, Oregon.

**2.**

The real property which is the subject of this lawsuit is located at 30366 SW Ruth St. Unit 70, Wilsonville, OR which is also located in Clackamas Country, Oregon.

//

PAGE 1 -   COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

EXHIBIT ____|____

PAGE ____|____

3.

Recon Trust Company ("RTC") is an unknown entity which operates in the State of Oregon. RTC is in the business of foreclosing on the real property of Oregonians but RTC is not registered to do business within the State of Oregon. As such any and all actions it takes are ultra virus acts and are void.

4.

BAC Home Loan Servicing Limited Partnership (Servicer) is a Texas limited partnership ("BAC") and on information and belief it is a subsidiary of Bank America Corporation.

5.

Mortgage Electronic Registration System ("MERS") is also not registered to do business within the State of Oregon but on information and belief it is a Delaware Corporation.

6.

On information and belief, in October of 1993, a task force of mortgage finance companies released a "white paper" at an annual convention of mortgage bankers. The paper suggested that an electronic book entry system of tracking mortgage loans would be better for the mortgage lending industry than the legal system of county recording offices. This paper encouraged comments from the real estate finance industry, leading to the formation of a steering committee affiliated with the Mortgage Bankers Association of America (MBA). The MBA is a trade association supported through dues paid by mortgage lending companies that conducts public relations for the industry. The MBA retained Ernst & Young, an accounting firm, to study the feasibility of developing a system that led to the creation of MERS.

In addition to studying the technological and financial hurdles of creating such a system,

PAGE 2 - COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

EXHIBIT 1
PAGE 2

1    the accounting firm also conducted telephone interviews with mortgage loan originators,

2    servicers, warehouse lenders, custodians, assignment processors, and employees at Fannie Mae

3    and Freddie Mac. The accountants' primary conclusion was that that the finance industry could

4    save a lot of money by deciding not to pay the fees that local governments require to record

5    mortgage assignments.    Approximately two years after the initial white paper MERS was

6    established.

7

                                                    7.

8

9    Northwest Mortgage Group, Inc. ("NWMG") is an Oregon Corporation.

10                                                  8.

11   On or about June 21, 2007 the Plaintiffs purchased the real property described in

12   paragraph 2. The legal description of the property is included in the trust deed, a true and correct

13   copy of which is attached as Exhibit 1 to this Complaint which is hereby incorporated by

14   reference herein.

15

                                                    9.

16

17   Paragraph 24 of the trust deed contains the following language:

18   *Lender may from time to time remove the Trustee and appoint a successor*
     *trustee* to a Trustee appointed hereunder. Without conveyance of the Property,
19   the successor trustee shall succeed to all the title, power and duties conferred upon
20   Trustee herein and by Applicable Law.  (Emphasis Added)

21                                                  10.

22   In order to purchase the property the Plaintiffs received a loan in the amount of

23
     $346,438.00 which was secured by a deed of trust recorded in the official records of Clackamas
24
     County, Oregon, as document 2007-055116.
25

26

PAGE 3 -   COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

EXHIBIT    1
PAGE       3

11.

NWMG is listed as the "Lender" on the deed of trust.

12.

In the Deed of Trust MERS is named as the "Beneficiary." But MERS did not supply any money for the loan, it did not transfer any of the loan funds nor did it take any economic risks of any kind in the transaction that is the subject of this lawsuit. MERS also never held the deed of trust or the note that is the subject of this lawsuit. MERS never accepted payments for the loan. MERS simply operated a database which was created to circumvent user fees/taxes and replace the property transaction system that has existed in the United States for two hundred years. The trust deed was not given for MERS' benefit and the listing of MERS as the beneficiary under the trust deed is without merit.

13.

On or about April of 2010 the Plaintiffs became delinquent on their loan. On or about July 8, 2011 MERS as the purported Beneficiary of the Deed of Trust for "valuable consideration" purported to transfer the Deed of Trust to BAC. This assignment appears to have been signed on behalf of MERS by Leticia Quintana who represented that she was an Assistant Secretary of MERS.

14.

Ms Quintana's signature in turn was notarized by Ahmad Afzal who is a California Notary Public in Venture County. As part of the notary Mr. Afzal stated that Ms. Quintana appeared before him personally and that she executed the document in her "authorized capacity"

PAGE 4 -   COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT ____1____
PAGE ____4____

1  and that she was in fact an "Assistant Secretary" of MERS. A true and correct copy of this

2  document is attached to this Complaint as Exhibit 2 and is hereby incorporated by reference

3  herein.

4                                      15.

5      Exhibit 2 was in turn recorded in the official records of Clackamas County, OR on July

6  13, 2010 at 11:32:56 AM with recording number 2010-041666.

7

8                                      16.

9      Also on July 8, 2010 BAC purported to assign the Deed of Trust to RTC. This

10 document was also signed by Ms. Quintana and was also notarized by Mr. Afzal. But in this

11 instance the assignment shows Ms. Quintana not as an Assistant Secretary of MERS but rather as

12 an Assistant Secretary of BAC. Once again Mr. Afzal certified that that Ms. Quintana appeared

13 before him personally and that she executed the document in her "authorized capacity" and that

14 she was in fact an "Assistant Secretary" of BAC. A true and correct copy of this document is

15 attached to this Complaint as Exhibit 3 and is hereby incorporated by reference herein.

16

17                                     17.

18     Exhibit 3 was also recorded on July 13, 2010 in Clackamas County, Oregon as number

19 2010-041667.

20                                     18.

21     On information and belief Ms. Quintana is a so called "robo-signer" and did not

22 undertake her duty to review the loan file, is not an officer of either BAC or MERS and did not

23 have the authority to assign the Deed of Trust on behalf of either BAC or MERS. For this

24 reason the assignment of the Deed of Trust to BAC from MERS is void.

25

26

PAGE 5 -   COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

EXHIBIT ___1___
PAGE ___5___

19.

The appointment of BAC as the successor trustee by MERS is void for other reasons as well. MERS is not the "Lender" as it is required to be under paragraph 24 of the Deed of Trust to appoint a successor trustee. This provision of the Deed of Trust is set forth in full in paragraph 9 of this Complaint. Therefore, MERS did not have the power to make the appointment under the terms and conditions of the Deed of Trust.

20.

In addition, MERS is not the "Beneficiary" of the Deed of Trust as it states that it is in the assignment described in paragraph 13 of this Complaint. ORS 86.705(1) states that the beneficiary is "the person named or otherwise designated in the trust deed *as the person for whose benefit a trust deed is given, or the person's successor in interest...* " (Emphasis Added) MERS is not the "Beneficiary" as it did not have any economic interest in the transaction. MERS is not the " Beneficiary" under Oregon law simply because it says it is and therefore this assignment is void.

21.

On information and belief no "valuable consideration" was transferred from BAC to MERS for the assignment of the Deed of Trust as is stated in Exhibit 2 and for that reason the assignment from MERS to BAC is void.

//

//

PAGE 6 -   COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

EXHIBIT  1
PAGE  6

22.

Also on July 8, 2010 RTC executed a Notice of Default and Election to Sell. This document was also notarized by Mr. Afzal. A true and correct copy of this document is attached to this Complaint as Exhibit 4 and is hereby incorporated by reference herein. This document states that MERS as the "Beneficiary has declared all sums owing on the obligation secured by said Trust Deed..." MERS did not have this authority. Only the Lender can declare a default under the note. Neither MERS nor RTC are the lender/investor and therefore neither had the authority to declare a default and elect to sell, therefore the Notice of Default is void.

23.

Any assignments made to or by MERS of any interest in the real property that is the subject of this lawsuit are void, as one of the primary reasons for the creation of MERS was and is to avoid the payment of lawful user fees/taxes to Clackamas Country, Oregon. Assignments for the purposes of avoiding taxes are void.

24.

On information and belief the loan that is the subject of this lawsuit was securitized by NWMG shortly after the loan was originated. In order to effectuate the securitization of the loan NWMG, MERS, BAC and other entities currently unknown to the Plaintiffs transferred the Deed of Trust without properly recording it as is required under ORS. 86.735 During the summer and fall of 2007 the vast majority of the loans originated by NWMG were eventually placed in loan pools of Wells Fargo Mortgages and then securitized and sold to investors. Also on information and belief, the original note that was part of the loan transaction, which is the subject of this lawsuit, has been separated from the Deed of Trust during the securitization

PAGE 7 - COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT ____1____
PAGE ____7____

1  process and cannot be produced. This note was not endorsed by the holder in favor of the trust
2  nor ever delivered to the securitization trust.

3  **FIRST CLAIM FOR RELIEF**
   (Wrongful Foreclosure)
4
5  25.
6  Paragraphs 1 – 24 are hereby incorporated by reference herein as if set forth in full.
7  26.
8  The foreclosure threatened by the Defendants or one of them is wrongful for the
9  following reasons and should be halted:
10  A) Due to the fact that MERS is listed as the "Beneficiary" of the Deed of Trust the
11
12  Deed of Trust has more likely than not been assigned multiple times, without the
13  recording of those assignments as required by ORS 86.735. Since the beneficial
14  interest of the trust deed has been assigned multiple times without being recorded, the
15  trustee lacks the authority to foreclose under ORS 86. 735.
16  B) The purported assignment of the Deed of Trust from MERS to BAC on July 8, 2010
17  is void for the following reasons:
18  i)   MERS is not a Beneficiary of the Deed of Trust as defined under ORS 86.
19
20  705(1) as more specifically set forth in paragraphs 6 and 12 of this
21  Complaint and therefore it lacked the authority to make the assignment to
22  BAC, Therefore, the assignment is void.
23  ii)  On information and belief no consideration was transferred from BAC to
24  MERS as part of the assignment and therefore the assignment is void.
25  iii) Ms. Quintana is not an officer of MERS and on information and belief she is
26

PAGE 8 -  COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

*TERRY SCANNEL*
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT ___1___
PAGE ___8___

| | | |
|---|---|---|
| 1 | | not an employee of MERS and therefore she lacked the authority to execute |
| 2 | | the assignment to BAC on behalf of MERS. For this reason the assignment is |
| 3 | | void. |
| 4 | iv) | MERS is not the "Lender" on the loan as it is required to be under paragraph |
| 5 | | 24 of the Deed of Trust to appoint a successor trustee. Therefore, MERS did |
| 6 | | not have the authority to appoint BAC as the successor trustee and the |
| 7 | | |
| 8 | | assignment is void. |
| 9 | v) | MERS is not authorized or registered to do business within the State of |
| 10 | | Oregon and therefore any actions taken by it to effectuate a foreclosure in |
| 11 | | Oregon are ultra vires acts and are a legal nullity. |
| 12 | vi) | MERS was specifically created for the purposes of avoiding the payment of |
| 13 | | user fees/taxes associated with the proper filing of documents in the real |
| 14 | | property records of Clackamas County, Oregon and other counties in Oregon. |
| 15 | | |
| 16 | | For that reason any assignment of any interest in the property that is the |
| 17 | | subject of this lawsuit to, by or thru MERS is void. |
| 18 | C) The purported assignment of the Deed of Trust from BAC to RTC also on July 8, | |
| 19 | 2010 is also void for the following reasons: | |
| 20 | i) | The assignment from MERS to BAC was void for the reasons set forth in this |
| 21 | | Complaint and therefore BAC did not have the authority to assign the Deed of |
| 22 | | Trust to RTC and that assignment is also a legal nullity. |
| 23 | | |
| 24 | ii) | On information and belief the assignment from BAC is void due to the fact |
| 25 | | that Ms. Quintana did not review the loan file to confirm that the loan was in |
| 26 | | |

PAGE 9 -   COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

EXHIBIT ___1___
PAGE ___9___

default. On information and belief Ms. Quintana is more likely than not an employee of BAC and not MERS, whose job it is to execute assignments and other documents as quickly as possible in order to effectuate foreclosures.

D) The Notice of Default and Election to Sell by RTC was also void for the following reasons:

    i)    The assignment from MERS to BAC was void for the reasons set forth in this Complaint and therefore RTC did not have the authority to elect to file a Notice of Default and Election to Sell and therefore that action by RTC is also a legal nullity.

    ii)    RTC is not authorized or registered to do business within the State of Oregon and therefore any actions taken by it to effectuate a foreclosure in Oregon are ultra vires acts and are a legal nullity.

    iii)    RTC did not have the legal authority to file the Notice of Default and Election to Sell as set forth in paragraph 24 of this Complaint and therefore did not have the authority to take this action and it is therefore a legal nullity.

27.

Under the circumstances described in paragraphs 1 – 26 of this Complaint the Plaintiffs will suffer irreparable harm and they lack an adequate remedy at law and the requested injunction is tailored to fit the situation and prevent any ongoing violations of Chapter 86 or Oregon law.

//
//

PAGE 10 - COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

TERRY S. ANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT    1
PAGE    10

## II. SECOND CLAIM FOR RELIEF
(Declaratory Judgment ORS. 28.010)

**28.**

Paragraphs 1 – 26 are hereby incorporated by reference as if set forth in full herein. //

**29.**

Pursuant to ORS.28.010 the Plaintiffs have a substantial legal right that is threatened by the Defendants or one of them, which can be adjudicated by this Court declaring the rights and obligations of the parties herein. The Plaintiffs therefore request the Court declare the following rights and obligations of the parties:

A) That neither MERS, BAC nor RTC is the "Beneficiary" under the Deed of Trust at issue in this case and therefore they individually or collectively do not have the authority to foreclose on the property at issue in this lawsuit.

B) That neither NWMG, MERS, BAC or RTC are currently the "Lender" or the investor under the Note or Deed of Trust at issue in this case and therefore they individually or collectively do not have the authority to declare the note in default and to accelerate it or take any other actions of the actual Lender.

C) That the Deed of Trust that is at issue in the case has been assigned without it being recorded in violation of ORS 86.735 and therefore any unrecorded assignments of the deed of trust are void.

D) That MERS was primarily established for the purpose of avoiding the payment of user fees/taxes and that therefore any assignments to by or though MERS are void as a matter of law.

E) That the foreclosure contemplated by the Defendants or one of them is wrongful and

PAGE 11 - COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

*TERRY SCANNEL*
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT ____1____
PAGE ____11____

should be enjoined until such time as the Defendants can show they are in full compliance with ORS Chapter 86.

### III.   PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs pray for relief as follows on both their claims for relief:

1) A declaration that the foreclosure contemplated by the Defendants or one of them is wrongful and should be enjoined until such time as the Defendants can show they are in full compliance with ORS Chapter 86.

2) For a declaration as set forth in paragraph 28 of this Complaint.

3) For Plaintiffs costs, disbursements and attorney fees incurred herein under the terms of the Deed of Trust and Note.

4) Any other relief the Court deems equitable and just.

DATED this 14th day of February, 2011.

Terry Scannell (OSB #853220)
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204
Tel: (503) 776-0806, Fax: (503) 274-1214
E-mail: terry@scannelLaw.com
Of Attorneys for Plaintiffs

///
///
///

PAGE 12 - COMPLAINT WRONGFUL FORECLOSURE AND DECLARATORY JUDGMENT

EXHIBIT   1
PAGE   12

95 190
10
11

01-1118675

FIDELITY NATIONAL TITLE CO.

After Recording Return To:
NORTHWEST MORTGAGE GROUP, INC.
10250 SW GREENBURG ROAD, #900
PORTLAND, OREGON 97223
Loan Number: 01-71694

Clackamas County Official Records
Sherry Hall, County Clerk

2007-055116

$116.00

01116894200700551160190195

06/22/2007 02:54:14 PM

M-TD          Cnt=1 Stn=6 KARLYNWUN
$85.00 $11.00 $10.00

———————— [Space Above This Line For Recording Data] ————————

# DEED OF TRUST

**MIN:** 1000462-0000039429-6

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated    JUNE 19, 2007                , together with all Riders to this document.
(B) "Borrower" is   DOUGLAS A. JAMES AND EILEEN JAMES

Borrower is the trustor under this Security Instrument.
(C) "Lender" is   NORTHWEST MORTGAGE GROUP, INC.

Lender is a      OREGON CORPORATION                                                        organized
and existing under the laws of   OREGON
Lender's address is   10250 SW GREENBURG ROAD, #900, PORTLAND, OREGON
97223

(D) "Trustee" is   FIDELITY NATIONAL TITLE COMPANY OF OREGON
900 SW FIFTH AVENUE, PORTLAND, OREGON 97204

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated   JUNE 19, 2007                .
The Note states that Borrower owes Lender   THREE HUNDRED FORTY-SIX THOUSAND FOUR
HUNDRED THIRTY-EIGHT AND 00/100 Dollars (U.S. $ 346,438.00         ) plus interest.

Borrower Initials: _DAJ_  _EmJ_

OREGON--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic ⓔⓕⓞⓡⓜⓢ 800-649-1362
Form 3038 1/01                                 Page 1 of 14                              www.docmagic.com

Or3038.zzz

EXHIBIT _____1_____
PAGE _____1_____ OF _19_

EXHIBIT _____1_____
PAGE _____13_____

Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
JULY 1, 2037 .

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under
the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are
to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider        ☐ Planned Unit Development Rider
☐ Balloon Rider        ☐ Biweekly Payment Rider
☐ 1-4 Family Rider        ☐ Second Home Rider
☒ Condominium Rider        ☐ Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial
opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges
that are imposed on Borrower or the Property by a condominium association, homeowners association or similar
organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft,
or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or
magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term
includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by
telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any
third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or
destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in
lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note,
plus (ii) any amounts under Section 3 of this Security Instrument.
(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing
regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or
successor legislation or regulation that governs the same subject matter. As used in this Security Instrument,
"RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan"
even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that
party has assumed Borrower's obligations under the Note and/or this Security Instrument.

Borrower Initials: DAV EMC

OREGON–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01        Page 2 of 14        DocMagic ☎ 800-649-1362
www.docmagic.com

Or3038.zmd

2

EXHIBIT _1_
PAGE _2_ OF _15_

EXHIBIT _1_
PAGE _14_

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY of CLACKAMAS :
[Type of Recording Jurisdiction]                [Name of Recording Jurisdiction]

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 05003167 31W23AD03700 003-027

which currently has the address of          30366 SW RUTH STREET #70
                                                        [Street]

         WILSONVILLE              , Oregon    97070     ("Property Address"):
           [City]                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Borrower Initials: 

OREGON--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01                                    Page 3 of 14

DocMagic *eFarms* 800-649-1362
www.docmagic.com

Or3038.mxd

EXHIBIT
PAGE

EXHIBIT ___1___
PAGE ___15___

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.

Borrower Initials: _____

OREGON–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01
Page 4 of 14

*DocMagic ᴇᶠᵒʳᵐˢ 800-649-1362*
*www.docmagic.com*

Or3038.zml

EXHIBIT ___
PAGE ___

Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater

Borrower Initials: DAV  EmG

*DocMagic €Fⁿⁿⁿⁿ 800-649-1362*
*www.docmagic.com*

EXHIBIT __/__
PAGE __ OF __/9__

EXHIBIT     1
PAGE     17

or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Borrower Initials: _____ _____ _____ _____

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01
Page 6 of 14

DocMagic ℰℱ𝑜𝑟𝑚𝑠 800-649-1362
www.docmagic.com

6

Or3038.mzd

EXHIBIT    /
PAGE ___ OF __

EXHIBIT    1
PAGE    18

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

    **8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

    **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

    Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

    If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

    **10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Borrower Initials: _____  _____  _____  _____

OREGON--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01
Page 7 of 14

*DocMagic eForms 800-649-1362*
*www.docmagic.com*

7

Or3038.xml

EXHIBIT ____1____

PAGE ____19____

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to

Borrower Initials: DAH  EMG

DocMagic 𝒆𝓕𝖔𝖗𝖒𝖘 800-649-1362
www.docmagic.com

8

Or3038.zmd

EXHIBIT _____1_____

PAGE ___8___ OF ___15___

EXHIBIT     1

PAGE     20

Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to

Borrower Initials: _____ EMG _____ _____ _____ _____

OREGON--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01         Page 9 of 14         DocMagic ℰℱₒᵣₘₛ 800-649-1362
www.docmagic.com

9

Or3038.mzd

EXHIBIT ____
PAGE ____ OF ____

EXHIBIT 1
PAGE 21

Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations

Borrower Initials: _____ _____ _____ _____

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01                                Page 10 of 14

*DocMagic* 800-649-1362
www.docmagic.com

Or3038.mzd

10

EXHIBIT ____1____
PAGE __10__ OF __14__

EXHIBIT ____1____
PAGE ____22____

secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

Borrower Initials: _____

Or3038.mzd

EXHIBIT _____
PAGE _____ OF _____

EXHIBIT ____1____
PAGE ____23____

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee.** Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. **Attorneys' Fees.** As used in this Security Instrument and in the Note, attorneys' fees shall include those awarded by an appellate court.

26. **Protective Advances.** This Security Instrument secures any advances Lender, at its discretion, may make under Section 9 of this Security Instrument to protect Lender's interest in the Property and rights under this Security Instrument.

27. Required Evidence of Property Insurance.

## WARNING

Unless you provide us with evidence of the insurance coverage as required by our contract or loan agreement, we may purchase insurance at your expense to protect our interest. This insurance may, but need not, also protect your interest. If the collateral becomes damaged, the coverage we purchase may not pay any claim you make or any claim made against you. You may later cancel this coverage by providing evidence that you have obtained property coverage elsewhere.

Borrower Initials: DAM FMO

EXHIBIT 1
PAGE 12 OF 19

EXHIBIT 1
PAGE 24

You are responsible for the cost of any insurance purchased by us. The cost of this insurance may be added to your contract or loan balance. If the cost is added to your contract or loan balance, the interest rate on the underlying contract or loan will apply to this added amount. The effective date of coverage may be the date your prior coverage lapsed or the date you failed to provide proof of coverage.

The coverage we purchase may be considerably more expensive than insurance you can obtain on your own and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by Applicable Law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
DOUGLAS X. JAMES          -Borrower

_____ (Seal)
EILEEN JAMES              -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

Witness:                          Witness:

_____         _____


OREGON--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01                              Page 13 of 14

*DocMagic* *eForms* 800-649-1362
www.docmagic.com

13

Or3038.mzd

EXHIBIT ___L___
PAGE ___17___ OF ___19___

EXHIBIT ___1___
PAGE ___25___

———————————— [Space Below This Line For Acknowledgment] ————————————

State of Oregon

County of _Multnomah_

This instrument was acknowledged before me on _6-21-07_

by _DOUGLAS A. JAMES AND EILEEN JAMES_

OFFICIAL SEAL
CHERYL LITTLEJOHN
NOTARY PUBLIC-OREGON
COMMISSION NO. 383595
MY COMMISSION EXPIRES SEPTEMBER 26, 2008

_Cheryl Littlejohn_
Notary Public - State of Oregon

(Seal)

My commission expires: _9-26-08_

OREGON–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3038 1/01                      Page 14 of 14

DocMagic ℰℱℴℛℳℬ 800-649-1362
www.docmagic.com

14

Oc3038.zzd

EXHIBIT _1_
PAGE _14_ OF _19_

EXHIBIT    1
PAGE    26

## EXHIBIT "ONE"

Unit 70, VILLAGE ESTATES CONDOMINIUM, Supplemental Plat No. 1: Annexation of Stage 2, in the City of Wilsonville, Clackamas County, Oregon, TOGETHER WITH with the limited common elements and the undivided interest in the general common elements appurtenant thereto, as set forth in Declaration Submitting Village Estates Condominium to Condominium Ownership recorded September 1, 2006, Recorder's No. 2006-081363 and Supplemental Declaration Submitting Stage 2, recorded October 31, 2006, Recorder's No. 2006-100981

2  15

EXHIBIT ___1___
PAGE __15_ OF _15_

EXHIBIT ___1___
PAGE ___27___

Loan Number: 01-71694

Date: JUNE 19, 2007

Property Address: 30366 SW RUTH STREET #70, WILSONVILLE, OREGON 97070

## EXHIBIT "A"

### LEGAL DESCRIPTION

A.P.N. # : 05003167 31W23AD03700 003-027

DocMagic €Forms 800-649-1362
www.docmagic.com

$\sqrt{6}$

OrANRA.mad

EXHIBIT _____1_____
PAGE _____16_____ OF _____19_____

EXHIBIT _____1_____
PAGE _____28_____

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this 19th day of JUNE, 2007 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to NORTHWEST MORTGAGE GROUP, INC., AN OREGON
CORPORATION
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

30366 SW RUTH STREET #70, WILSONVILLE, OREGON 97070
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as:

VILLAGE ESTATES CONDOMINIUM OWNERS ASSOCIATION
[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium
Project (the "Owners Association") holds title to property for the benefit or use of its members or
shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds
and benefits of Borrower's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under the
Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration or
any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations; and (iv)
other equivalent documents. Borrower shall promptly pay, when due, all dues and assessments imposed
pursuant to the Constituent Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted
insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender
and which provides insurance coverage in the amounts (including deductible levels), for the periods, and
against loss by fire, hazards included within the term "extended coverage," and any other hazards, including,
but not limited to, earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives
the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for
property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property
insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided
by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower Initials: DAV  Emg

MULTISTATE CONDOMINIUM RIDER
Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3140 1/01                    Page 1 of 3

DocMagic ☎Forms 800-649-1362
www.docmagic.com

Uc3140.rid

17

EXHIBIT 1
PAGE 17 OF 14

EXHIBIT 1
PAGE 29

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

Borrower Initials: _____

MULTISTATE CONDOMINIUM RIDER
Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3140 1/01                                        Page 2 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

18

UJ3140.rid

EXHIBIT __1__
PAGE __18__ OF __19__

EXHIBIT          1
PAGE       30

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_____ (Seal)
DOUGLAS A JAMES                -Borrower

_____ (Seal)
EILEEN JAMES                  -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

MULTISTATE CONDOMINIUM RIDER
Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3140 1/01                        Page 3 of 3

DocMagic €Fanmas 800-649-1362
www.docmagic.com

Us3140.rid



EXHIBIT ___1___
PAGE ___31___

AFTER RECORDING RETURN TO:

**Foreclosure Department**
**RECONTRUST COMPANY, N.A.**
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 10 -0075247

Clackamas County Official Records
Sherry Hall, County Clerk

$47.00

01416241201000416660010013      07/13/2010 11:32:56 AM

M-TDA        Cnt=1 Stn=10 LESLIE
$5.00 $18.00 $16.00 $10.00

## ASSIGNMENT OF DEED OF TRUST

For Valuable Consideration, the undersigned as Beneficiary, hereby grants, conveys, assigns, and transfers to BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, C/O BAC HOME LOANS SERVICING, LP, 400 COUNTRYWIDE WAY  SV-35, SIMI VALLEY, CA 93065, all beneficial interest under that certain Deed of Trust, dated 06/19/2007, executed by DOUGLAS A JAMES AND EILEEN JAMES, Grantor(s), to FIDELITY NATIONAL TITLE COMPANY OF OREGON, Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, recorded on 06/22/2007 as Recorder's fee/file/instrument/microfilm/reception number 2007-055116, Records of Clackamas County, Oregon, describing land. There in: as more fully described in said Deed of Trust.

Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated _____ JUL 0 8 2010 ____, 20 ____

State of _____ **CALIFORNIA** ____ )
                                              ) ss
County of _____ **VENTURA** ____ )

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By: _____

Leticia Quintana ____, Assistant Secretary

On ___ JUL 0 8 2010 ___, before me, _____ **AHMAD AFZAL** ____, notary public, personally appeared _____ Leticia Quintana _____ , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

as Assistant Secretary
WITNESS my hand and official seal.

Notary Public in and for the State of **CALIFORNIA**
                                                      **VENTURA**
Residing at _____
My Commission Expires: __ May  7, 2011 __

Ahmad Afzal

AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

## *Mortgage Electronic Registration Systems

ORASGN (07/08)      SHEET  2
                           PAGE  1  OF  1

EXHIBIT  1
PAGE  32

APPOINTMENT OF SUCCESSOR TRUSTEE

KNOW ALL MEN BY THESE PRESENTS, that Douglas A James And Eileen James, as grantor(s), and Fidelity National Title Company Of Oregon, as the Trustee, and Mortgage Electronic Registration Systems, Inc., is the Beneficiary under that certain Trust Deed dated 06/19/2007, and recorded 06/22/2007, as Recorder's fee/file/instrument/microfilm/reception No. 2007-055116 of the Mortgage Records of Clackamas County, Oregon. The undersigned who is the present Beneficiary under said Trust Deed desires to appoint a new trustee in the place and stead of the original trustee named above;

NOW THEREFORE, in view of the premises, the undersigned hereby appoints RECONTRUST COMPANY, N.A., whose address is 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY, CA 93063 as successor trustee under said Trust Deed, to have all the powers of said original trustee, effective immediately.

In construing this instrument, and whenever the context so requires, the singular includes the plural.

IN WITNESS WHEREOF, the undersigned Beneficiary has executed this document. If the undersigned is a corporation, it has caused its name to be signed and its seal affixed by an officer or other person duly authorized to do so by its board of directors.

DATED: __JUL 0 8 2010__, 2010.          BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE
                                        HOME LOANS SERVICING LP

                                        By_____
                                        Name:       Leticia Quintana
STATE OF _____CALIFORNIA_____         Title:  Assistant Secretary

County of _____VENTURA_____   ) ss.

On ___JUL 0 8 2010___, before me, ___AHMAD AFZAL___ +*, personally appeared
    Leticia Quintana    *, personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
*+ Notary Public   +* Assistant Secretary
WITNESS my hand and official seal.

Notary Public for ____CALIFORNIA____                    (SEAL)
My commission expires: __My 7\2a\__
Ahmad Afzal

APPOINTMENT OF SUCCESSOR TRUSTEE
RE: Trust Deed from
DOUGLAS A JAMES and EILEEN JAMES
        Grantor
        To
RECONTRUST COMPANY, N.A.
        Trustee TS No. 10 -0075247

After recording return to:
RECONTRUST COMPANY, N.A.
C/O RECONTRUST COMPANY, N.A.
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065

BAC HOME LOANS SERVICING LP
FKA COUNTRYWIDE HOME LOANS
SERVICING LP

AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

Clackamas County Official Records
Sherry Hall, County Clerk                  2010-041667

                                                          $47.00
01416242201000416670010010
                                              07/13/2010 11:32:56 AM
M-SUBT      Cnt=1 Stn=10 LESLIE
$5.00 $16.00 $16.00 $10.00

Page 1 of 1                          ORAPTOFSUC (07/07)

EXHIBIT ____1____
PAGE ____33____

After recording return to:
Attn: Foreclosure Department
RECONTRUST COMPANY, N.A.
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065

15

Clackamas County Official Records
Sherry Hall, County Clerk

$57.00

01416243201000416680030031

07/13/2010 11:32:56 AM

F-NDE          Cnt=1 Stn=10 LESLIE
$15.00 $18.00 $16.00 $10.00

## NOTICE OF DEFAULT AND ELECTION TO SELL

Reference is made to that certain Trust Deed made by DOUGLAS A JAMES AND EILEEN JAMES, as grantors, to FIDELITY NATIONAL TITLE COMPANY OF OREGON, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, dated 06/19/2007, recorded 06/22/2007, in the mortgage records of Clackamas County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2007-055116, covering the following described real property situated in said county and state, to wit:

SEE ATTACHED LEGAL DESCRIPTION

PROPERTY ADDRESS: 30366 SW RUTH STREET #70
WILSONVILLE, OR 97070

There is default by the grantor or other person, or by their successor in interest, owing an obligation, the performance of which is secured by said Trust Deed, or by their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantors' failure to pay when due the following sums: monthly payments of $2,863.14 beginning 04/01/2010; plus late charges of $115.24 each month beginning 04/01/2010 payment plus prior accrued late charges of $-230.48; plus advances of $0.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default, the Beneficiary has declared all sums owing on the obligation secured by said Trust Deed immediately due and payable, said sums being the following, to wit: $336,479.26 with interest thereon at the rate of 7 percent per annum beginning 03/01/2010 plus late charges of $115.24 each month beginning 04/01/2010 until paid; plus prior accrued late charges of $-230.48; plus advances of $0.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

| NOTICE OF DEFAULT AND ELECTION TO SELL | For Additional Information: |
|---|---|
| RE: Trust Deed from | Please Contact |
| DOUGLAS A JAMES and EILEEN JAMES, | Foreclosure Department |
| Grantor | RECONTRUST COMPANY, N.A. |
| To | RECONTRUST COMPANY, N.A. |
| RECONTRUST COMPANY, N.A., | 1800 Tapo Canyon Rd., CA6-914-01-94 |
| Trustee          TS No. 10 -0075247 | SIMI VALLEY, CA 93063 |
| | (800)-281-8219 |

Notice is hereby given that the Beneficiary and Trustee, by reason of said default, have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which the grantor had, or had the power to convey, at the time the grantor executed the Trust Deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations secured by the Trust Deed and the expenses of the sale, including the compensations of the Trustee as provided by law, and reasonable fees of Trustee's attorneys.

ORNOD (01/10)

EXHIBIT  4
PAGE  1  OF  2

EXHIBIT  1
PAGE  34

The sale will be held at the hour of 10:00 AM , in accordance with the standard of time established by ORS 187.110 on Friday, November 19, 2010, at the following place: in the courtyard located directly to the north of the main entrance of the Clackamas County Courthouse near the arbor, 807 Main St., Oregon City, Clackamas County, OR

, which is the hour, date and place last set for the sale.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the Beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing every other default complained of herein by tendering the performance required under the obligation or Trust Deed, in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by ORS 86.753.

In constructing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

RECONTRUST COMPANY, N.A.

DANIEL RODRIGUEZ / Team Member

STATE OF  **CALIFORNIA** )
                                    ) ss.
COUNTY OF **VENTURA** )

On **JUL 0 8 2010** , before me, **AHMAD AFZAL** , notary public, personally appeared **DANIEL B RODRIGUEZ** *, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s),is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. *A Team Member*

WITNESS my hand and official seal.

Notary Public for ____CALIFORNIA____
My commission expires: *May 7, 2011*
*Ahmad Afzal*

(SEAL)

AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

EXHIBIT 4
PAGE 2 OF 3

EXHIBIT 1
PAGE 35

## EXHIBIT "ONE"

Unit 70, VILLAGE ESTATES CONDOMINIUM, Supplemental Plat No. 1: Annexation of Stage 2, in the City of Wilsonville, Clackamas County, Oregon, TOGETHER WITH with the limited common elements and the undivided interest in the general common elements appurtenant thereto, as set forth in Declaration Submitting Village Estates Condominium to Condominium Ownership recorded September 1, 2006, Recorder's No. 2006-081363 and Supplemental Declaration Submitting Stage 2, recorded October 31, 2006, Recorder's No. 2006-100981

③

EXHIBIT 4
PAGE 3 OF 3

EXHIBIT 1
PAGE 36

ORIGINAL
STATE OF OREGON

I I FEB 14 Pi 2:05 *ENTERED*

ENTERED _____ *FEB 16 2011*

DOCKETED _____ By _____

By: KLB

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

DOUGLAS A. JAMES and EILEEN M.
JAMES, Husband and Wife,

   Plaintiff,

vs.

RECONTRUST COMPANY, an Unknown
Entity Operating in the State of Oregon, BAC
HOME LOAN SERVICING LIMITED
PARTNERSHIP, a Texas Limited
Partnership, MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC a
Delaware Corporation, NORTHWEST
MORTGAGE GROUP, INC. an Oregon
Corporation.

   Defendant.

Case No: CV11020389

TEMPORARY RETRAINING ORDER
AND ORDER TO SHOW CAUSE

#10 card

**TO: ALL Defendants**

  Plaintiff's motion for temporary restraining order and order to show cause why a

preliminary injunction should not enter came before the court ex parte on February 14, 2011.

  Based on the record, including the verified complaint and the declaration of the Plaintiff

and Mr. Scannell along with the supporting Memorandum of law, the court finds:

  1. If defendant is not immediately restrained from foreclosing on the real property

located at 30366 SW Ruth St. Unit 70, Wilsonville, OR located in Clackamas County, Oregon,

Plaintiffs will suffer irreparable injury, loss, or damage in the form of the loss of their primary

PAGE 1 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

EXHIBIT 1
PAGE 37

1   residence and the loss of equity in the home.

2       2.      This order should enter without actual notice because this foreclosure sale has

3   been rescheduled multiple times and could be rescheduled prior to the new stated date of March

4   17, 2011. In addition, the Court finds from the declaration of Mr. Scannell that a good faith

5   effort has been made to inform all the parties to this case of his intent to seek this injunction.

6       **It is therefore ORDERED as follows:**

7       1.      Defendant RECONTRUST COMPANY, an Unknown Entity Operating in the

8   State of Oregon,  BAC HOME LOAN SERVICING LIMITED PARTNERSHIP, a Texas

9   Limited Partnership, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a

10  Delaware Corporation, NORTHWEST MORTGAGE GROUP, INC. an Oregon Corporation

11   and their officers, agents, servants, employees, and lawyers, and all other persons in active

12  concert or participation with any of them who receive actual notice of this order, by personal

13  service or otherwise, are directed not to conduct the sale of the real property located at 30366

14  SW Ruth St. Unit 70, Wilsonville, OR.

15      2.      Defendant shall appear before this court on _22nd_ , 2011___, at _1.00_m. _pm_

16  Room_TBD___, Clackamas County Courthouse, and show cause, if any there be, why the

17  activity described above should not continue to be restrained during the pendency of this action.

18      3.      The order contained in paragraph 1 above shall expire at the date and time set

19  forth in paragraph 2 above, unless extended by further order of this court.

20

21

22

23  //

24  //

25

26

PAGE 2 -   TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

EXHIBIT    1
PAGE    38

1

2      4.      This order shall be effective only until Wednesday, February 16, 2011 unless a posting by

3      a qualified corporate surety of a bond, as described by ORCP 82 A(1)(a), in the sum of

4      $ _500_ . If the bond is not posted by the end of the business day on February 16, 2011, this

5      Order shall be dissolved.

6

7      DATED this 14th day of February, 2011.

8

9

10

11                                                        /s/

12                                                        Circuit Court Judge

13     BOND APPROVED

14     AND ORDER ISSUED:

15

16     Date: _2/14/2011_

17

18     Time: _1$^{39}$ pm_

19

20

21                                                        /s/

22                                                        Circuit Court Judge

23     Cash deposit of $500 in lieu of
24     Surety Bond allowed.                    2/16/2011
25
26

PAGE 3 -   TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

TERRY SCANNEL
Attorney at Law
1001 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT ___1___
PAGE ___39___

1    Respectfully Submitted by:

2

3

4                                    Terry Scannell (OSB #853220)
                                     888 SW Fifth Avenue, Suite 650
5                                    Portland, Oregon 97204
                                     Tel: (503) 776-0806, Fax: (503) 274-1214
6                                    E-mail: terry@scannelLaw.com
                                     Of Attorneys for Plaintiffs
7

8

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16

17

18

19

20

21

22

23

24

25

26

PAGE 4 -   TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

EXHIBIT ___1___
PAGE ___40___

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

| | |
|---|---|
| **DOUGLAS A. JAMES** and **EILEEN M. JAMES,** Husband and Wife,<br><br>        Plaintiff,<br><br>    vs.<br><br>**RECONTRUST COMPANY**, an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP,** a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation.<br><br>        Defendant. | Case No: CV11C20309<br><br>**DECLARATION OF DOUGLAS A. JAMES** |

I, Douglas A. James, under penalty of perjury, make the following declarations. I make these statements based on my personal knowledge.

    1) My wife and I are the owners of the property that is the subject of this law suit. The property is located at 30366 SW Ruth St. Unit 70, Wilsonville, OR 97070 in Clackamas Country.

    2) I have been led to believe that our house will be foreclosed on, on or about February 17, 2011 by public sale.

    3) My wife and I both believe that there are serious flaws in the process being used to

PAGE 1 - DECLARATION OF DOUGLAS A. JAMES

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT 1
PAGE 41

foreclose on our house. These flaws are contained in the Complaint that has been filed on our behalf with the Court.

4) Unless the sales is halted now we will suffer immediate and irreparable injury, loss or damage in the form of having our house sold before this matter can be fully tried to the Court.

DATED this 11day of February, 2011.

_Douglas A. James_
Douglas A. James

///

///

///

///

PAGE 2 - DECLARATION OF DOUGLAS A. JAMES

EXHIBIT 1
PAGE 42



**ORIGINAL**

11 FEB 14 PM 2: 10

ENTERED

FEB 1 8 2011

BY: KLB

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

DOUGLAS A. JAMES and EILEEN M. )
JAMES, Husband and Wife, )
)
      Plaintiff, )
)  Case No: CV1102O309
     vs. )
)  **DECLARATION OF TERRY SCANNELL**
RECONTRUST COMPANY, an Unknown )
Entity Operating in the State of Oregon, BAC )
HOME LOAN SERVICING LIMITED )
PARTNERSHIP, a Texas Limited )
Partnership, MORTGAGE ELECTRONIC )
REGISTRATION SYSTEM, INC a )
Delaware Corporation, NORTHWEST )
MORTGAGE GROUP, INC. an Oregon )
Corporation. )
)
      Defendant.

---

I, Terry Scannell, under penalty of perjury, make the following declarations. I make these statements based on my personal knowledge.

1) I am the attorney for the Plaintiffs in this case.

2) On February 12 and 14, 2011 I made an effort to inform the parties to this action of my intent to appear here to seek this injunction.

3) I first called BAC who is the loan servicer. I spoke to Ms. Jami Henson who is a manager of the unit. I gave her the loan file information and told her of my intent to seek the injunction. I gave her detailed information about the time and place of the ex

PAGE 1 - DECLARATION OF DOUGLAS A. JAMES

TERRY SCANNELL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT  1
PAGE  43

1
2
3     parte hearing. I asked her if she had an attorney I could talk to and she said, "no."

4     4) Next I talked to Rafael Almendarez who is a manager with Recon Trust. I was told
5        that the sale had been delayed until March 17, 2011. I also told him about my intent
6        to seek this injunction. He told me when asked that he did not have an attorney for
7        me to contact.
8
9     5) I also talked to Jim Smith who is a partner in Northwest Mortgage Group who was
10       the loan originator. He also took the information and told me that his firm is
11       represented by Chris Ambrose. I then tried to contact Mr. Chris Ambrose. I was not
12       able to reach him, but left a voice message.
13
14    6) I also called Paula Ryan-Apuzzo with the Litigation Group at Bank America Home
15       Loans. It is my understanding that it is this group that coordinates all litigation
16       involving their loans. I left a message for Ms. Ryan with the key information about
17       this matter.
18    7) I also called MERS and spoke to Joe Patry, (703) 738-0208, who told me he was an
19       in-house counsel for MERS. I gave him the information about this matter and asked
20       him if he had any questions at this point and he said he did not.
21
22    //
23
24    //
25    //
26

PAGE 2 -   DECLARATION OF DOUGLAS A. JAMES

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT __1__
PAGE __44__

1

2

3

4   8) I believe that the following represents a good faith effort to inform the parties of my

5   intent to take this action on behalf of my clients.

6

7

8

9

10  DATED this 14th day of February, 2011.

11

12

13

14                          Terry Scannell

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22

23

24

25

26

PAGE 3 -   DECLARATION OF DOUGLAS A. JAMES

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT ___1___
PAGE ___45___

ORIGINAL

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

DOUGLAS A. JAMES and EILEEN M. )
JAMES, Husband and Wife, )
)
Plaintiff, )
) Case No: $CV//c$ :-
vs. )
)  **MEMORANDUM OF LAW IN SUPPORT**
RECONTRUST COMPANY, an Unknown ) **OF PLAINTIFF'S MOTION FOR**
Entity Operating in the State of Oregon, BAC ) **TEMPORARY RETRAINING ORDER**
HOME LOAN SERVICING LIMITED ) **AND ORDER TO SHOW**
PARTNERSHIP, a Texas Limited )
Partnership, MORTGAGE ELECTRONIC )
REGISTRATION SYSTEM, INC a )
Delaware Corporation, NORTHWEST )
MORTGAGE GROUP, INC. an Oregon )
Corporation. )
)
Defendant. )

## I.    FACTS

This Motion for a Temporary Restraining Order and Motion to Show Cause comes before

the Court to prevent the foreclosure on the Plaintiffs' primary residence located att 30366 SW

Ruth St. Unit 70, Wilsonville, OR.   The Plaintiffs are Husband and Wife and reside in

Clackamas County, Oregon. The Plaintiffs seek the TRO and Preliminary Injunction to preserve

the status quo during the pendency of this litigation.

At this time the Plaintiffs understand that the Defendants or one of them (most likely

Recon Trust Company) will sell their home at public auction on February 17, 2011.  The facts of

PAGE 1 -   PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND
PRELIMINARY INJUNCTION

EXHIBIT    i
PAGE

the situation, to the extent that they are known by the Plaintiffs are set forth in the Complaint that was filed this morning with this Court. The allegations from the Complaint are incorporated by reference herein as if set forth in full. The facts as they are known to the Plaintiffs, therefore will not be fully restated here for the Court.

The following is meant to suffice as a short summary. The Plaintiffs took out a home loan in June of 2007 to buy their condominium. The Deed of Trust named Defendant Mortgage Electronic Registration System ("MERS") as the beneficiary of the trust deed and "nominee" of the lenders. In April of 2010 they fell behind on their payments. As a result MERS and others assigned the Deed of Trust for the purpose of foreclosing on the property. The Plaintiffs allege and have a good faith basis to believe that these assignments are void for a variety of reasons which are set forth in the Complaint with specificity. In addition, several cases in Oregon have found that MERS is in fact not the "Beneficiary" of trust deeds but rather is more of a "straw man" having no real economic interest in the transactions and therefore has no right or authority to cause this property to be foreclosed on. The Plaintiffs seek to preserve the status quo during the pendency of this litigation so that they may ascertain if the parties which seek to take their home away from them in fact have the legal authority and legal standing to do so.

## II. LEGAL ANALYSIS AND ARGUMENT

"[t]he office of a preliminary injunction is to preserve the status quo so that, upon the final hearing, full relief may be granted." *State ex rel. v. Mart,* 135 Or. 603, 613, 295 P. 459 (1931); *see also State ex rel. McKinley Automotive v. Oldham,* 283 Or. 511, 515 n. 3, 584 P.2d 741 (1978) (describing function of preliminary injunction as protection of status quo). This is a situation where the Plaintiffs seek to maintain the status quo.

PAGE 2 - PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204E

EXHIBIT   1
PAGE   47

1    While the Plaintiffs do not believe they must meet their burden of proof in the case at this

2    time, there is nonetheless a growing body of case law in Oregon Federal Courts which support

3    the Plaintiffs' legal position. In *McCoy v BNC Mortgage, Inc* Bankruptcy Case No. 10-63814-

4    fra13 (Bankruptcy D. Or 2011) the plaintiff filed an action for wrongful foreclosure and quiet

5    title. The defendants including MERS filed a motion to dismiss as to both claims. Chief

6
    Bankruptcy Judge Alley granted the defendants motion as to quiet title with leave to replead but
7
    refused to dismiss the wrongful foreclosure claim. The *McCoy* court found that there was
8
    evidence that MERS had not recorded all assignments of the trust deed as required under ORS
9
10   86.735 and that it could not be the "beneficiary" under the trust deed as it was not the "person

11   for whose benefit a trust deed is given.." pursuant to ORC 86.705.(1).

12    In *Allman v CIT Group*, WL 2010 3366405 (Bankruptcy D. Or) the court came to a

13   similar conclusion as to the status of MERS. *Allman* involved the issue of what priority to give
14
    various creditors all claiming rights in the same collateral. Judge Perris was confronted with the
15
    issue of whether or not the failure to give MERS notice of the release of the trust deed would
16
17   give one creditor a more favorable position than another. *Id* at 7. In this instance Judge Perris

18   also found that MERS could not be the "beneficiary" of the trust deed. Judge Perris wrote as

19   follows,

20
        It is apparent that the listing of MERS as the beneficiary in the deed of trust is
21        merely to facilitate its ownership tracking functions. **It is not in any real sense
        of the word, particularly as defined in ORS 86.705(1), the beneficiary of the**
22        **trust deed.** (Emphasis added)

23

24

25

26

PAGE 3 -  PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND
            PRELIMINARY INJUNCTION

EXHIBIT   1
PAGE   48

1        Finally at the trial court level, Judge Ana Brown granted a TRO on Friday, February 11,

2  2011 to a homeowner who also has MERS on its title, *Ekerson v. Mortgage Electronic*

3  *Registration System,* US District Court Case No. 11-CV-178-HU (D. Or 2011). Judge Brown

4  also in part rested her decision to allow the TRO on the basis that MERS was not a "beneficiary"

5  under Oregon law.

### III.   CONCLUSION

7

8        There is now a growing body of law that the assembly line foreclosures which have been

9  taking place need to be slowed at least long enough to determine if the parties that seek to

10  displace people from their homes actually have the legal authority to do so. In this instance, the

11  harm that will befall the Plaintiffs is irreparable, money damages cannot substitute for their

12  interests in the unique real property that is at issue in the case and the temporary injunction

13  sought will not excessively harm the Defendants. Pursuant to ORCP 79 this temporary

14  injunction should be granted.

15

16  DATED this 14th day of February, 20100

17

18

19                  Terry Scannell (OSB #853220)

20                  888 SW Fifth Avenue, Suite 650
                   Portland, Oregon 97204

21                  Tel: (503) 776-0806, Fax: (503) 274-1214
                   E-mail: terry@scannelLaw.com

22                  Of Attorneys for Plaintiffs

23

24

25

26

PAGE 4 -  PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND
           PRELIMINARY INJUNCTION

EXHIBIT 1
PAGE 49

ORIGINAL

1

2      11 FEB 14 PM 2: 10

3

4      IN THE CIRCUIT COURT OF THE STATE OF OREGON

5      FOR THE COUNTY OF CLACKAMAS COUNTY

6      **DOUGLAS A. JAMES** and **EILEEN M.**          )
       **JAMES,** Husband and Wife,                    )
                                                        )
7                 Plaintiff,                            )
                                                        )    Case No:    **C V11020389**
8          vs.                                          )
                                                        )    **PLAINTIFFS' MOTION FOR**
9      **RECONTRUST COMPANY,** an Unknown               )    **TEMPORARY RETRAINING ORDER**
       Entity Operating in the State of Oregon, **BAC** )    **AND ORDER TO SHOW CAUSE**
10     **HOME LOAN SERVICING LIMITED**                  )
       **PARTNERSHIP,** a Texas Limited                 )
11     Partnership, **MORTGAGE ELECTRONIC**             )
       **REGISTRATION SYSTEM, INC** a                   )
12     Delaware Corporation, **NORTHWEST**              )
       **MORTGAGE GROUP, INC.** an Oregon               )
13     Corporation.                                     )

14                Defendant.

15

16
                                        1.
17     Plaintiffs move the Court for an order temporarily restraining defendants from

18     foreclosing on the Plaintiffs' real property located at  30366 SW Ruth St. Unit 70, Wilsonville,

19     OR 97070 in Clackamas County, on the ground that the Defendants or one of them is about to

20
       foreclose on the property.  The foreclosure on the property which was last scheduled for
21
22     February 17, 2011 will cause immediate and irreparable injury to plaintiff in the form of the loss

23     of their home and the equity in the home.

24     //

25     //

26

PAGE 1 -   MOTION FOR TRO AND PRELIMINARY INJUNCTION

EXHIBIT   1
PAGE    50

2.

Plaintiff further moves the court for its order requiring defendant to show cause, if any

there be, why the order requested above should not continue and remain in effect during the

pendency of this action.

3.

In support of this motion, plaintiff relies on the verified complaint and the declaration of

Douglas A. James and the declaration of trial counsel, Terry Scannell, ORCP 79, and the

following memorandum.

DATED this 14th day of February, 2011

Terry Scannell (OSB #853220)
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204
Tel: (503) 776-0806, Fax: (503) 274-1214
E-mail: terry@scannelLaw.com
Of Attorneys for Plaintiffs

///

///

///

PAGE 2 -   MOTION FOR TRO AND PRELIMINARY INJUNCTION

EXHIBIT 1
PAGE 51

1

2

3

4                IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                     FOR THE COUNTY OF CLACKAMAS

6   **DOUGLAS A. JAMES** and **EILEEN M.**          )
    **JAMES,** Husband and Wife,                    )
7                                                    )   Case No. CV11020389
                              Plaintiffs,            )
8                                                    )   CERTAIN DEFENDANTS' RESPONSE TO
        vs.                                          )   SHOW CAUSE ORDER
9                                                    )
    **RECONTRUST COMPANY,** an Unknown               )   AMOUNT CLAIMED: $10,001
10  Entity Operating in the State of Oregon, **BAC** )
    **HOME LOAN SERVICING LIMITED**                  )   (ORAL ARGUMENT REQUESTED)
11  **PARTNERSHIP,** a Texas Limited                 )
    Partnership, **MORTGAGE ELECTRONIC**             )
12  **REGISTRATION SYSTEM, INC** a                   )
    Delaware Corporation, **NORTHWEST**              )
13  **MORTGAGE GROUP, INC.** an Oregon               )
    Corporation,                                     )
14                                                   )
                              Defendants.            )
15  _____       )

16        Defendants ReconTrust, N.A., BAC Home Loan Servicing, LP, and Mortgage Electronic

17  Registration System, Inc. ("defendants"), by and through their attorneys, Pilar C. French of Lane

18  Powell, PC, hereby respond to the Court's Order dated February 14, 2011, which directed

19  defendants to show cause why they should not be restrained from conducting a sale of real

20  property securing a loan to plaintiffs Douglas and Eileen James.  As explained below, judicial

21  intervention is not needed because the sale of the property has been canceled, and plaintiffs do

22  no face imminent threat of harm.

23                            **BACKGROUND**

24        On February 14, 2011, plaintiffs filed a Complaint alleging wrongful foreclosure with

25  respect to property securing a loan they obtained in June 2007.  Plaintiffs admit that they have

26  been in default in their payment obligations since April 2010.  (Complaint ¶ 13.)

PAGE 1 -   CERTAIN DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

116589.0300/906445.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

EXHIBIT ___i___
PAGE ___52___

1    The same day, plaintiffs filed a motion for temporary restraining order with respect to the
2    foreclosure sale, which plaintiffs stated was scheduled for February 17, 2011. On February 14,
3    2011, the Court granted the motion, directed defendants not to conduct the sale, and set a show
4    cause hearing for February 22, 2011, as to why they should not continue to be restrained during
5    the pendency of the action.

6    Defendants have conferred in response to the Court's February 14, 2011, order. To
7    conserve their resources and the resources of the Court, they have canceled the foreclosure sale
8    which was the subject of plaintiffs' motion. (*See* Declaration of Leticia Quintana in Support of
9    Certain Defendants' Response to Show Cause Order filed concurrently herewith.)

10                                          **DISCUSSION**

11    This Court may issue an injunction only when the party sought to be enjoined is
12    "threaten[ing] or about to do" something that will cause the moving party irreparable loss.
13    ORCP 79 A(1). *See also* ORCP 79 B(1)(a) (temporary restraining orders may only be issued to
14    prevent "immediate and irreparable loss"). Here, the harm plaintiffs sought to restrain was
15    potential loss of their property as a result of a foreclosure sale, but defendants have voluntarily
16    canceled the sale.

17    As a result, plaintiffs now face no threat of immediate harm. Plaintiffs' request for
18    injunctive relief is moot, and there is no need for judicial intervention, as other courts have
19    concluded in the same circumstances. *See, e.g., Italiano v. Concord Mortgage Co.*, 2010 WL
20    1531054, at *1 (D. Ariz. Apr. 8, 2010) (denying TRO when defendants had agreed to postpone
21    sale because "the alleged harm appear[ed] relatively speculative in nature"); *Johnson v. Taylor*
22    *Bean Whitaker Mortgage Corp.*, 2010 WL 4038603, at *1 (D.S.C. Oct. 1, 2010) (denying TRO
23    based on foreclosing party's offer to postpone foreclosure sale); *Cervantes v. Countrywide Home*
24    *Loans, Inc.*, 2009 WL 1636169, at *2 (D. Ariz. June 10, 2009); *Muhammad v. HSBC Bank USA,*
25    *N.A.*, 2009 WL 256275, at *1 (S.D. Ala. Feb. 3, 2009).

26

PAGE 2 -   CERTAIN DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

EXHIBIT ___1___
PAGE ___53___

1   The Court should accordingly cancel the show cause hearing scheduled for February 22,

2   2011.

3                          **CONCLUSION**

4        For the foregoing reasons, defendants ReconTrust, N.A., BAC Home Loan Servicing, LP,

5   and Mortgage Electronic Registration System, Inc. respectfully submit that no need for judicial

6   intervention exists to restrain defendants with respect to the foreclosure sale of plaintiffs'

7   property because the sale was canceled.[1]

8        DATED: February 18, 2011

9                                    LANE POWELL PC

10

11                                   By
                                        Pilar C. French, OSB No. 962880
12                                      docketing-pdx@lanepowell.com
                                        Attorneys for Defendants ReconTrust Company;
13                                      BAC Home Loan Servicing; and Mortgage
                                        Electronic Registration System
14

15

16

17

18

19

20

21

22

23

24   _____
     [1] In canceling the foreclosure sale, defendants do not agree that plaintiffs' Complaint or Motion
25   for Temporary Restraining Order have any merit, and expressly deny the allegations made by
     plaintiffs.
26

PAGE 3 -   CERTAIN DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

EXHIBIT ___1___
PAGE ___54___

1 **CERTIFICATE OF SERVICE**

2      I hereby certify that on February 18, 2011, I caused to be served a copy of the foregoing

3 CERTAIN DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER on the following

4 person(s) in the manner indicated below at the following address(es):

5 Terry Scannell, Esq.
  888 SW Fifth Avenue, Suite 650
6 Portland, OR 97204
  Facsimile: (503) 274-1214
7 E-Mail: terry@scannellaw.com

8
    ☐  by **CM/ECF**
9     ☐  by **Electronic Mail**
    ☒  by **Facsimile Transmission**
10     ☒  by **First Class Mail**
    ☐  by **Hand Delivery**
11     ☐  by **Overnight Delivery**

12

13                                         _____
14                                   Pilar C. French

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/906445.1

EXHIBIT  _1_
PAGE  _55_

1

2

3

4    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5    FOR THE COUNTY OF CLACKAMAS

6    **DOUGLAS A. JAMES** and **EILEEN M.**    )
     **JAMES**, Husband and Wife,              )
7                                              )   Case No. CV11020389
                                  Plaintiffs,  )
8                                              )   DECLARATION OF PILAR C. FRENCH IN
        vs.                                    )   SUPPORT OF CERTAIN DEFENDANTS'
9                                              )   RESPONSE TO SHOW CAUSE ORDER
     **RECONTRUST COMPANY**, an Unknown        )
10   Entity Operating in the State of Oregon, **BAC**  )
     **HOME LOAN SERVICING LIMITED**           )
11   **PARTNERSHIP**, a Texas Limited          )
     Partnership, **MORTGAGE ELECTRONIC**      )
12   **REGISTRATION SYSTEM, INC** a            )
     Delaware Corporation, **NORTHWEST**       )
13   **MORTGAGE GROUP, INC.** an Oregon        )
     Corporation,                              )
14                                             )
                                  Defendants.  )
15   _____ )

16        I, Pilar C. French, declare as follows:

17        1.    I am an attorney at Lane Powell PC and one of the attorneys for defendants

18   ReconTrust Company, BAC Home Loan Servicing Limited Partnership, and Mortgage

19   Electronic Registration System, Inc. I make this declaration based on my own personal

20   knowledge and if called as a witness, I could and would competently testify to the facts stated

21   herein.

22        2.    Attached hereto as Exhibit 1 is a copy of the Declaration of Leticia Quintana in

23   Support of Certain Defendants' Response to Show Cause Order. Ms. Quintana has provided me

24   with a scanned copy of her signed declaration and has informed me that she will provide the

25   original to me for filing with the Court. The original declaration will be filed separately once it

26   is received.

PAGE 1 -   DECLARATION OF PILAR C. FRENCH IN SUPPORT OF CERTAIN
           DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

EXHIBIT    1
PAGE       56

1        I hereby declare that the above statement is true to the best of my knowledge and belief,

2    and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

3        DATED: February 18, 2011

4

5                               Pilar C. French

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 -  DECLARATION OF PILAR C. FRENCH IN SUPPORT OF CERTAIN
          DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/906515.1

EXHIBIT    l

PAGE    57

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5              FOR THE COUNTY OF CLACKAMAS

6   **DOUGLAS A. JAMES** and **EILEEN M.**          )
    **JAMES**, Husband and Wife,                    )
7                                                    )   Case No. CV11020389
                            Plaintiffs,              )
8                                                    )   DECLARATION OF LETICIA QUINTANA
        vs.                                          )   IN SUPPORT OF CERTAIN
9                                                    )   DEFENDANTS' RESPONSE TO SHOW
    **RECONTRUST COMPANY**, an Unknown              )   CAUSE ORDER
10  Entity Operating in the State of Oregon, **BAC** )
    **HOME LOAN SERVICING LIMITED**                  )
11  **PARTNERSHIP**, a Texas Limited                 )
    Partnership, **MORTGAGE ELECTRONIC**             )
12  **REGISTRATION SYSTEM, INC** a                   )
    Delaware Corporation, **NORTHWEST**              )
13  **MORTGAGE GROUP, INC.** an Oregon               )
    Corporation,                                     )
14                                                   )
                            Defendants.              )
15  ─────────────────────────────────────────

16          I, Leticia Quintana, declare as follows:

17          1.      I am employed in the Trustee Services department of ReconTrust Company, N.A.

18  ("ReconTrust"), which has been incorrectly named in the caption. I make this declaration based

19  on my own personal knowledge and if called as a witness, I could and would competently testify

20  to the facts stated herein.

21          2.      ReconTrust is serving as the successor trustee for the trust deed and non-judicial

22  foreclosure sale at issue in this case. On February 17, 2011, ReconTrust was instructed to cancel

23  the non-judicial foreclosure sale, which is currently scheduled for March 9, 2011.

24          3.      A Notice of Rescission for the sale is being prepared and will be recorded in the

25  County Recorder's Office for Clackamas County but, due to the holiday weekend, probably will

26

PAGE 1 -   DECLARATION OF LETICIA QUINTANA IN SUPPORT OF MOTION TO
           VACATE SHOW CAUSE ORDER

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

EXHIBIT _____1_____
PAGE _____58_____

1   not be recorded by the time this Court holds the order to show cause hearing scheduled for

2   February 22, 2011.

3

4       I hereby declare that the above statement is true to the best of my knowledge and belief,

5   and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

6       Executed on February 18, 2011, in Simi Valley, California.

7

8

9

10                    Leticia Quintana

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 -  DECLARATION OF LETICIA QUINTANA IN SUPPORT OF MOTION TO
          VACATE SHOW CAUSE ORDER

EXHIBIT _____1_____
PAGE _____69_____

1    **CERTIFICATE OF SERVICE**

2        I hereby certify that on February 18, 2011, I caused to be served a copy of the foregoing

3    DECLARATION OF PILAR C. FRENCH IN SUPPORT OF CERTAIN DEFENDANTS'

4    RESPONSE TO SHOW CAUSE ORDER on the following person(s) in the manner indicated

5    below at the following address(es):

6    Terry Scannell, Esq.
     888 SW Fifth Avenue, Suite 650
7    Portland, OR 97204
     Facsimile: (503) 274-1214
8    E-Mail: terry@scannellaw.com

9
         ☐    by **CM/ECF**
10       ☐    by **Electronic Mail**
         ☒    by **Facsimile Transmission**
11       ☒    by **First Class Mail**
         ☐    by **Hand Delivery**
12       ☐    by **Overnight Delivery**

13

14                                              _____
                                                Pilar C. French
15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

EXHIBIT ___1___
PAGE ___60___

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

| | |
|---|---|
| **DOUGLAS A. JAMES** and **EILEEN M. JAMES**, Husband and Wife, <br><br> Plaintiffs, <br><br> vs. <br><br> **RECONTRUST COMPANY**, an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP,** a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation. <br><br> Defendants. | Case No: CV11020389 <br><br> **PLAINTIFFS' REPLY TO SUPPORT MOTION FOR PRELIMINARY INJUNCTION** |

## I.  LEGAL ANALYSIS AND ARGUMENT

### A) The Defendants' Response Lacks Substance

The Defendants in this case are attempting to turn what is a legal rout into a tactical retreat. They are attempting to do this by telling the Court that they will soon -- but not yet -- remove the threat of foreclosure of the Plaintiffs' property. The Defendants, using one declaration, state that they will soon remove the foreclosure threat against the Plaintiffs and that

PAGE 1 -   PLAINTIFFS' REPLY TO SUPPORT MOTION FOR PRELIMINARY INJUNCTION

*TERRY SCANNEL*
Attorney at Law
XXX SW Fifth Avenue, Suite 650
Portland, Oregon 97204L

EXHIBIT ___1___
PAGE ___61___

in essence all is well for the Plaintiffs and they need to take no additional action.

But, what the Defendants have refused to do is provide a written representation to the Plaintiffs or a representation to this Court that the Defendants or one of them will not start or re-start the foreclosure process tomorrow or the next day. This is despite being invited to do so several times. *Scannell Declaration* attached to this Reply. In the absence of such a representation there is a very real threat of irreparable harm to the Plaintiffs which needs to be enjoined.

The Defendants have not contested any of the specific factual or legal arguments in Plaintiffs moving papers. The facts presented by the Plaintiffs are largely documents from the property records of this county. The law cited by the Plaintiffs is all from federal courts sitting in Oregon applying Oregon law.

In an effort to make some record, the Defendants have placed a single footnote on the last page of their Reply. The footnote in essence states that nothing should be read into the Defendants' cancellation of the foreclosure sale and that the Plaintiffs positions do not have "any merit." Typically when the other side's arguments lack "any merit" lawyers file responses filled with legal authority and make arguments. Not in this situation.

To support their legal position the Defendants have cited four cases. None of these cases are reported cases but can only be found on Westlaw. Each case cited is outside of Oregon, are federal cases and appear to be interpreting FRCP 65 and not ORCP 79. At the outset it must be stated that all these cases are suspect. In *Sims Snowboards, Inc. v. Kelly,* 863 F.2d 643, 646-47

PAGE 2 -  PLAINTIFFS' REPLY TO SUPPORT MOTION FOR PRELIMINARY INJUNCTION

JERO SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97248

EXHIBIT ____1____
PAGE ___62___

(9th Cir.1988) (holding that Federal Rule of Civil Procedure 65 addresses only the procedural aspects of injunctive relief, while state law controls whether injunctive relief is appropriate). *IRIS Mgmt. Group, LLC v. Malan*, 329 F. App'x. 112, 113 (9th Cir. 2009).

All the cases cited by the Defendants are federal cases which apply substantive law outside of Oregon.   More importantly, the statutory standard for obtaining a Preliminary Injunction is different under FRCP than under the ORCP.  This can be surmised by the fact that the wording of the two statutes is very different.  The two standards should not be confused or blurred together.  And, one case cited by the Defendants, *Johnson v Taylor Bean Whitiker Mortgage Corp.* 2010 WL 4038603 (D.S.C. Oct 1, 2010) does not contain any facts about the cancellation of a foreclosure sale.   For these reason, the cases cited by the Defendants are of limited or non-existent persuasive authority.   The Plaintiffs suggest to the Court that it view the situation before it for what it is, a case of first impression in Oregon.

## B. Analysis Under Oregon Law

The granting or denial of a preliminary injunction is within the sound discretion of the trial court. *Anderson v Harju* 113 Or 552, 233 P 848 (1925)   The relevant portion of the ORCP 79 read as follows:

A(1) **Circumstances.** Subject to the requirements of Rule 82 A(1), a temporary restraining order or preliminary injunction may be allowed under this rule:
A(1)(a) When it appears that a party is entitled to relief demanded in a pleading, and such relief, or any part thereof, consists of restraining the commission *or continuance of some act, the commission or continuance of which during the litigation would produce injury to the party seeking the relief; or*

A(1)(b) When it appears that the party against whom a judgment is sought is doing *or threatens, or is about to do, or is procuring or suffering to be done,* some act in violation of the rights of a party seeking judgment concerning the subject matter of the action, and

PAGE 3 -   PLAINTIFFS' REPLY TO SUPPORT MOTION FOR PRELIMINARY INJUNCTION

EXHIBIT ___1___
PAGE ___63___

tending to render the judgment ineffectual. This paragraph shall not apply when the provisions of Rule 83 E, F(4) and H(2) are applicable, whether or not provisional relief is ordered under those provisions. (Emphasis added) ORCP 79 Or. R. Civ. P. 79

The Plaintiffs submit that by the Defendants refusing to state that they will not reinstate or restart the foreclosure process during the pendency of the lawsuit that they are engaged in is ***threat*** to the Plaintiffs. The Plaintiffs are attempting to ***enjoin that continued threat*** which exists to the property. Declaration of Douglas A. James. This type of threat falls within the wording of the Oregon statute and can and should be enjoined. FRCP 65 does not contain the language which is contained in ORCP 79.[1]

The cases cited by the Defendants seem to suggest that if there is no immediate threat of foreclosure the Plaintiffs are not subject to "irreparable harm/injury." But this interpretation of

---

[1] **(a) Preliminary Injunction.**
**(1) *Notice.*** The court may issue a preliminary injunction only on notice to the adverse party.
**(2) *Consolidating the Hearing with the Trial on the Merits.*** Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
**(b) Temporary Restraining Order.**
**(1) *Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
**(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
**(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
**(2) *Contents; Expiration.*** Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.
**(3) *Expediting the Preliminary-Injunction Hearing.*** If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order. Fed. R. Civ. P. 65

PAGE 4 - PLAINTIFFS' REPLY TO SUPPORT MOTION FOR PRELIMINARY INJUNCTION

*LEROY SCANSIT*
Attorney at Law
888 SW Fifth Avenue, Suite 690
Portland, Oregon 97205

EXHIBIT __i__
PAGE __64__

the law misses the point. *Black's Law Dictionary* 924-25 (4th ed. 1968), defines "irreparable injury" as follows:

> "This phrase does not mean such an injury as is beyond the possibility of repair, or beyond possible compensation in damages, or necessarily great damage, *but includes an injury, whether great or small, which ought not to be submitted to*, on the one hand, or inflicted, on the other; and which, because it is so large or so small, *or is of such constant and frequent occurrence, or because no certain pecuniary standard exists for the measurement of damages, cannot receive reasonable redress in a court of law.*"

In this case the continued threat of foreclosure is a constant and frequent threat not only to the property but to the Plaintiffs' peace of mind.

As discussed in the Plaintiffs' moving papers, the standard for granting a preliminary injunction in Oregon focuses on the preservation of the statutes quo. "[t]he office of a preliminary injunction is to preserve the status quo so that, upon the final hearing, full relief may be granted." *State ex rel. v. Mart.* 135 Or. 603, 613, 295 P. 459 (1931); *see also State ex rel. McKinley Automotive v. Oldham,* 283 Or. 511, 515 n. 3, 584 P.2d 741 (1978) (describing function of preliminary injunction as protection of status quo).

## II.     CONCLUSION

The Defendants' Response lacks substance, confuses the standard for granting a preliminary injunction between Oregon and federal law, fails to make substantive legal arguments in opposition to the Plaintiffs' filings and cites cases that are not relevant to this legal situation. The Oregon standard for injunctive relief is that it preserves the status quo. There are only two ways to preserve the status quo during the pendency of this case which is the Oregon standard. The first is for the Defendants to represent in writing or in open Court that the foreclosure will not be restarted or reinstated during the case. The second is for this Court to

PAGE 5 -   PLAINTIFFS' REPLY TO SUPPORT MOTION FOR PRELIMINARY INJUNCTION

*TERRO SCANNEL*
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland Oregon 97204

EXHIBIT   1
PAGE   65

1  enjoin it from occurring.

2

3

4  DATED this 22nd day of February, 2011.

5

6

7  _____

8  Terry Scannell (OSB #853220)
   888 SW Fifth Avenue, Suite 650
9  Portland, Oregon 97204
   Tel: (503) 776-0806, Fax: (503) 274-1214
10  E-mail: terry@scannelLaw.com
   Of Attorneys for Defendants
11

12

13

14  ///

15
   ///
16

17  ///

18
   ///
19

20

21

22

23

24

25

26

PAGE 6 -   PLAINTIFFS' REPLY TO SUPPORT MOTION FOR PRELIMINARY INJUNCTION

EXHIBIT ___1___
PAGE ___66___

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

| | |
|---|---|
| **DOUGLAS A. JAMES** and **EILEEN M. JAMES,** Husband and Wife,<br><br>        Plaintiff,<br><br>    vs.<br><br>**RECONTRUST COMPANY,** an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP,** a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation.<br><br>        Defendant. | Case No: CV11020389<br><br>**DECLARATION OF DOUGLAS A. JAMES** |

I, Douglas A. James, under penalty of perjury, make the following declarations. I make these statements based on my personal knowledge.

1) My wife and I are the owners of the property that is the subject of this law suit. The property is located at 30366 SW Ruth St. Unit 70, Wilsonville, OR 97070 in Clackamas Country.

2) Since this matter arose my wife and I have been under the constant threat that our house would be foreclosed on. The foreclosure sale has been reset numerous times by the Defendants without providing notice to us as they are required to do under

PAGE 1 - DECLARATION OF DOUGLAS A. JAMES

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue Suite 650
Portland, Oregon 97240

EXHIBIT    1
PAGE    67

1     ORS Chapter 86. In order to ascertain when the house might be subject to foreclosure

2     I have had to constantly call ReconTrust Company to learn when they had scheduled

3     a sale. On one occasion I went to this court house expecting the house to be sold only

4     to find out that the sale had been cancelled.

5   3) In addition, I have joint custody of my daughter and we maintain a room in the house

6     for her.

7

8   4) This has been disruptive to our live and has put a constant strain on us. This threat is

9     ongoing and real so long as the Defendants refuse to tell us that the house will not be

10     foreclosed on during this law suit or until the Court acts to enjoin them from

11     foreclosing on us.

12   5) I continue to believe that there are serious flaws in the process that is being used to

13     foreclose on the property. Since we filed this law suit I have seen nothing to dissuade

14     me of that.

15

16

17

18   DATED this 22nd day of February, 2011.

19

20

21                        _____

22                        Douglas A. James

23

24

25   ///

26

PAGE 2 - DECLARATION OF DOUGLAS A. JAMES

TERRY SCANNEL
Attorney at Law
888 SW Fifth Avenue, Suite 650
Portland, Oregon 97204

EXHIBIT _____1_____

PAGE _____68_____

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

| | |
|---|---|
| **DOUGLAS A. JAMES** and **EILEEN M. JAMES**, Husband and Wife, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No: CV11020389 ) |
| **RECONTRUST COMPANY**, an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP**, a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation. | ) **DECLARATION OF TERRY SCANNELL** ) ) ) ) ) ) ) ) ) |
| Defendant. | |

I, Terry Scannell, under penalty of perjury, make the following declarations. I make these statements based on my personal knowledge.

1) I am the attorney for the Plaintiffs in this case.

2) Since the time Ms. French informed me that she was the attorney for the Defendants in this case we have attempted to come to an agreeable solution to our clients situation.

3) A short time after our discussions began Ms. French informed me that the Defendants had elected to "cancel" the foreclosure sale. I thanked her and her clients.

PAGE 1 - DECLARATION OF TERRY SCANNELL

*TERRY SCANNELL*
Attorney at Law
888 SW Fifth Avenue Suite 650
Portland Oregon 97204E

EXHIBIT 1
PAGE 69

4) I told Ms. French that if her clients would simply state in writing that the foreclosure process would not be restarted during the pendency of the case we could cancel this hearing.

5) Ms. French told me that she was not authorized to make such a representation.

6) On Saturday, February 19, 2011 I wrote Ms. French a detailed email restating what I had told her on the phone. This being that my clients would cancel the hearing today if her clients would represent that the foreclosure process would not be restarted. As of this morning I had received no response.

DATED this 22nd day of February, 2011.

Terry Scannell

///
///
///
///
///
///
///

PAGE 2 -   DECLARATION OF TERRY SCANNELL

TERRY SCANNELL
Attorney at Law
888 SW 14th Avenue, Suite 134
Portland, Oregon 97204

EXHIBIT    1
PAGE    70

## CERTIFICATE—TRUE COPY

1

2      I hereby certify that the foregoing copy of PLAINTIFFS' REPLY TO SUPPORT
MOTION FOR PRELLININARY INJUNCTION, THE DECLARATIONS OF TERRY

3 SCANNELL and DOUGLAS A. JAMES is a complete and exact copy of the original.

4      Dated February 22, 2011.

5

         Terry Scannell, OSB #853220
6          Of Attorneys for Defendant

7

## CERTIFICATE OF SERVICE
8

9      I hereby certify that I served the foregoing PLAINTIFFS' REPLY TO SUPPORT
MOTION FOR PRELLININARY INJUNCTION, THE DECLARATIONS OF TERRY
SCANNELL and DOUGLAS A. JAMES on the following persons on February 22nd 2011, by
10 hand-delivering, faxing, or mailing (as indicated below) to each a true copy thereof, certified by
me as such, and if mailed, contained in a sealed envelope, with postage paid, addressed to said
11 attorneys at the last known address of each shown below and deposited in the post office on said
day at Portland, Oregon:
12

13 Pilar French                X by hand-delivery
    Lane Powell PC               by facsimile
14 601 SW Second Avenue, Suite 2100    by first class mail
    Portland, OR 97204-3158        X by e-mail
15 Direct: 503.778.2170
    Cell: 503.467.9066
16 www.lanepowell.com

17

18      DATED this 22nd day of February, 2011.

19

20      TERRY SCANNELL, OSB #853220
         888 S.W. Fifth Avenue, Suite 650
21      Portland, Oregon 97204-2021
         Telephone: (503) 776-0806
22      Facsimile: (503) 274-1214
         terry@scannelLaw.com
23      Attorney for Defendant

24

25

TERRY SCANNELL, OSB#853220
Attorney at Law
888 SW 5th Avenue, Suite 650
Portland, Oregon 97204-2021
Telephone (503) 776-0806
Cell (503) 789-6566
Facsimile (503) 274-1005

EXHIBIT 1
PAGE 71

1

2

3

4            IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                  FOR THE COUNTY OF CLACKAMAS

SCANNED TO DMS

6   **DOUGLAS A. JAMES** and **EILEEN M.**    )
    **JAMES**, Husband and Wife,                )
7                                               )    Case No. CV11020389
                            Plaintiffs,         )
8                                               )    Defendants ReconTrust Company, N.A.,
             vs.                                )    BAC Home Loans Servicing, LP, and
9                                               )    Mortgage Electronic Registration Systems,
    **RECONTRUST COMPANY**, an Unknown          )    Inc.'s
10  Entity Operating in the State of Oregon, **BAC** )    OBJECTION TO PLAINTIFFS'
    **HOME LOAN SERVICING LIMITED**             )    PROPOSED ORDER ON PRELIMINARY
11  **PARTNERSHIP**, a Texas Limited            )    INJUNCTION
    Partnership, **MORTGAGE ELECTRONIC**        )
12  **REGISTRATION SYSTEM, INC** a              )
    Delaware Corporation, **NORTHWEST**         )
13  **MORTGAGE GROUP, INC.** an Oregon          )
    Corporation,                                )
14                                              )
                            Defendants.         )
15  _____   )

16          Defendants BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems,

17   Inc., and ReconTrust Company, N.A.[1] (collectively "defendants") object to plaintiffs' proposed

18   "Order For Preliminary Injunction During Pendency of Case" because it does not contemplate a

19   procedure for distribution of the bond in the event that plaintiffs fail to comply with the Order,

20   which not only enjoins certain conduct of defendants but also requires plaintiffs to make a

21   monthly payment of $1,500 as security for the injunction.

22          This case is a dispute over plaintiffs' repayment obligations of a $346,438 loan that was

23   made to them in June 2007. (Pls'. Compl. Ex. 1 at 1.) Plaintiffs are in default on the Loan and

24   have not made a single payment since April 1, 2010. On Tuesday February 22, 2011, the parties

25   [1] Defendants BAC Home Loans Servicing, LP and ReconTrust Company, N.A. have been
     incorrectly named in the caption.
26

PAGE 1 -   DEFENDANTS' OBJECTION TO PLAINTIFFS' PROPOSED ORDER ON
           PRELIMINARY INJUNCTION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/909060.1                    116589 300

EXHIBIT ____1____
PAGE ____72____

1    appeared before the Honorable Susie L. Norby on plaintiffs' motion for a preliminary injunction

2    to stop defendants from proceeding with a non-judicial foreclosure to recover the unpaid debt

3    owing by plaintiffs.

4           The Court decided that an injunction would not be proper unless plaintiffs were required

5    to pay $1,500 per month into the Court (which represents a little more than half of plaintiffs'

6    monthly payment of $2,863.14). (Pls'. Compl. Ex. 4 at 1.)

7           Although the parties did not expressly address the issue with the Court during the

8    preliminary injunction hearing, the written Order should contemplate a procedure for redress in

9    the event that plaintiffs fail to comply with the Order. Plaintiffs refuse to include language in

10   their proposed Order to address this potential scenario. In contrast, defendants' proposed Order,

11   attached hereto, does include such language.

12          Defendants' proposed Order makes better sense. ORCP 79D mandates that preliminary

13   injunction orders "shall be specific in terms[.]" The purpose of the bond is to provide for "the

14   payment of such costs, damages, and attorney fees as may be incurred or suffered by any party

15   who is found to have been wrongfully enjoined or restrained." ORCP 82A(1)(a).

16          Defendants are not demanding that the Order specify that a breach by plaintiffs will

17   automatically entitle them to all bond proceeds paid up to the date of any breach (although

18   perhaps they should have, given that the monthly bond amount does not even cover the monthly

19   payment owed by plaintiffs). Instead, defendants are merely proposing to include specific

20   language that will recognize their right to petition the Court for redress pursuant to ORCP 82A if

21   plaintiffs breach their payment obligations after insisting that defendants be subject to the

22   extraordinary remedy of an injunction.[2] In contrast, plaintiffs' proposed order is ambiguous and

23   does not provide any guidance to the Court or parties on what the remedies will be if plaintiffs

24   breach their payment obligations. Ambiguity is only beneficial for plaintiffs (and not this Court

25   _____

     [2] The Court may recall that defendants argued that an injunction was unnecessary since the
     foreclosure sale at issue was cancelled.
26

PAGE 2 -   DEFENDANTS' OBJECTION TO PLAINTIFFS' PROPOSED ORDER ON
           PRELIMINARY INJUNCTION

EXHIBIT     1
PAGE     73

1  or defendants) since it might enable them to continue to avoid their repayment obligations until

2  this litigation is completely resolved, even in the face of a breach of the Order they asked this

3  Court to enter.

4      For the foregoing reasons, the Court should sign the Order proposed by defendants.

5      DATED: March 3, 2011

6                                      LANE POWELL PC

7

8                                      By _____
                                           Pilar C. French, OSB No. 962880
9                                          Megan E. Smith, OSB No. 084758
                                           docketing-pdx@lanepowell.com
10                                         Attorneys for Defendants ReconTrust Company,
                                           N.A., BAC Home Loans Servicing, LP, and
11                                         Mortgage Electronic Registration Systems, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 3 -  DEFENDANTS' OBJECTION TO PLAINTIFFS' PROPOSED ORDER ON
          PRELIMINARY INJUNCTION

116589.0300/909060.1

EXHIBIT ___1___
PAGE ___74___

1

2

3

4               IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                      FOR THE COUNTY OF CLACKAMAS

6   **DOUGLAS A. JAMES** and **EILEEN M.**        )
    **JAMES,** Husband and Wife,                   )
7                                                  )   Case No. CV11020389
                            Plaintiffs,            )
8                                                  )   [PROPOSED] ORDER FOR A
           vs.                                     )   PRELIMINARY INJUNCTION DURING
9                                                  )   PENDENCY OF THIS CASE
    **RECONTRUST COMPANY,** an Unknown             )
10  Entity Operating in the State of Oregon, **BAC** )
    **HOME LOAN SERVICING LIMITED**                )
11  **PARTNERSHIP,** a Texas Limited               )
    Partnership, **MORTGAGE ELECTRONIC**           )
12  **REGISTRATION SYSTEM, INC** a                 )
    Delaware Corporation, **NORTHWEST**            )
13  **MORTGAGE GROUP, INC.** an Oregon             )
    Corporation,                                   )
14                                                 )
                            Defendants.            )
15  _____           )

16

17         Plaintiffs' motion for an order for a preliminary injunction came before the Court on

18  February 22, 2011.  Plaintiffs were represented by Terry Scannell and Defendants (with the

19  exception of Northwest Mortgage Group, Inc.) by Pilar French.

20         Based on the record, including the verified Complaint, the Declarations of the Plaintiff

21  and Mr. Scannell, the Declaration of the Defendant ReconTrust Company, along with the

22  supporting Memorandums of law by all the parties and the oral argument, the Court finds solely

23  in the context of this case that:

24         1.     If Defendants are not immediately restrained from foreclosing on the real property

25  located at 30366 SW Ruth St. Unit 70, Wilsonville, Oregon located in Clackamas County,

26  Oregon, Plaintiffs will suffer irreparable injury, loss, or damage in the form of the loss of their

PAGE 1 -  [PROPOSED] ORDER FOR A PRELIMINARY INJUNCTION DURING
          PENDENCY OF THIS CASE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/909274.1

EXHIBIT      1
PAGE      75

1   primary residence and the loss of equity in the home. In addition, the Court finds that this

2   Preliminary Injunction is necessary to preserve the status quo during the pendency of this case.

3        2.     The Court finds that all the Defendants were either served by the time of the

4   hearing or had actual notice of the hearing.

5        **It is therefore ORDERED as follows:**

6        1.     Defendant RECONTRUST COMPANY, N.A. (which has been incorrectly named

7   in the caption), BAC HOME LOAN SERVICING LIMITED PARTNERSHIP, a Texas Limited

8   Partnership, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware

9   Corporation, NORTHWEST MORTGAGE GROUP, INC., an Oregon Corporation and their

10   officers, agents, servants, employees, and lawyers, and all other persons in active concert or

11   participation with any of them who receive actual notice of this order, by personal service or

12   otherwise, are directed not to conduct the sale of the real property located at 30366 SW Ruth St.

13   Unit 70, Wilsonville, Oregon during the pendency of this litigation.

14        2.     This order shall remain in effect unless it is dissolved by the Court or unless the

15   Plaintiffs fail to pay into the Court by cash or a check in the amount of $1,500 a month, as a

16   bond, during the pendency of this case. The Plaintiffs have already posted a cash bond of $500

17   to maintain the Temporary Restraining Order and for that reason the Court Orders that the next

18   monthly payment on the bond shall be due on March 1, 2011. The bond shall be paid into this

19   Court each month, during the pendency of this case, on the first of every month thereafter with

20   three days allowed for mailing. In the event that any of the bond payments are not received

21   within the time allowed or any check for payment is not honored or paid, the injunction shall be

22   dissolved without further Order of the Court, and Defendants may proceed to foreclose on the

23   subject property in accordance with all applicable Oregon laws and regulations. In such event,

24

25

26

PAGE 2 -   [PROPOSED] ORDER FOR A PRELIMINARY INJUNCTION DURING
           PENDENCY OF THIS CASE

116589.0300/909274.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

EXHIBIT   1
PAGE   76

1 Defendants may also petition the Court to release monies held as bond to Defendants in partial

2 satisfaction of arrearages on the underlying debt.

3      DATED this ___ day of March, 2011.

4

5                                                           _____
                                                          Circuit Court Judge

6 BOND APPROVED AND ORDER ISSUED:

7      Date: _____

8      Time: _____

9

10                                                              _____
                                                           Circuit Court Judge

11

12 Respectfully Submitted by:

13 LANE POWELL PC

14 By:_____

15      Pilar C. French, OSB No. 962880
     Megan E. Smith, OSB No. 084758

16      Attorneys for Defendants ReconTrust
     Company, N.A., BAC Home Loans

17      Servicing, LP, and Mortgage Electronic
     Registration Systems, Inc.

18

19

20

21

22

23

24

25

26

PAGE 3 -  [PROPOSED] ORDER FOR A PRELIMINARY INJUNCTION DURING
          PENDENCY OF THIS CASE

EXHIBIT ___1___
PAGE ___77___

1   **CERTIFICATE OF SERVICE**

2       I hereby certify that on March 3, 2011, I caused to be served a copy of the foregoing

3   OBJECTION TO PLAINTIFFS' PROPOSED ORDER ON PRELIMINARY INJUNCTION on

4   the following person(s) in the manner indicated below at the following address(es):

5   Terry Scannell, Esq.
6   888 SW Fifth Avenue, Suite 650
    Portland, OR 97204
7   Facsimile: (503) 274-1214
    E-Mail: terry@scannellaw.com

8
      ☐   by **CM/ECF**
9     ☐   by **Electronic Mail**
      ☑   by **Facsimile Transmission**
10    ☑   by **First Class Mail**
      ☐   by **Hand Delivery**
11    ☐   by **Overnight Delivery**

12

13                                          Megan E. Smith

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

EXHIBIT ___
PAGE ___

Filed w/p/c
3.3.11

SCANNED TO DMS

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| 6  **DOUGLAS A. JAMES** and **EILEEN M.** <br> **JAMES**, Husband and Wife, | ) <br> ) |
| 7                                 Plaintiffs, | ) Case No. CV11020389 <br> ) |
| 8  vs. | ) [PROPOSED] ORDER FOR A <br> ) PRELIMINARY INJUNCTION DURING |
| 9 | ) PENDENCY OF THIS CASE |
| 10  **RECONTRUST COMPANY**, an Unknown <br> Entity Operating in the State of Oregon, **BAC** <br> **HOME LOAN SERVICING LIMITED** | ) <br> ) <br> ) |
| 11  **PARTNERSHIP**, a Texas Limited <br> Partnership, **MORTGAGE ELECTRONIC** | ) <br> ) |
| 12  **REGISTRATION SYSTEM, INC** a <br> Delaware Corporation, **NORTHWEST** | ) <br> ) |
| 13  **MORTGAGE GROUP, INC.** an Oregon <br> Corporation, | ) <br> ) |
| 14 | ) |
| 15                                 Defendants. | ) <br> ) |

16

17          Plaintiffs' motion for an order for a preliminary injunction came before the Court on

18   February 22, 2011. Plaintiffs were represented by Terry Scannell and Defendants (with the

19   exception of Northwest Mortgage Group, Inc.) by Pilar French.

20          Based on the record, including the verified Complaint, the Declarations of the Plaintiff

21   and Mr. Scannell, the Declaration of the Defendant ReconTrust Company, along with the

22   supporting Memorandums of law by all the parties and the oral argument, the Court finds solely

23   in the context of this case that:

24          1.     If Defendants are not immediately restrained from foreclosing on the real property

25   located at 30366 SW Ruth St. Unit 70, Wilsonville, Oregon located in Clackamas County,

26   Oregon, Plaintiffs will suffer irreparable injury, loss, or damage in the form of the loss of their

PAGE 1 -   [PROPOSED] ORDER FOR A PRELIMINARY INJUNCTION DURING
           PENDENCY OF THIS CASE

116589-300

EXHIBIT ____1____
PAGE ____79____

1    primary residence and the loss of equity in the home. In addition, the Court finds that this

2    Preliminary Injunction is necessary to preserve the status quo during the pendency of this case.

3         2.      The Court finds that all the Defendants were either served by the time of the

4    hearing or had actual notice of the hearing.

5        **It is therefore ORDERED as follows:**

6         1.      Defendant RECONTRUST COMPANY, N.A. (which has been incorrectly named

7    in the caption), BAC HOME LOAN SERVICING LIMITED PARTNERSHIP, a Texas Limited

8    Partnership, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware

9    Corporation, NORTHWEST MORTGAGE GROUP, INC., an Oregon Corporation and their

10    officers, agents, servants, employees, and lawyers, and all other persons in active concert or

11    participation with any of them who receive actual notice of this order, by personal service or

12    otherwise, are directed not to conduct the sale of the real property located at 30366 SW Ruth St.

13    Unit 70, Wilsonville, Oregon during the pendency of this litigation.

14         2.      This order shall remain in effect unless it is dissolved by the Court or unless the

15    Plaintiffs fail to pay into the Court by cash or a check in the amount of $1,500 a month, as a

16    bond, during the pendency of this case. The Plaintiffs have already posted a cash bond of $500

17    to maintain the Temporary Restraining Order and for that reason the Court Orders that the next

18    monthly payment on the bond shall be due on March 1, 2011. The bond shall be paid into this

19    Court each month, during the pendency of this case, on the first of every month thereafter with

20    three days allowed for mailing. In the event that any of the bond payments are not received

21    within the time allowed or any check for payment is not honored or paid, the injunction shall be

22    dissolved without further Order of the Court, and Defendants may proceed to foreclose on the

23    subject property in accordance with all applicable Oregon laws and regulations. In such event,

24

25

26

PAGE 2 -    [PROPOSED] ORDER FOR A PRELIMINARY INJUNCTION DURING
           PENDENCY OF THIS CASE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/909274.1

EXHIBIT  1
PAGE  80

1    Defendants may also petition the Court to release monies held as bond to Defendants in partial

2    satisfaction of arrearages on the underlying debt.

3           DATED this ___ day of March, 2011.

4

5                                                      _____
                                                       Circuit Court Judge

6    BOND APPROVED AND ORDER ISSUED:

7           Date: _____

8           Time: _____

9

10                                                     _____
                                                       Circuit Court Judge

11

12   Respectfully Submitted by:

13   LANE POWELL PC

14   By: _____
         Pilar C. French, OSB No. 962880
15       Megan E. Smith, OSB No. 084758
     Attorneys for Defendants ReconTrust
16   Company, N.A., BAC Home Loans
     Servicing, LP, and Mortgage Electronic
17   Registration Systems, Inc.

18

19

20

21

22

23

24

25

26

PAGE 3 -   [PROPOSED] ORDER FOR A PRELIMINARY INJUNCTION DURING
           PENDENCY OF THIS CASE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/909274.1

EXHIBIT ___1___
PAGE ___8___

1               **CERTIFICATE OF SERVICE**

2          I hereby certify that on March 3, 2011, I caused to be served a copy of the foregoing

3 [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION DURING PENDENCY OF THIS

4 CASE on the following person(s) in the manner indicated below at the following address(es):

5 Terry Scannell, Esq.
   888 SW Fifth Avenue, Suite 650
6 Portland, OR 97204
   Facsimile: (503) 274-1214
7 E-Mail: terry@scannellaw.com

8
     ☐   by **CM/ECF**
9     ☐   by **Electronic Mail**
     ☑   by **Facsimile Transmission**
10   ☑   by **First Class Mail**
     ☐   by **Hand Delivery**
11   ☐   by **Overnight Delivery**

12

13                                    _Megan E. Smith_
14                                    Megan E. Smith

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/909274.1

EXHIBIT   1
PAGE   82

*Ms French*

COPY

**TERRY SCANNELL**
Attorney at Law
888 SW 5th Avenue, Suite 650
Portland, Oregon 97204-2021
(503) 776-0806
(503) 274-1214 fax
terry@scannelLaw.com

RECEIVED

MAR 0 4 2011

**LANE POWELL PC**

March 2, 2011

**By HAND ONLY**

The Honorable Judge Susie Norby
Clackamas County Courthouse
807 Main Street
Oregon City, OR 97045

Re:    ***Douglas A. James v. ReconTrust Company, et al***
        Clackamas County Circuit Court Case No. CV11020389

Dear Judge Norby:

        Despite an effort to come to an agreement on the proposed Order over the last week, counsel were unable to do so. The issue centers on a sentence which was proposed by the Defendants, which reads:

> "In such event, Defendants may also petition the Court to release monies held as bond to Defendants in partial satisfaction of arrearages on the underlying debt."

        The "in such event" language references the Plaintiffs' not continuing to pay the $1,500 a month into the Court as a bond. The Plaintiffs' position is that in the event that they do not continue to pay the $1,500 into the Court, that the injunction is dissolved; nothing more or less.

        The Plaintiffs are concerned that, as proposed by the Defendants, if the Plaintiffs are unable to make these payments this event in itself will trigger the release of the bond to the Defendants. The Plaintiffs' position is that failing to be able to pay the monthly bond payments does not show that the injunction was wrongfully issued (the event that the Plaintiffs think should trigger the bond's release) but rather shows that they could not continue to pay the bond payments. In the Plaintiffs' view, the release of the bond needs to be contingent on the final

EXHIBIT ___1___
PAGE ___83___

disposition of the wrongful foreclosure action not on whether they were able to make the bond payments. The Plaintiffs do understand that if they fail to make the bond payments their risk if is that the Defendants could restart the foreclosure process.

The Defendants position is not clear to me at this time. The Plaintiffs agree that any party can petition the Court for a release of bond funds at any time. If that is the Defendants intent with this language then, there is no objection to it, and I have made an effort to incorporate this concept into the draft Order. But, in attempting to come to a resolution on this issue, it seems that the Defendants have more in mind. For that reason, the Plaintiffs respectfully object to the last language we received from the Defendants.

For the convenience of the Court I was going to send a Word file with both Orders to the Court. Now my understanding is that the Defendants will be writing to you and sending a copy of their draft Order. I will send the Plaintiffs' draft Order electronically as well.

Finally, there is no UTCR 5.100 Certificate attached. This is due to the fact that my draft Order was emailed to Ms. French on February 23, 2011. I neglected to formally serve it on her. I have attached a copy of an email from Ms. Smith who urged me to move ahead. Ms. Smith is an associate of Ms. French.

The Defendants have had an opportunity to see the draft Order and make their position known and I assume that Ms. Smith's email is a waiver of any objection they have based on UTCR 5.100. As we move forward, I will make sure to adhere more closely to the formalities of the Court.

Thank you,

Terry Scannell

cc:    Douglas James
       Pilar French

EXHIBIT __1__
PAGE __84__

**Terry Scannell**

**From:**          Smith, Megan E. [SmithME@LanePowell.com]
**Sent:**          Wednesday, March 02, 2011 11:43 AM
**To:**            Terry Scannell
**Cc:**            French, Pilar; Pinkley, Libbi
**Subject:**       James - Revised Order re Prelim Injunction
**Attachments:**   908798_1.DOCX

Hi Terry,

I understand, and agree that we don't want to delay this. Please go ahead and submit plaintiff's form of proposed order to the court, and under cover letter, let the court know that we object to plaintiff's form of the order and that we will be submitting our own proposed form of order for the court to decide. So you are aware, we made one additional change to the proposed order since the last one I sent you. The red-line order with that change is attached. The most recent change is on page 2, and just has to do with correctly naming defendant RECONTRUST COMPANY, N.A.

Unless there is something further you want to discuss, I think we can go ahead and cancel our phone conference at 4.

Thanks,
Megan

**Megan E. Smith**



Attorney at Law, Bio | vCard
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Direct: 503.778.2184
Cell: 503.680.7394
www.lanepowell.com

EXHIBIT  1
PAGE    85

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS COUNTY

**DOUGLAS A. JAMES** and **EILEEN M. JAMES,** Husband and Wife,

      Plaintiffs,

      vs.

**RECONTRUST COMPANY**, an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP,** a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation.

      Defendants.

Case No: CV11020389

**ORDER FOR A PRELIMINARY INJUNCTION DURING PENDENCY OF THIS CASE**

**TO: ALL Defendants**

Plaintiff's motion for an order for a preliminary injunction came before the Court on February 22, 2011. The Plaintiffs were represented by Terry Scannell and the Defendants (with the exception of Northwest Mortgage Group, Inc) by Pilar French.

Based on the record, including the verified Complaint, the Declarations of the Plaintiff and Mr. Scannell, the Declaration of the Defendant ReconTrust Company, along with the supporting Memorandums of law by all the parties and the oral argument, the court finds solely in the context of this case that:

PAGE 1 -   ORDER FOR A PRELIMINARY INJUNCTION

EXHIBIT     1
PAGE     86

1    1.    If Defendants are not immediately restrained from foreclosing on the real property

2    located at 30366 SW Ruth St. Unit 70, Wilsonville, OR located in Clackamas County, Oregon,

3    Plaintiffs will suffer irreparable injury, loss, or damage in the form of the loss of their primary

4    residence and the loss of equity in the home. In addition, the Court finds that this Preliminary

5    Injunction is necessary to preserve the status quo during the pendency of this case.

6    2.    The Court finds that all the Defendants were either served by the time of the
7
     hearing or had actual notice of the hearing.
8

9    **It is therefore ORDERED as follows:**

10   1.    Defendant RECONTRUST COMPANY, an Unknown Entity Operating in the

11   State of Oregon,  BAC HOME LOAN SERVICING LIMITED PARTNERSHIP, a Texas

12   Limited Partnership, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a

13   Delaware Corporation, NORTHWEST MORTGAGE GROUP, INC., an Oregon Corporation
14
     and their officers, agents, servants, employees, and lawyers, and all other persons in active
15
     concert or participation with any of them who receive actual notice of this order, by personal
16
17   service or otherwise, are directed not to conduct the sale of the real property located at 30366

18   SW Ruth St. Unit 70, Wilsonville, OR during the pendency of this litigation.

19   2.    This order shall remain in effect unless it is dissolved by the Court or unless the

20   Plaintiffs fail to pay into the Court by cash or a check in the amount of $1,500 a month, as a

21   bond,  during the pendency of this case. The Plaintiffs have already posted a cash bond of $500
22
     to maintain the Temporary Restraining Order and for that reason the Court Orders that the next
23
     monthly payment on the bond shall be due on March 1, 2011. The bond shall be paid into this
24
25   Court each month, during the pendency of this case, on the first of every month thereafter with

26

PAGE 2 -   ORDER FOR A PRELIMINARY INJUNCTION

EXHIBIT    1
PAGE    87

1  three days allowed for mailing.  In the event that any of the bond payments are not received

2  within the time allowed or any check for payment is not honored or paid, the injunction shall be

3  dissolved without further Order of the Court, and Defendants may proceed to foreclose on the

4  subject property in accordance with all applicable laws and regulations.

5       During the course of the litigation the Defendants may petition the Court to release

6  monies held as bond to the Defendants for the payment of taxes and the reasonable costs of

7  property insurance for the property.

8

9

10

11  DATED this 3rd day of March, 2011.

12

13

14

15                                    /s/ _____

16                                    Circuit Court Judge

17  BOND APPROVED

18  AND ORDER ISSUED:

19

20       Date: _____

21       Time: _____

22

23

24

25

26

PAGE 3 -   ORDER FOR A PRELIMINARY INJUNCTION

EXHIBIT ___/___
PAGE ___88___

1

2

3  /s/ _____

4  Circuit Court Judge

5

6

7

8

9

10

11  Respectfully Submitted by:

12

13

14

15  Terry Scannell (OSB #853220)
   888 SW Fifth Avenue, Suite 650
16  Portland, Oregon 97204
   Tel: (503) 776-0806, Fax: (503) 274-1214
17  E-mail: terry@scannelLaw.com
   Of Attorneys for Plaintiffs
18

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

PAGE 4 -   ORDER FOR A PRELIMINARY INJUNCTION

EXHIBIT ____(
PAGE ____ 89

## CERTIFICATE—TRUE COPY

2          I hereby certify that the foregoing copy of PROPOSED ORDER FOR PRELIMINARY
INJUNCTION, LETTER TO JUDGE NORBY is a complete and exact copy of the original.
3

4          Dated March 3, 2011.

5                                        Terry Scannell, OSB #853220
                                         Of Attorneys for Defendant
6

7                              ## CERTIFICATE OF SERVICE

8          I hereby certify that I served the foregoing PROPOSED ORDER FOR PRELIMINARY
INJUNCTION, LETTER TO JUDGE NORBY on the following persons on March 3, 2011, by
9    hand-delivering, faxing, or mailing (as indicated below) to each a true copy thereof, certified by
me as such, and if mailed, contained in a sealed envelope, with postage paid, addressed to said
10   attorneys at the last known address of each shown below and deposited in the post office on said
day at Portland, Oregon:
11

12   Pilar French                        □ by hand-delivery
Lane Powell PC                        □ by facsimile
601 SW 2nd Ave Ste 2100               ☒ by first class mail
13   Portland OR  97204                   □ by e-mail

14
           DATED this 3rd day of March, 2011.
15

16

17                                       TERRY SCANNELL, OSB #853220
                                         888 S.W. Fifth Avenue, Suite 650
18                                       Portland, Oregon 97204-2021
                                         Telephone: (503) 776-0806
19                                       Facsimile: (503) 274-1214
                                         terry@scannelLaw.com
20                                       Attorney for Defendant

21

22

23

24

25

Page 1 of 1     **CERTIFICATE OF SERVICE**

TERRY SCANNELL, OSB#853220
Attorney at Law
888 SW 5th Avenue, Suite 650
Portland, Oregon 97204-2021
Telephone: (503) 776-0806
Cell:       (503) 789-6566
Facsimile: (503) 274-2005

EXHIBIT ___

PAGE ___ 90

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, I caused to be served a copy of the foregoing NOTICE OF REMOVAL on the following person(s) in the manner indicated below at the following address(es):

Terry Scannell, Esq.
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Facsimile: (503) 274-1214
E-Mail: terry@scannellaw.com

*Attorney for Plaintiffs*

Robert J. Pratte, Esq. (pending pro hac vice)
DLA Piper LLP
90 S Seventh Street, Suite 5100
Minneapolis, MN 55402-4168
Facsimile: (612) 524-3070
E-Mail: robert.pratte@dlapiper.com

*Attorney for Mortgage Electronic Registration Systems, Inc.*

☐ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☒ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

Megan E. Smith

PAGE 8 - NOTICE OF REMOVAL

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

EXHIBIT ____
PAGE 91

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF CLACKAMAS

6   DOUGLAS A. JAMES and EILEEN M.          )
    JAMES, Husband and Wife,                )
7                                           )   Case No. CV11020389
                            Plaintiffs,     )
8                                           )   NOTICE OF FILING OF ORIGINAL
           vs.                              )   DECLARATION
9                                           )
    RECONTRUST COMPANY, an Unknown          )
10  Entity Operating in the State of Oregon, BAC )
    HOME LOAN SERVICING LIMITED             )
11  PARTNERSHIP, a Texas Limited            )
    Partnership, MORTGAGE ELECTRONIC        )
12  REGISTRATION SYSTEM, INC a              )
    Delaware Corporation, NORTHWEST         )
13  MORTGAGE GROUP, INC. an Oregon          )
    Corporation,                            )
14                                          )
                            Defendants.     )
15  _____)

16         Please take notice that the original Declaration of Leticia Quintana in Support of Certain

17  Defendants' Response to Show Cause Order is being filed with this notice. A copy of the

18  original declaration has previously been filed with the Court and this notice is intended to advise

19  of the filing of the original of that declaration, which is attached to this notice.

20         DATED: March 9, 2011

21                                          LANE POWELL PC

22
                                       By
23                                          Pilar C. French, OSB No. 962880
                                            Megan E. Smith, OSB No. 084758
24                                          docketing-pdx@lanepowell.com
                                            Attorneys for Defendants ReconTrust Company;
25                                          BAC Home Loan Servicing; and Mortgage
                                            Electronic Registration System
26

PAGE 1 -  NOTICE OF FILING OF ORIGINAL DECLARATION

116589.0300/910745.1

EXHIBIT ___1___
PAGE ___92___

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF CLACKAMAS

6   **DOUGLAS A. JAMES** and **EILEEN M.**        )
    **JAMES**, Husband and Wife,                  )
7                                                 )   Case No. CV11020389
                            Plaintiffs,           )
8                                                 )   DECLARATION OF LETICIA QUINTANA
        vs.                                       )   IN SUPPORT OF CERTAIN
9                                                 )   DEFENDANTS' RESPONSE TO SHOW
    **RECONTRUST COMPANY**, an Unknown            )   **CAUSE ORDER**
10  Entity Operating in the State of Oregon, **BAC** )
    **HOME LOAN SERVICING LIMITED**               )
11  **PARTNERSHIP**, a Texas Limited              )
    Partnership, **MORTGAGE ELECTRONIC**          )
12  **REGISTRATION SYSTEM, INC** a                )
    Delaware Corporation, **NORTHWEST**           )
13  **MORTGAGE GROUP, INC.** an Oregon            )
    Corporation,                                  )
14                                                )
                            Defendants.           )
15  ──────────────────────────────────────────

16      I, Leticia Quintana, declare as follows:

17      1.      I am employed in the Trustee Services department of ReconTrust Company, N.A.

18  ("ReconTrust"), which has been incorrectly named in the caption. I make this declaration based

19  on my own personal knowledge and if called as a witness, I could and would competently testify

20  to the facts stated herein.

21      2.      ReconTrust is serving as the successor trustee for the trust deed and non-judicial

22  foreclosure sale at issue in this case. On February 17, 2011, ReconTrust was instructed to cancel

23  the non- judicial foreclosure sale, which is currently scheduled for March 9, 2011.

24      3.      A Notice of Rescission for the sale is being prepared and will be recorded in the

25  County Recorder's Office for Clackamas County but, due to the holiday weekend, probably will

26

PAGE 1 -   DECLARATION OF LETICIA QUINTANA IN SUPPORT OF MOTION TO
           VACATE SHOW CAUSE ORDER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
LIBW/1772613.1                   PORTLAND, OREGON 97204-3158
                                 503.778.2100 FAX: 503.778.2200

EXHIBIT ____1____
PAGE ____93____

1   not be recorded by the time this Court holds the order to show cause hearing scheduled for

2   February 22, 2011.

3

4       I hereby declare that the above statement is true to the best of my knowledge and belief,

5   and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

6       Executed on February 18, 2011, in Simi Valley, California.

7

8

9

                            Leticia Quintana

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 -   DECLARATION OF LETICIA QUINTANA IN SUPPORT OF MOTION TO
               VACATE SHOW CAUSE ORDER

**LANE POWELL pc**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

LIBW/1772613.1

EXHIBIT _____1_____
PAGE _____94_____

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on March 9, 2011, I caused to be served a copy of the foregoing |
| 3 | NOTICE OF FILING OF ORIGINAL DECLARATION on the following person(s) in the |
| 4 | manner indicated below at the following address(es): |

5  Terry Scannell, Esq.                Robert J. Pratte, Esq. (pending pro hac vice)

6  888 SW Fifth Avenue, Suite 650     DLA Piper LLP
   Portland, OR 97204               90 S Seventh Street, Suite 5100

7  Facsimile: (503) 274-1214        Minneapolis, MN 55402-4168
   E-Mail: terry@scannellaw.com    Facsimile: (612) 524-3070

8                                     E-Mail: robert.pratte@dlapiper.com
   *Attorney for Plaintiffs*

9                                     *Attorney for Mortgage Electronic Registration*
                                      *Systems, Inc.*

10
11  ☐ by **CM/ECF**
    ☐ by **Electronic Mail**
    ☐ by **Facsimile Transmission**
12  ☒ by **First Class Mail**
    ☐ by **Hand Delivery**
13  ☐ by **Overnight Delivery**

14

15                                  _____

16                                    Pilar C. French

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

**LANE POWELL** pc
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/910745.1

EXHIBIT ____
PAGE ____ 95

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF CLACKAMAS

6   DOUGLAS A. JAMES and EILEEN M.            )
    JAMES, Husband and Wife,                  )
7                                             )   Case No. CV11020389
                        Plaintiffs,           )
8                                             )   ORDER GRANTING DEFENDANT'S
          vs.                                 )   MOTION FOR ADMISSION PRO HAC
9                                             )   VICE OF ROBERT J. PRATTE
    RECONTRUST COMPANY, an Unknown            )
10  Entity Operating in the State of Oregon, BAC )
    HOME LOAN SERVICING LIMITED               )
11  PARTNERSHIP, a Texas Limited              )
    Partnership, MORTGAGE ELECTRONIC          )
12  REGISTRATION SYSTEM, INC a                )
    Delaware Corporation, NORTHWEST           )
13  MORTGAGE GROUP, INC. an Oregon            )
    Corporation,                              )
14                                            )
                        Defendants.           )
15  _____)

16        Based upon the motion and supporting Oregon State Bar Certificate of Compliance for

17  *Pro Hac Vice* Admission,

18        IT IS HEREBY ORDERED that defendant Mortgage Electronic Registration System,

19  Inc.'s ("MERS") motion is granted and that Robert J. Pratte may appear as associated counsel for

20  MERS in this proceeding.

21        DATED: March _____, 2011

22

23                                        _____
                                          Circuit Court Judge
    Submitted by:
24

    Pilar C. French, OSB No. 962880
25  Attorneys for Defendants ReconTrust Company,
    BAC Home Loan Servicing, and MERS
26

PAGE 1 -   ORDER GRANTING DEFENDANT'S MOTION FOR ADMISSION PRO HAC
           VICE OF ROBERT J. PRATTE

EXHIBIT _____
PAGE    96

1               **CERTIFICATE OF SERVICE**

2         I hereby certify that on March 9, 2011, I caused to be served a copy of the foregoing

3   [PROPOSED] ORDER GRANTING DEFENDANT MERS' MOTION FOR ADMISSION PRO

4   HAC VICE OF ROBERT J. PRATTE on the following person(s) in the manner indicated below

5   at the following address(es):

6   Terry Scannell, Esq.                Robert J. Pratte, Esq. (pending pro hac vice)

7   888 SW Fifth Avenue, Suite 650        DLA Piper LLP
     Portland, OR 97204               90 S Seventh Street, Suite 5100

8   Facsimile: (503) 274-1214          Minneapolis, MN 55402-4168
     E-Mail: terry@scannellaw.com       Facsimile: (612) 524-3070

9                                 E-Mail: robert.pratte@dlapiper.com
     *Attorney for Plaintiffs*

10                              *Attorney for Mortgage Electronic Registration Systems, Inc.*

11

12   ☐   by **CM/ECF**
     ☒   by **Electronic Mail**
13   ☐   by **Facsimile Transmission**
     ☒   by **First Class Mail**
14   ☐   by **Hand Delivery**
     ☐   by **Overnight Delivery**

15

16

17                            Pilar C. French

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

116589.0300/910757.1

EXHIBIT ___1___
PAGE ___97___

1

2

3

4        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5           FOR THE COUNTY OF CLACKAMAS

| | | |
|---|---|---|
| 6 | **DOUGLAS A. JAMES** and **EILEEN M.** | ) |
| 7 | **JAMES,** Husband and Wife, | ) |
| | | ) Case No. CV11020389 |
| | Plaintiffs, | ) |
| 8 | | ) MOTION FOR ADMISSION PRO HAC |
| | vs. | ) VICE—ROBERT J. PRATTE |
| 9 | | ) |
| 10 | **RECONTRUST COMPANY,** an Unknown | ) |
| | Entity Operating in the State of Oregon, **BAC** | ) |
| | **HOME LOAN SERVICING LIMITED** | ) |
| 11 | **PARTNERSHIP,** a Texas Limited | ) |
| | Partnership, **MORTGAGE ELECTRONIC** | ) |
| 12 | **REGISTRATION SYSTEM, INC** a | ) |
| | Delaware Corporation, **NORTHWEST** | ) |
| 13 | **MORTGAGE GROUP, INC.** an Oregon | ) |
| | Corporation, | ) |
| 14 | | ) |
| | Defendants. | ) |
| 15 | | ) |

16

17        Pursuant to UTCR 3.170, defendant Mortgage Electronic Registration System, Inc.,

18  ("MERS") through their local counsel, Pilar C. French of Lane Powell PC, moves the Court for

19  an order allowing attorney Robert J. Pratte to appear pro hac vice in the above-entitled case on

20  behalf of MERS along with Pilar C. French.

21

22

23

24

25

26

PAGE 1 -  MOTION FOR ADMISSION PRO HAC VICE—ROBERT J. PRATTE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

EXHIBIT 1
PAGE 98

1        This motion is supported by the attached Oregon State Bar Certificate of Compliance for

2    *Pro Hac Vice* Admission and Acknowledgment of Receipt, which has been approved by the

3    Oregon State Bar.

4    DATED: March 9, 2011

5                                LANE POWELL PC

6

7                                  By
                                      Pilar C. French, OSB No. 962880

8                                      Megan E. Smith, OSB No. 084758
                                      docketing-pdx@lanepowell.com

9                                      Attorneys for Defendants ReconTrust Company;
                                      BAC Home Loan Servicing; and Mortgage

10                                  Electronic Registration System

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 -   MOTION FOR ADMISSION PRO HAC VICE—ROBERT J. PRATTE

EXHIBIT _____1_____
PAGE _____99_____

**In re:** Robert J. Pratte
**Name of Out-of-State Attorney**

**Certificate of Compliance**
**For *Pro Hac Vice* Admission**

I, Robert J. Pratte _____ (print name), am an attorney in the State of Minnesota and I intend to seek *pro hac vice* admission in accordance with ORS 9.241 and UTCR 3.170 in the following Oregon court action or proceeding:

**Case Name:** Douglas and Eileen James v. Recontrust Company, et al.

**Court:** Circuit Court, Clackamas County, Oregon **Case No.:** CV11020389

I certify that (check all that apply):

☑ I am an attorney in good standing in the State of Minnesota _____, as evidenced by the attached good standing certificate issued by the licensing authority in that state.
   ☑ I am not subject to any pending disciplinary proceedings in any jurisdiction; or
   ☐ I am subject to pending disciplinary proceedings in another jurisdiction, the nature and status of which are described in an attachment to this certificate.

☑ I intend to associate in the above-referenced action or proceeding with Pilar C. French _____, OSB No. 962880 _____, an active member in good standing of the Oregon State Bar, who will participate meaningfully in the matter.

☑ I will comply with applicable statutes, laws, and procedural rules of the State of Oregon; be familiar with and comply with disciplinary rules of the Oregon State Bar; and submit to the jurisdiction of the Oregon courts and Oregon State Bar with respect to acts and omissions occurring during my *pro hac vice* admission.

☑ My private law practice activities in Oregon are covered by professional liability insurance substantially equivalent to the Oregon State Bar Professional Liability Fund plan, as evidenced by the attached certificate of insurance coverage.

☑ I agree, as a continuing obligation of *pro hac vice* admission, to notify the trial court promptly of any changes in my insurance coverage, or my admission or disciplinary status in any other jurisdiction.

☑ I will provide to the Oregon State Bar a copy of the order admitting me *pro hac vice* in the above-referenced matter when such an order is granted. In the event *pro hac vice* admission is revoked for any reason, I will promptly notify the Oregon State Bar.

☑ I submit $250 to the Oregon State Bar as payment of the *pro hac vice* fee established by ORS 9.241 and the rules of the Oregon Supreme Court. I acknowledge that this fee is for a period of twelve months from the date of the Acknowledgment of Receipt issued below, and that an additional fee of $250 will be required in order for me to continue my *pro hac vice* admission in the matter for every twelve-month period thereafter.

Dated this 17th day of February, 20 11.

X _____ (Applicant Signature)

**Mailing Address:** 90 South Seventh Street
Suite 5100
Minneapolis, MN 55402-4168

Minnesota **Bar No.:** 8802X
(Home Jurisdiction)
**Phone:** 612-524-3030
**FAX:** 612-524-3070
**Email:** robert.pratte@dlapiper.com

## Acknowledgment of Receipt

I, Jeffrey D. Sapiro, Regulatory Services Counsel of the Oregon State Bar, acknowledge receipt from the above-named out-of-state attorney of the Certificate of Compliance for Pro Hac Vice Admission and attachments, and the $250 fee for pro hac vice appearance in the above-referenced Oregon action or proceeding. The fee is for a period of twelve months from the date of this acknowledgment.

Dated this 28th day of February, 20 11.

■ SEE MATERIALS ATTACHED:

_____
Jeffrey D. Sapiro, Regulatory Services Counsel

**Note that the professional liability coverage deductible substantially exceeds that of the PLF.**

*Oregon State Bar Regulatory Services, PO Box 231935, Tigard, OR 97281-1935*

EXHIBIT _____ 1
PAGE _____ 100



# Verification of Insurance

We, the undersigned Insurance Brokers, hereby verify that Continental Casualty Company and Various Insurance Companies have issued the following described insurance, each for their own part and not one for the other, and which is in force as of the date hereof:

**Issued to:**  Circuit Court of the State of Oregon, Clackamas County

**Type of Insurance:**  Professional Indemnity Insurance

**Name of Assured:**  DLA Piper LLP (US) and others, as more fully described in the Primary Policy Wording.

**Policy No.**  198276743

**Insurer:**  Continental Casualty Company and Various Insurance Companies

**Period:**  12:01 a.m. December 1, 2010  to  12:01 a.m. December 1, 2011

**Limit:**  In excess of $10,000,000 per claim (as more fully described in the Policy wording) (Limits shown are as requested)

**Retention:**  This confirms that our deductible is in excess of $10,000.00.

**Geographical Limitation:**  Worldwide Coverage

Subject to the terms, conditions, exclusions and limitations of the Policy(ies).

This document is furnished as a matter of information only. The issuance of this document does not make the person or organization to whom it is issued an additional Assured, nor does it modify in any manner the contract of insurance between the Assured and the Insurers. Any amendment, change or extension of such contract can only be effected by specific endorsement attached thereto.

**Aon Risk Services Central, Inc.**

Date:  February 24, 2011  Per:  _Christoph Burroughs_

Christopher Burroughs
Assistant Vice President

Professions Practice | Aon Risk Services Central, Inc.
200 East Randolph Street | 12th Floor | Chicago, IL 60601
t: +1.312.381.4000 | f: +1.312.381.7007
w: aon.com

EXHIBIT ___
PAGE ___ 101

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 |      I hereby certify that on March 9, 2011, I caused to be served a copy of the foregoing |
| 3 | MOTION FOR ADMISSION PRO HAC VICE—ROBERT J. PRATTE on the following |
| 4 | person(s) in the manner indicated below at the following address(es): |

5   Terry Scannell, Esq.                       Robert J. Pratte, Esq. (pending pro hac vice)
6   888 SW Fifth Avenue, Suite 650         DLA Piper LLP
    Portland, OR 97204                   90 S Seventh Street, Suite 5100
7   Facsimile: (503) 274-1214            Minneapolis, MN 55402-4168
    E-Mail: terry@scannellaw.com        Facsimile: (612) 524-3070
8                                       E-Mail: robert.pratte@dlapiper.com
    *Attorney for Plaintiffs*
9                                *Attorney for Mortgage Electronic Registration*
                                       *Systems, Inc.*

10

11   ☐   by **CM/ECF**
    ☒   by **Electronic Mail**
12   ☐   by **Facsimile Transmission**
    ☒   by **First Class Mail**
13   ☐   by **Hand Delivery**
    ☐   by **Overnight Delivery**

14

15

16                          Pilar C. French

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0300/910753.1

EXHIBIT   1
PAGE   102

Pilar C. French , OSB No. 962880
Megan E. Smith, OSB No. 084758
Docketing-pdx@lanepowell.com
LANE POWELL, PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204
Tel.: 503.778.2100
Fax: 503.778.2200

Attorneys for Defendants:
*ReconTrust Company; BAC Home Loan
Servicing Limited Partnership;* and *Mortgage
Electronic Registration System, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DOUGLAS A. JAMES** and **EILEEN M. JAMES,** Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>**RECONTRUST COMPANY**, an unknown entity operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP**, a Texas limited partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,** a Delaware corporation, **NORTHWEST MORTGAGE GROUP, INC.,** an Oregon corporation,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF DOLORES JUHASZ** |

EXHIBIT __2__
PAGE __1__

I, Dolores Juhasz, hereby declare as follows:

1.      I am employed by BAC Home Loans Servicing, L.P. ("BAC"). In my current position as Litigation Specialist, my responsibilities include monitoring and assisting with litigated default home loan servicing matters. The information set forth in this Declaration is true and correct to the best of my knowledge and belief, based upon records and information kept in the ordinary course of BAC's business, and, if called as a witness, I could and would testify competently to them.

2.      BAC is responsible for servicing the mortgage loan at issue in the above-captioned complaint.

3.      Plaintiffs Douglas A. James and Eileen James obtained a mortgage with an original principal amount of $346,438.00 on June 19, 2007, secured by the real property located at 30366 SW Ruth Street Unit 70, Wilsonville, Oregon 97070. According to BAC's records, as of February 17, 2011, the current principal balance of the loan is $336,479.26.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed at West Hills, CA this 10th day of March, 2011.

Dolores Juhasz
Litigation Specialist
BAC Home Loans Servicing, L.P.

EXHIBIT _2_
PAGE _2_

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| **DOUGLAS A. JAMES** and **EILEEN M. JAMES**, Husband and Wife,<br><br>                   Plaintiffs,<br><br>    vs.<br><br>**RECONTRUST COMPANY**, an Unknown Entity Operating in the State of Oregon, **BAC HOME LOAN SERVICING LIMITED PARTNERSHIP**, a Texas Limited Partnership, **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC** a Delaware Corporation, **NORTHWEST MORTGAGE GROUP, INC.** an Oregon Corporation,<br><br>                   Defendants. | Case No. CV11020389<br><br>NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON |

**TO:** **Plaintiffs, plaintiffs' attorney William T. Scannell, and Clerk of the Circuit Court of the State of Oregon, County of Clackamas**

      PLEASE TAKE NOTICE that on March 16, 2011, defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP, and Mortgage Electronic Registration Systems, Inc. filed a Notice of Removal of this action in the United States District Court for the District of Oregon, Portland Division. A true and correct copy of the underlying Notice of Removal is attached hereto as Exhibit 1 for lodging in the Court's filing of this matter.

PAGE 1 - NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

EXHIBIT _3_
PAGE _1_

1      Pursuant to 28 U.S.C. § 1446(d), the filing of this notice "shall effect the removal and the

2 State court shall proceed no further unless and until the case is remanded" to this Court by the

3 United States District Court.

4      DATED: March 16, 2011

5                                            LANE POWELL PC

6

7                                      By _____

8                                        Pilar C. French, OSB No. 962880
                                       Megan E. Smith, OSB No. 084758

9                                        docketing-pdx@lanepowell.com
                                       Attorneys for Defendants ReconTrust Company,

10                                      N.A., BAC Home Loans Servicing, LP, and
                                     Mortgage Electronic Registration Systems, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 -   NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO UNITED
            STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

EXHIBIT 3
PAGE 2

1

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, I caused to be served a copy of the foregoing NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON on the following person(s) in the manner indicated below at the following address(es):

Terry Scannell, Esq.
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Facsimile: (503) 274-1214
E-Mail: terry@scannellaw.com

*Attorney for Plaintiffs*

Robert J. Pratte, Esq. (pending pro hac vice)
DLA Piper LLP
90 S Seventh Street, Suite 5100
Minneapolis, MN 55402-4168
Facsimile: (612) 524-3070
E-Mail: robert.pratte@dlapiper.com

*Attorney for Mortgage Electronic Registration Systems, Inc.*

☐ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☒ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

_____
Megan E. Smith

CERTIFICATE OF SERVICE

EXHIBIT 3
PAGE 3

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, I caused to be served a copy of the foregoing NOTICE OF REMOVAL on the following person(s) in the manner indicated below at the following address(es):

Terry Scannell, Esq.
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Facsimile: (503) 274-1214
E-Mail: terry@scannellaw.com

*Attorney for Plaintiffs*

Robert J. Pratte, Esq. (pending pro hac vice)
DLA Piper LLP
90 S Seventh Street, Suite 5100
Minneapolis, MN 55402-4168
Facsimile: (612) 524-3070
E-Mail: robert.pratte@dlapiper.com

*Attorney for Mortgage Electronic Registration Systems, Inc.*

☐ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☒ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

Megan E. Smith

PAGE 8 - NOTICE OF REMOVAL