1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                            FOR THE COUNTY OF DESCHUTES

6                                          )
      JANET SPENCER,                       )
7                              Plaintiff,  )        Case No. 10CV0515ST
                                           )
8            v.                            )        MEMORANDUM OPINION
                                           )
9     GUARANTY BANK, FSB, a Wisconsin banking    )
      corporation; MORTGAGE ELECTRONIC REGISTRATION )
10    SYSTEMS, INC., a Delaware corporation; and  )
      RECONTRUST COMPANY, N.A., a Texas corporation, )
11                             Defendants  )

12        Plaintiff seeks to prevent the foreclosure[1] of a deed of trust she executed on April 16, 2003 and which was

13    recorded with the Deschutes County Clerk on April 18, 2003.[2]

14

15        Defendants Guaranty Bank FSB and Mortgage Electronic Registration Systems, Inc. have moved to dismiss

16    plaintiff's complaint for failure to state a claim.

17

18        Plaintiff filed her complaint and sought temporary and permanent injunctive relief and a declaratory

19    judgment after she received a Notice of Default and Election to Sell, Ex. 3, to the complaint. She makes no claim

20    that she is not in default nor that any requirement of ORS 86.735 is not met. She raises no material issue of fact.

21    The operative allegations are legal conclusions about the capacity of Mortgage Electronic Registration Systems to

22    act as a beneficiary.

23

24

25            [1] Although the claim for injunctive relief seeks to prevent defendants from non-judicially
          foreclosing the deed of trust, the declaratory relief claim seeks to prevent any foreclosure by the
26        defendants.
              [2] Plaintiff neglected to attach a copy to the complaint but, with plaintiff's consent, the
          court has taken judicial notice of the deed of trust at the request of defendants.

                                              EXHIBIT ___6___
                                              PAGE ___1___

1    ORS 86.705 (1) defines "beneficiary" as "the person named or otherwise designated in a trust deed as the

2    person for whose benefit a trust deed is given... ". Plaintiff designated Mortgage Electronic Registration Systems as

3    the beneficiary when she accepted the benefits of the loan. The court is unpersuaded that Mortgage Electronic

4    Registration Systems cannot act in that capacity, even if it is not the holder of the note.

5

6    Regarding this last point, plaintiff alleges she has not been provided with proof "demonstrating the

7    transfer of the full and unencumbered interest in both the Note and Deed of Trust from the original lender (non-

8    party GRL) to any person or entity". ¶ 16. Plaintiff believes that the trust deed can only be foreclosed if the note

9    and trust deed are both held by the same person or entity and that she is entitled to proof. The court is again

10   unpersuaded.[3]

11

12   The bottom line is that plaintiff seeks to retain ownership, apparently forever, of a property for which she

13   has not paid nor even alleges that she intends to pay for. She has not stated a claim. Defendants' motions are

14   granted. Defendants Guaranty Bank and Mortgage Electronic Registration Systems are dismissed with prejudice.

15   Mr. Marshack should submit an order and a limited judgment. Defendants are entitled to costs.

16

17   Defendant Recontrust Company, N. A. has filed an answer and affirmative defenses but not a motion to

18   dismiss. However, the court can find no allegation that directly challenges Recontrust Company's ability to act as

19   successor trustee if the claims against Guaranty Bank and Mortgage Electronic Registration Systems are dismissed.

20   A conference with counsel for plaintiff and Recontrust Company will be scheduled to discuss what further

21   proceedings are appropriate.

22   DATED this __5__ day of __May__, 20_11_.

23

24   _Stephen Tiktin_
     Circuit Judge Stephen N. Tiktin

25

26

[3] Plaintiff is protected from suit on the note after non-judicial sale. ORS 86.770 (2).

EXHIBIT __b__
PAGE __2__

Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for AURORA LOAN SERVICES

### IN THE CIRCUIT COURT OF THE STATE OF OREGON
### FOR THE COUNTY OF JOSEPHINE

| | |
|---|---|
| DAVID M. BUCKLAND, | Case No. 10 CV 1023 |
| Plaintiff, | |
| vs. | |
| AURORA LOAN SERVICES, | **GENERAL JUDGMENT OF DISMISSAL** |
| Defendants. | |

This matter having come before the Court on January 10, 2010 for oral argument on upon Defendant Aurora Loan Services' Motion to Dismiss, and the Court having conducted oral argument and having received and reviewed the argument and legal memoranda of the parties; and the Court having issued its opinion in open court;

And the Court having allowed Plaintiffs 20 days to replead and Plaintiff having failed to replead;

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Complaint be, and the same is, hereby dismissed with prejudice and Defendants shall be entitled to an award of their costs and disbursements against Plaintiff in an amount to be determined in accordance with ORCP 68.

DATED: __3·18__ , 2011            /S/        PAT WOLKE
                                                    JUDGE

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Judgment– 1

EXHIBIT 1
PAGE 1

Respectfully submitted:

Holger Uhl, OSB# 950143
Attorney for Aurora Loan Services

Judgment- 1

EXHIBIT 1
PAGE 2

1
2   Holger Uhl, OSB# 950143
    **McCarthy & Holthus LLP**
3   19735 10th Avenue, Suite N-200
    Poulsbo WA 98370
4   Phone: 206.319.9100 Ext. 8045
    Fax: 206.780.6862
5   Direct: 206.319.9045
    Attorneys for AURORA LOAN SERVICES

6               **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
                     **FOR THE COUNTY OF JOSEPHINE**
7

8   DAVID M. BUCKLAND,

9                                  Plaintiff,        Case No. 10 CV 1023

10  vs.

11  AURORA LOAN SERVICES,                            **MEMORANDUM IN SUPPORT OF**
                                                     **MOTION TO DISMISS**
12

13                                 Defendant.

14      COMES NOW THE DEFENDANT AURORA LOAN SERVICES ("AURORA" or

15  "ALS") and respectfully move the Court to dismiss the Plaintiffs Complaint pursuant to ORCP

16  21(A)(8) because the Complaint fails to state ultimate facts sufficient to constitute a claim.

17

18                          **I    INTRODUCTION**

19      Plaintiff has admitted in his pleadings that he obtained a loan secured by real property:

20      "The Plaintiff did agree to sign a promissory note and Deed of Trust with the

21  Defendant..." See Complaint, Page 2. However, Plaintiff's pleadings have provided no further

22  substantive information as to this dispute.  It is assumed that the property in question is the

23  property known as 221 Trevor Way, Grants Pass, OR 97526.  The public record shows that a

24  Deed of Trust was recorded on November 29, 2006 as Instrument # 2006-024026.  In said Deed

25  of Trust, Plaintiff conveyed to First American Title insurance Company of Oregon in trust and

Memo Motion to Dismiss – 1

M&H# OR10-8111

EXHIBIT     1
PAGE        3

with the power of sale certain real property located in Josephine County, Oregon, known as 221 Trevor Way, Grants Pass, OR 97526, and described as Parcel 2 of Partition Plat No. 1994-1111 in Josephine County, Oregon. The named beneficiary of the Deed of Trust is MERS as a nominee for American Mortgage Network, Inc., dba American Mortgages Network of Oregon, its successors and assigns. It is assumed that Plaintiff's reference to a Deed of Trust, is to said recorded instrument. His arguments can be summarized as follows:

1) The Defendant does not have standing because the Defendant failed to provide any proof that they it has the authority to act on behalf of the Holder In Due Course which can only be done by showing Plaintiff the original promissory note.
2) Defendant has lost its rights through Estoppel by Acquiesence.
3) MERS does not have the power to appoint the trustee
4) Plaintiff seeks to quiet title, and have his debt discharged as a result.

## II  ORCP 21(A)(8) STANDARD

Under Oregon Rules of Civil Procedure 21(A)(8), a case may be dismissed for failure to state ultimate facts sufficient to constitute a claim. *ORCP 21(A)(8)*. "The issue is not whether the Plaintiffs will ultimately prevail, but whether the party is entitled to offer evidence to support the claims.'" *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). The non-moving party is entitled to have all inferences from the record viewed in his favor. *Huang v. Claussen,* 147 Ore. App. 330 (Or. Ct. App. 1997). Nevertheless, "whatever the theory of recovery, facts must be alleged which, if proved, will establish the right to recover." *Davis v. Tyee Industries, Inc.,* 295 Ore. 467, 479 (Or. 1983)

The Court will disregard any allegations that are conclusions of law and mere "recitation of the elements of a particular claim for relief, without more, is not a statement of ultimate facts sufficient to constitute that claim for relief." *Huang v. Claussen, supra.* "[N]othing passes as a fact unless it is expressed in plain and concise language." *Harding v. Bell,* 265 Ore. 202, 209 (Or. 1973), *citing Baker Hotel v. Employees Local 161*, 187 Or 58, 64, 207 P2d 1129, 1132 (1949).

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 7
PAGE 4

"Plaintiffs is presumed to have stated his case as strongly as the facts will justify, and facts not alleged will be presumed not to exist." *Harding, supra citing Windle, Adm'x et al v. Flinn et al*, 196 Or 654, 662, 251 P2d 136 (1952). Thus "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir.2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations must be more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic, Id. at 555.*

A claim has facial plausibility only when the Plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id. at 556.* It asks for more than a sheer possibility that a defendant has acted unlawfully, *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id. at 557.* In *Ashcroft v. Iqbal, U.S., 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009),* the Supreme Court explained the analysis a court must take:

> Two working principles underlie our decision… First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice …
>
> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss … [and] where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' ….
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 1
PAGE 5

# III ARGUMENT

## THE ALLEGATIONS LACK LEGAL AND FACTUAL SUPPORT.

### A  THE PROMISSORY NOTE IS NOT REQUIRED IN A NON JUDICIAL FORECLOSURE

Plaintiff argues that Defendant is required as a pre condition to a non judicial foreclosure, to present Plaintiff with the original note to determine if the note has been endorsed to a "holder in due course." That is not the law. The general rule is that an " indorsement of a negotiable instrument is not within the meaning of a statute providing for the recording of assignments of mortgages and deeds of trust. *Hughes v. Kaw Inv. Co.*, 97 So. 465 (Miss. 1923). The Oregon Trust Deed Act, does not mention the promissory note and "does not require presentment of the Note or any other proof of 'real party in interest' or 'standing', other than the Deed of Trust." *Stewart v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 1055131 *12 (D. Or. 2010) (findings and recommendation of Magistrate Judge Papak *adopted* by Order dated March 19, 2010 by Judge Garr King). This is because the exercise of the power of sale, is not an action to sue on the note.

### 1) PLAINTIFF'S PROPERTY IS BEING FORECLOSED NOT THROUGH A JUDICIAL PROCEEDING BUT UNDER A POWER OF SALE AND IT IS THUS NOT AN ACTION TO RECOVER A JUDGMENT ON A DEBT.

It is not in dispute that Plaintiffs voluntarily executed a Note and Deed of Trust. This is often referred to as a mortgage. A mortgage is generally foreclosed through a judicial process. However, unlike a traditional Mortgage, a Deed of Trust maybe "foreclosed" through an auction sale instead of a court proceeding:

> "[I]t confers upon a trustee the power to sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action."

McCarthy & Holthus LLP
19735 10ᵗʰ Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT ___1___

PAGE ___6___

*Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp.*, 209 Or.App. 528, 149 P.3d 150 (Or.App. 2006) at 542, also *See* Oregon Trust Deed Act (Act), ORS 86.705 to 86.795.

The holder of the beneficial interest, instructs the trustee/auctioneer to commence foreclosure proceedings by filing a notice of default. *See* ORS 86.735. Once that notice is recorded, a sale date is set and the auctioneer trustee then prepares a notice of such sale and provides notice to affected parties. The borrower has a right by statute, to reinstate his loan or pay it off prior to sale.

A sale under a power of sale, i.e. a sale by a trustee, "is not a judicial sale, although, ..., it is as valid and binding and has the same force and effect as a sale under a decree." 55 Am.Jur. 2d, Mortgages §694, p. 635, also see *Siuslaw Valley Bank, Inc. v. Christopher H. Canfield Associates, Oreg., Ltd.*, 64 Ore. App. 198, 201 (Or. Ct. App. 1983) ("statute [ORS 86.735] sets forth the circumstances under which a trustee may proceed by advertisement and sale; it does not govern judicial foreclosure of a trust deed.")

While the process is governed by statute, the authority to conduct such a sale is a matter of contract. It is the Grantor, i.e. Plaintiffs, that grants the power of sale upon default. Court's have universally upheld that contractual right:

> There is nothing in the law of mortgages, nor in the law that covers what are sometimes designated as "trust deeds in the nature of mortgages," which prevents the conferring by the grantor or mortgagor in such instrument of the power to sell the premises described therein upon default in payment of the debt secured by it... *Bell Silver &Copper Mining Co. v. First Nat. Bank of Butte, 156 U.S. 470 at page 477, 15 S.Ct. 440 at page 443, 39 L.Ed. 497 at page 501*

This is no different in Oregon. The right conferred upon the mortgagee by the mortgage is the right, upon default to have the mortgage foreclosed and the mortgaged property sold to satisfy his demand. *Schleef v. Purdy*, 214 P. 137, 140 (Or. 1923). If that right is written into the contract,

McCarthy & Holthus LLP
19735 10ᵗʰ Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 1

PAGE 1

the borrower must expect that in the face of a breach, this remedy will be invoked. *Uptown Heights Assocs. Ltd. Partnership v. Seafirst Corp.*, 320 Ore. 638, 645 (Or. 1995).

Plaintiff's theory, that foreclosure may not be commenced until Defendant produces the note, is thus unfounded. Plaintiff has offered neither a rational why the original note would be relevant in the foreclosure process nor even a single Oregon case to stand for the proposition that Defendant must produce the note before commencing a (foreclosure) sale. [1]

The exercise of the power of sale is not an attempt to collect funds from Plaintiffs:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money...Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.
>
> ...
>
> An important point here is that with a trust deed, the trustee possesses the power the sale which may be exercised after a breach of the obligation for which the transfer in trust of the interest in real property is security. Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.
>
> *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)

Simply put, an "action to foreclose on the security does not constitute an action to recover a judgment on the debt. *Wright v. Associates Financial Services Co.*, 59 Ore. App. 688, 693 (Or. Ct. App. 1982). The Note is therefore irrelevant in this type of process. And it becomes clear why Oregon's comprehensive non-judicial system simply does not require a foreclosing entity to

---

[1] That is because no such cases exist. The cases that spawned this popular theory are cases from other states that have exclusively *judicial* foreclosure systems, in which the foreclosing lender must prove in a court of law that it has the capacity to sue, i.e. standing, to initiate court proceedings to foreclose. *See e.g., Newbeck v. Wash. Mut. Bank, 2010 U.S. Dist. LEXIS 3830 (N.D. Cal. Jan. 19, 2010)*( rejecting popular cited cases such as *Landmark Nat'l Bank v. Kesler, 289 Kan. 528, 216 P.3d 158 (2009)*, because those cases do not apply to non-judicial foreclosure sale statutes.)

The two cases most often cited are Landmark, supra, and *Bellistri v. Ocwen, 284 S.W.3d 619 (Mo. Ct. App. 2009)*. The issue in Landmark was whether in a judicial foreclosure the Plaintiff had to provide notice to MERS, the named beneficiary on a junior deed of trust, in addition to the Lender. The issue in *Bellistri* was whether Ocwen, a loan servicer, could challenge a tax deed under Missouri law in its own name, not whether Ocwen or MERS had standing to exercise the contractual power of sale under the Deed of Trust. *Also see Mortgage Elec. Registration Sys. v. Bellistri, 2010 U.S. Dist. LEXIS 67753 (E.D. Mo. July 1, 2010)*( MERS in fact has standing to foreclose and the tax deed was issued subject to the interest of MERS).

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 1
PAGE 8

"produce the note" upon demand by the borrower: "Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor." *Id.* Nowhere in the Deed of Trust, Note, or in the Oregon foreclosure statutes, is there a requirement to produce the promissory note or show physical possession to commence the sale. Plaintiffs have provided no authority and no rational for the thesis that a foreclosure conducted pursuant to ORS 86.705 through 86.795, also needs to comply with the requirements for a judicial foreclosure. This is then simply a renewed attack on the statutory foreclosure scheme as provided for in ORS 86.705 et.seq., which has already been upheld by the Oregon courts based on constitutional challenges. *Wright, supra at* 693. There is no doubt that "[n]o requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure." *Pantoja, supra, at 15*[2]. Therefore, the absence of an original promissory note in a non-judicial foreclosure does not render a foreclosure invalid." *Candelo v. NDEX West, LLC,* 2008 U.S. Dist. LEXIS 105926 (E.D. Cal. Dec. 23, 2008); *Neal v. Juarez, No. 06-0055, 2007 WL 2140640,* 8 (S.D. Cal. July 23, 2007) (*citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97 (1933); California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432, 435 (1935)).*

---

[2] *also see Contreras v. U.S. Bank*, 2009 U.S. Dist. LEXIS 121944, 2009 WL 4827016 (D. Ariz. 2009), *Rodriguez v. Litton Loan Servicing LP, No. 09-00029, 2009 WL 1326339,* 6 (E.D. Cal. May 12, 2009); *Candelo v. NDEX West, LLC, No. 08-1916, 2008 U.S. Dist. LEXIS 105926,* 12 E.D. Cal. Dec. 23, 2008) (same); *Farahani v. Cal-Western Reconveyance Corp., No, 09-194, 2009 WL 1309732,* 2 (N.D. Cal. May 8, 2009) ("[P]ossession [of the note] is not required for a non-judicial foreclosure.") *San Diego Home Solutions, Inc. v. Reconstruct Co.,* No. 08-1970 L, 2008 U.S. Dist. LEXIS 99684, 5 (S.D. Cal. Dec. 10, 2008) Also see *Candelo v. NDEX West, LLC,* No. CV F 08-1916, 2008 U.S. Dist. LEXIS 105926, 2008 WL 5382259, at 4 (E.D. Cal. Dec. 23, 2008), *Putkkuri v. Recontrust Co., No. 08cv1919, 2009 U.S. Dist. LEXIS 32, 2009 WL 32567,* at 2 (S.D. Cal. Jan. 5, 2009).

Memo Motion to Dismiss – 7

M&H# OR10-8111

McCarthy & Holthus LLP
19735 10ᵗʰ Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT _1_

PAGE _9_

### 2) A SERVICER MAY ACT AS THE AGENT FOR THE OWNER OF THE LOAN IN INSTRUCTING THE TRUSTEE TO COMMENCE FORECLOSURE.

Plaintiff's argument also relies on a deliberate confusion between principal and agent. As its name indicates, Aurora Loan Services, is a loan servicer. It does not claim to be the principal.

A loan Servicer acts as the agent of the principal in enforcing the promissory note and deed of trust. Servicing authority implies authority to initiate foreclosures if necessary. As Judge Posner has stated "[e]very mortgage needs someone to collect the borrower's monthly payments ... and if necessary foreclosing the mortgage." *CWCapital Asset Mgmt., LLC v. Chi. Props., LLC*, 610 F.3d 497, 501 (7th Cir. Ill. 2010). *The Financial Real Estate Handbook*, 3rd Ed.(1994), defines "servicing" or "mortgage servicing" as

> [c]ontrolling the necessary duties of a mortgagee, such as collecting payments, releasing the lien upon payment in full, **foreclosing if in default**, and making sure the taxes are paid, Insurance is in force, etc. Servicing may be done by the lender or a company acting for the lender, for a servicing fee. (emphasize added)

The Federal Trade Commission uses a similar explanation in its *The Real Estate Marketplace Glossary: How to Talk the Talk*:

> **Servicer:** A firm that performs servicing functions, including collecting mortgage payments, paying the borrower's taxes and insurance and generally managing borrower escrow accounts.
> **Servicing:** The tasks a lender performs to protect the mortgage investment, including the collection of mortgage payments, escrow administration, and **delinquency management.**

*www.ftc.gov/bc/edu/pubs/consumer/homes/zrea03.pdf*

These obligations to service the loan remain with the loan servicer, and do not get transferred upon the sale of the note:

> **20. Sale of Note; Change of Loan Servicer; Notice of Grievance....**If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser...

Memo Motion to Dismiss – 8

M&H# OR10-8111

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 7
PAGE 10

A mortgage servicer has standing to sue in his own name. *CWCapital Asset Mgmt., LLC v. Chi. Props., LLC*, 610 F.3d 497, 501 (7th Cir. Ill. 2010), relying on *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269, 128 S. Ct. 2531, 2541, 171 L. Ed. 2d 424 (2008), *also see Sturgis v. Baker*, 43 Ore. 236, 243 (Or. 1903) ("[I]n law a collecting bank is the agent of the holder of the note...") .

### 3) THE STANDING DOCTRINE DETERMINES THE CAPACITY TO SUE NOT THE CAPACITY OF DEFENDANT TO EXERCISE CONTRACTUAL REMEDIES

Plaintiff is attempting to convert a shield protecting Defendants from multiple lawsuits into a cause of action, and thus a sword for Plaintiff. His argument regarding standing confuses the judicial foreclosure process used in a regular mortgage, with the contractual right of sale which is used to "foreclose" a Deed of Trust. In his complaint he wants to in fact force Defendant to show they have standing to foreclosure their interest in the real property, to in effect bring a mortgage foreclosure suit. However it is not upon the Defendant to proof they have standing, but on the Plaintiffs to show that the named Defendant has no power to foreclose. *First Nat'l Bank v. Malady*, 242 Ore. 353, 357 (Or. 1965) (In declaratory judgment cases, the plaintiff initiating the action and who makes affirmative allegation must bear the burden of proving what he alleges).

Plaintiffs' understanding of the theory of Standing is simply wrong. The term "justiciable"--along with its companion terms "standing," "mootness," and "ripeness"... are, in brief, judicial constructs, developed first in reference to the "judicial power" conferred on federal courts under Article III of the United States Constitution and later adopted by the Oregon courts in reference to the "judicial power" conferred under Article VII (Amended) of the state constitution. *Utsey v. Coos County*, 176 Ore. App. 524, 529 (Or. Ct. App. 2001).

McCarthy & Holthus LLP
19735 10ᵗʰ Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 7
PAGE 11

Standing thus focuses on the Plaintiffs' standing, not the Defendant's. What is at issue is the capacity to sue not the capacity to be sued.

In addition to this constitutional standing doctrine, there is also an element of "prudential standing." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). This is also referred to as the real party in interest doctrine. The real party in interest doctrine is for the benefit of a party defendant to protect that defendant from multiple suits. *Pacific Coast Agricultural Export Asso. v Sunkist Growers, Inc.* (1975, CA9 Cal) 526 F2d 1196, 1975-2 CCH Trade Cases P 60617, *cert den* (1976) 425 US 959, 96 S Ct 1741, 48 L Ed 2d 204.

### (a) THE STATUTORY PROCESS PROTECTS PLAINTIFF AGAINST BEING HARASSED TWICE FOR THE SAME CAUSE.

The Oregon Supreme Court explained the general rational for the real party in interest rule succinctly a century ago:

> The statute requiring that every action shall be prosecuted in the name of the real party in interest was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause. But **if not cut off from any just offset or counterclaim against the demand, and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end.** This is the test as to whether such a defense is properly interposed...

*Sturgis v. Baker*, 43 Ore. 236, 240 (Or. 1903) (internal citations omitted)(emphasize added)

As the *Sturgis* court explained, the test of standing is whether the party raising standing is being protected from "being again harassed for the same cause." *Sturgis, supra.* If a "judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end." *Id.* The proper focus of the rule is to determine whether the party seeking its shelter is protected from contrary or subsequent claims. The rule looks at the process to determine whether a

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT ___1___

PAGE ___12___

decision will protect the defendant against subsequent actions. It is not a rule to make contractual obligations unenforceable.

A non judicial foreclosures under a power of sale und the applicable statutes provides procedural "due process." *See Wright, supra.* In addition to the notice provisions, ORS 86.770 specifically provides protection for the Plaintiff from being "harassed" twice for the same debt by limiting a creditors remedy to the sale of the property. Pursuant to subsection 2, after a foreclosure sale, no action for a deficiency may be brought against Plaintiff. In other words, the foreclosure sale is the sole remedy of a "Creditor," at least with respect to residential mortgages and deeds of trust. As discussed below, that Creditor is bound by the acts of its foreclosing agents with respect to the outcome of the foreclosure. Plaintiff is thus protected from "being again harassed for the same cause" by the very nature of the non-judicial foreclosure process.

The argument that Plaintiff needs to institute a declaratory action to protect herself from a civil "double jeopardy" is therefore a red herring.

### 4) THOSE THAT SEEK EQUITY MUST DO EQUITY – PLAINTIFFS CANNOT SEEK RESCISSION OR OTHERWISE CHALLENGE A "WRONGFUL FORECLOSURE" WITHOUT TENDERING OR OFFERING TO TENDER THE LOAN PROCEEDS.

While many of Plaintiffs' claims are aimed at rescinding the subject loan transactions, nowhere in the Complaint does Plaintiff allege that he is able and willing to tender the money he has borrowed.

That is a vital element to Plaintiff's cause of action. Generally, a court of equity will not interfere in the absence of some fraud or improper practice *Johnson v. Feskens*, 146 Ore. 657, 661 (Or. 1934). And, "he who seeks equity must do equity." *Jensen v. Probert*, 174 Ore. 143, 149 (Or. 1944). So for example, to have a court determine that an "equitable mortgage" exists,

McCarthy & Holthus LLP
19735 10ᵗʰ Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 1
PAGE 13

tender must be alleged. *Marshall v. Williams*, 21 Ore. 268, 275 (Or. 1891), *also see, Stations West, LLC v. Pinnacle Bank of Oregon*, 338 Fed. Appx. 658, 660 (9th Cir. 2009)(unpublished)(Plaintiff failed to allege it could remedy notice of default.) This is because there can be no wrongful foreclosure unless the debt was not due. *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (Nev. 1983) ("material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.")

Moreover, a party seeking to stop or reverse foreclosure proceedings must first make a "valid and viable tender [offer] of payment of the indebtedness." *Karlsen v. American Sav. & Loan Assn, 15 Cal. App. 3d 112, 117 (2d Dist. 1971); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (2d Dist. 1984)* ("an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); *see also Keen v. Am. Home Mortgage Svcg, Inc.*, No. 2:09-cv-01026-FCD-KJM, Docket No. 36, slip op. at p. 22 (E.D. Cal. Oct. 21, 2009) (dismissing wrongful foreclosure claim on the ground that the Plaintiffs failed to allege that they had tendered, or at minimum, that they was able and willing to tender, the loan proceeds), *Stations West, supra.*

The bottom line is that Plaintiffs must be able to return the funds they borrowed before they can rescind this loan, even if they could prove they were entitled to rescind. Thus, as a threshold matter, if the Plaintiffs are unwilling or unable to rescind, it makes little difference whether they are entitled to do so.

**B  MERS HAS THE POWER TO APPOINT A SUCCESOR TRUSTEE**

    **1)  AN OVERVIEW OF MERS.**

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT   7

PAGE   14

MERS is an electronic registration system that was created in the aftermath of the 1993 savings and loan crisis. *Jackson v. Mortg. Elec. Registration Sys., 770 N.W.2d 487, 490 (Minn. 2009); see also Bucci v. Lehman Brothers Bank, FSB,* No. 09-3888, 2009 R.I. Super, LEXIS 110, 8 (Aug. 25, 2009); *MERSCORP, Inc. v. Romaine, 861 N.E.2d 81, 83 (N.Y. 2006).* It was created by the Mortgage Bankers Association, Fannie Mae, Freddie Mac, the Government National Mortgage Association, the Federal Housing Administration, and the Department of Veterans Affairs. Gerald Korngold, *Legal and Policy Choices in the Aftermath, of the Subprime and Mortgage Financing Crisis,* 60 S.C. L.Rev. 727, 741-43 (2009).

MERS does not own loans, nor does it claim to own loans - MERS simply serves as beneficiary in a nominee capacity for the note owner, pursuant to the contractual relationship between MERS and the note owner. The borrower is notified of this relationship and agrees to the same because it is the borrower who executes the mortgage or deed of trust naming MERS as mortgagee or beneficiary.

## 2) MERS' LEGAL RIGHT TO ENFORCE THE DEEDS OF TRUST.

### 1. PLAINTIFFS CONTRACTUALLY AGREED THAT MERS WOULD SERVE AS NOMINEE FOR THE LENDER AND ITS ASSIGNS AND BENEFICIARY UNDER THE DEED OF TRUST.

The Deed of Trust states, in relevant part, that "MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. *MERS is the beneficiary under this Security Instrument.*" *See Instrument #_____ on _____ records of _____, Exhibit 101, Motion for Judicial Notice (hereafter Exhibit 101).* Further, in the Deed of Trust, Plaintiff acknowledges and agrees that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." (*Id.* at p. 3). Thus, not only did Plaintiff agree

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT     7
PAGE     15

that MERS would be designated as the nominee for the Lender and the beneficiary under the

Deed of Trust, Plaintiffs agreed that

> MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of these interests, including but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (*Id.* at 3).

The above cited language makes clear that the Deed of Trust contractually authorizes MERS to

enforce the Deed of Trust on behalf of the Lender and its successors and assigns. See e.g. *Blau v.*

*America's Servicing Co.*, 2009 U.S. Dist. LEXIS 90632 (D. Ariz. Sept. 28, 2009). This includes

the power to initiate foreclosure. That power, once granted cannot be unilaterally revoked by the

Grantor. *See*. 55 Am. Jur. 2d Mortgages §689.     For these reasons alone, Plaintiffs' argument

fails.

### 3) MERS WAS A VALID BENEFICIARY UNDER THE DEED OF TRUST

*Oregon Revised Statutes* ("ORS") Chapter 86.705 *Trust Deeds – Definitions* states that a

deed of trust beneficiary "means the person named or otherwise designated in a trust deed as the

person for whose benefit a trust deed is given, or the person's successor in interest..." This

statute was quoted by Justice Henry C. Breithaupt of the Clackamas County Circuit Court in a

written decision awarding attorney's fees to MERS related to MERS' defense of an action

brought by the plaintiff seeking a judicial determination of the priority of plaintiff's construction

lien. Parkin Electric, Inc. v. Saftencu, et al Clackamas County Circuit Court No. LV08040727

(March 12, 2009). A copy of the Court's decision is attached hereto as **Exhibit "A"**. The Court

awarded summary judgment to MERS finding that its mortgage lien had priority over the

plaintiff's construction lien and MERS then applied to the Court for an award of attorney's fees.

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT  1
PAGE  16

The plaintiff opposed MERS' application claiming MERS was not the real party in interest to ask

for an award of attorney's fees and was not entitled to seek the benefit of Oregon's lien statutes.

In the Parkin Electric decision the Court held that MERS by virtue of its' position as

beneficiary of the deed of trust encumbering co-defendant, Saftencu's real property, was a real

party in interest to the construction lien action and therefore was entitled to seek attorney's fees

from the plaintiff. The Court found that the parties to the deed of trust contract i.e. the borrower,

MERS and the original lender agreed "that MERS could and would act as, in effect, agent for the

original lender and any later holder of the rights of the original lender". Parkin Electric at page 4.

The Court held that Oregon recording statutes "do not prevent agency arrangements as agreed

upon among borrowers, lenders, trustees and beneficiaries" and that MERS as beneficiary and

mortgagee according to Oregon's mortgage laws was entitled to the protection of Oregon's lien

statutes, *ORS Chapter 87*. See Parkin Electric at page 5 and *ORS Chapter 86.715*. The Court went

on to point out in its decision that the plaintiff failed to provide certain notices to MERS in

violation of Oregon law because MERS' interest in the deed of trust (even as nominee for the

original lender) was recorded and known to the plaintiff and thus MERS was entitled to notice

pursuant to the notice provisions of Oregon's lien statutes. See Parkin Electric at page 5, "The

notice provisions in the lien statutes do not direct notices be given to lenders but rather direct that

they be given to "mortgagees". Parkin Electric at page 5.

The Court granted MERS application for fees and costs finding that the plaintiff in its

original action and in its opposition to MERS' application for fees could not establish "that

MERS was not the beneficiary of a trust deed or that MERS was somehow disabled from making

an assertion that it was a beneficiary of a trust deed." Similar to what the Delaneys are doing in

this present action i.e. challenging MERS ability to be the beneficiary of their Deed of Trust and

McCarthy & Holthus LLP
19735 10ᵗʰ Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 7
PAGE 19

the validity of MERS' 2008 assignment to IndyMac Federal Bank, the Court in <u>Parkin Electric</u> found that the plaintiff chose to "act as a private attorney general" and "go on a crusade" against the contractual practices that lenders, borrowers, and MERS have chosen to use, practices which "are not proscribed by [Oregon] law." <u>Parkin Electric</u> at page 6.

In <u>Stewart v. Mortgage Electronic Registration Systems, Inc. et al</u>, 2010 WL 1055131 (D. Or. Feb. 9, 2010)(Findings and Recommendations adopted in their entirety and final judgment entered on March 19, 2010) Magistrate Judge Papak held that a MERS deed of trust assignment gave the foreclosing party (assignor of the MERS deed of trust assignment) standing to foreclose and the power and authority to appoint a successor trustee. In the <u>Stewart</u> case MERS was the original beneficiary of the deed of trust until it assigned its interest in the deed of trust to U.S. Bank National Association ("U.S. Bank"). Subsequent to the MERS assignment U.S. Bank initiated non-judicial foreclosure proceedings against the plaintiff/borrower, Stewart. Stewart challenged the standing of U.S. Bank to foreclose claiming that neither U.S. Bank nor the successor trustee were real parties in interest. The Court found that U.S. Bank was the real party in interest as the successor to the MERS deed of trust and had the standing to appoint a successor trustee and foreclose. Judge Papak stated that the Oregon Deed of Trust Act "does not require presentment of the Note or any other proof of "real party in interest" or "standing", other than the Deed of Trust." Id. at *12. Judge Papak concluded that whereas MERS' assignment of interest and the appointment of a successor trustee were properly recorded, the defendants fully complied with the Oregon Trust Deed Act and had standing to foreclose the plaintiff's property. <u>Stewart</u> at *12. Thereafter, Judge King adopted Judge Papak's decision in full. *Stewart v. MERS*, 2010 WL 1054775 (D. Or. Mar. 19, 2010).

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 1
PAGE 18

Similar to the <u>Stewart</u> Court, courts throughout the Ninth Circuit including Courts in

California, Arizona, and Washington have also held that under their particular states recording,

lien and foreclosure laws MERS is a valid beneficiary of a deed of trust and has the power and

authority to assigns its beneficial interests in a deed of trust to a third party. *See* <u>Derakhshan v.</u>

<u>Mortgage Electronic Registration Systems, Inc.</u>, 2009 U.S. Dist. LEXIS 63176 (C.D.

Cal.)(MERS motion to dismiss plaintiff's amended complaint as to claims for injunctive relief

and fraud against MERS and foreclosing lender granted) "MERS is the named beneficiary in the

Deed of Trust. By signing the Deed of Trust, Plaintiff agreed that MERS would be the

beneficiary and act as nominee for the lender...Plaintiff explicitly authorized MERS to act as

beneficiary with the right to foreclose on the property. Plaintiff is clearly not entitled to injunctive

relief based on MERS' standing" <u>Derakhshan</u> at 18; and <u>Ciardi v. The Lending Company</u>, 2010

WL 2079735 (D. Ariz.)(MERS motion to dismiss plaintiffs' first amended complaint granted and

plaintiffs' application for temporary and permanent injunction (to stop non-judicial foreclosure

sale) denied)"The deed of trust, as quoted, in Plaintiffs' amended complaint, designates MERS as

the beneficiary and authorizes MERS to take any action to enforce the loan, including the right to

foreclose and sell the property. To the extent Plaintiffs rely on a theory that the beneficiary must

have an interest in the actual note, Plaintiffs have failed to cite any law so requiring. Further,

Plaintiffs have failed to allege any facts or otherwise explain how the mere listing of MERS as

the beneficiary renders the deed of trust invalid". <u>Ciardi</u> at 3-4

In <u>Vawter v. Quality Loan Service Corporation of Washington</u>, et al, Case No. C 09-

1585JLR (W.D. Wash.), the Court granted MERS and the loan servicer's motion for judgment on

the pleadings finding that MERS is a proper deed of trust beneficiary under Washington law. The

Court declined to accept the Vawters' arguments that MERS cannot be a beneficiary of a deed of

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 7
PAGE 19

trust in Washington. The Vawter Court quoted from its 2008 decision in <u>Moon v. GMAC</u>
<u>Mortgage Corp.</u>, No. C08-969Z, 2008 WL 4741492 (W.D. Wash. Oct. 24, 2008) finding that
"[s]imply because MERS registers documents in a database does not prove that MERS cannot be
the legal holder of an instrument."

Under Oregon law and the laws of other non-judicial foreclosure states in the Ninth
Circuit, MERS is a valid beneficiary of a deed of trust and it has the authority and power to
transfer its interest in a deed of trust to a third-party, permitting that third-party to foreclose on a
deed of trust in the State of Oregon.

In this matter the plaintiff consented to MERS being the beneficiary of hisr Deed of Trust
when the executed the same. He agreed to enter into the home loan transaction with the
originating lender IndyMac Bank. MERS as the beneficiary of the Deed of Trust was the
agent/nominee of IndyMac Bank. Oregon law does not prohibit MERS from being the
beneficiary of the Plaintiffs' Deed of Trust.

## A ESTOPPEL BY ACQUIESCENCE

Plaintiff also alleges that he should not be foreclosed upon because of the doctrine of
"Estoppel by Acquiescence." Estoppel is an equitable principle that precludes someone from
exercising a right to another's detriment if the right holder, through words or conduct, has led the
other to believe that the right would not be exercised. Daly v. Fitch, 70 Ore. App. 18, 22 (Or. Ct.
App. 1984). The doctrine does not apply, even if Plaintiff's own inequitable conduce, discussed
above, is ignored.

Acquiescence implies active consent. *Tillamook Country Smoker v. Tillamook County*
*Creamery Ass'n*, 311 F. Supp. 2d 1023, 1031 (D. Or. 2004). Mere silence or "passive
acquiescence," does not produce an estoppel. *Molalla v. Coover*, 192 Ore. 233, 249 (Or. 1951),

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT ___1___

PAGE ___21___

*citing Fraser v. Portland,* 81 Or. 92, 158 P. 514. Generally, estoppel by acquiescence requires 4

elements, (1) "unreasonable and inexcusable delay" coupled with (2) affirmative conduct which

(3) induces the belief that a claim has been abandoned and (4) detrimental reliance. *Adidas Am.,*

*Inc. v. Payless Shoesource,* Inc., 546 F. Supp. 2d 1029, 1075 (D. Or. 2008).    There is no

argument that there was any affirmative conduct by Defendant to lead the Plaintiff to believe that

he no longer had to pay his mortgage obligation.    Instead, the Complaint alleges affirmative

conduct on part of the Plaintiff to artificially create an argument for the estoppel.  This is simply

another case where an equitable defense is turned on its head and turned into a sword to avoid

having to deal with the consequences of not repaying a mortgage loan.

## IV  CONCLUSION

There is no question that there is a mortgage crisis, and while John F Kennedy famously saw

opportunity in every crisis, there are also opportunists in every such crisis.  There are those that

pray on the hopes and fears of mortgagors that no longer can afford their mortgages, that promise

something for nothing, that conjure away debt as by magic.  The internet is full of websites that

promise to magically make mortgage debt go away. They provide case citations, "legal

advice"(with the big disclaimer that it is not legal advice) and in some instances pleading

templates.  Those conjurers of cheap tricks, however, do not provide a service to anyone.  Their

case law citations are misleading and incomplete.  They coble together unrelated doctrines in

isolation to build elaborate circular arguments. They provide false hope, clog up the judicial

system with frivolous complaints, and perpetuate uncertainty at a time where certainty is badly

needed.  Foreclosure is an unfortunate realty in this economy, but it is also a necessary realty.

Without a clear and predictable remedy, there is no mortgage lending.  Without lending there is

no one to buy, sell or built homes.

Memo Motion to Dismiss – 19

M&H# OR10-8111

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT   1

PAGE   21

Plaintiff may not be to blame for pinning his hopes on such websites, but he cannot argue away the cold hard fact that he has not paid his mortgage as agreed, and that when he entered into the bargain he also agreed that this failure would result in a non-judicial sale of his real property.

DATED: October 21, 2010

MCCARTHY & HOLTHUS LLP

_____
Holger Uhl, OSB# 950143
Attorney for Defendant

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT ___7___
PAGE ___22___

# CERTIFICATE OF SERVICE

I certify that on _____ ____, 2010, I served a copy of the foregoing document by first class mail on the following:

| | |
|---|---|
| GRANT W. RICHARDS AND<br>JULIE L. RICHARDS<br>41546 Washington Gulch Road,<br>Baker City, Oregon 97814 | _____ U. S. Mail, Postage Prepaid<br>_____ Hand Delivery<br>_____ Overnight Mail<br>_____ Via Facsimile |
| *Rochelle L. Stanford*<br>Pite Duncan , LLP<br>4375 Jutland Drive, Suite 200<br>San Diego, CA  92117 | _____ U. S. Mail, Postage Prepaid<br>_____ Hand Delivery<br>_____ Overnight Mail<br>_____ Via Facsimile 619-326-2430 |

_____
Of the Firm
McCarthy & Holthus, LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT ___1___
PAGE ___23___

the information shown on the MERS® System and the information in the public records, the Member shall promptly correct the information on the MERS® System.

(b) At or prior to the time a Member registers a mortgage loan on the MERS® System, such Member shall provide evidence reasonably satisfactory to MERS demonstrating that Mortgage Electronic Registration Systems, Inc. is, or as soon as practicable shall be, properly recorded as mortgagee of record in the appropriate public records with respect to such mortgage loan.

(c) Mortgage Electronic Registration Systems, Inc. shall not act as mortgagee of record for the purpose of procuring borrowers for the Member or making mortgage loans on behalf of the Member.

(d) Reference herein to "mortgage(s)" shall include deed(s) of trust, and any other form of security instrument under applicable state law. .References herein to "mortgagee of record" shall include the named beneficiary under a deed of trust in those jurisdictions where deeds of trust are used to secure loans, and any similar status as used in connection with any other form of security instrument under applicable state law.

*Section 6.*    MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes. In the absence of contrary instructions from the beneficial owner, MERS and Mortgage Electronic Registration Systems, Inc. may rely on instructions from the servicer shown on the MERS® System in accordance with these Rules and the Procedures

EXHIBIT ___8___

PAGE ___1___

FILED'11 MAY 25 9 50USIC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

IVAN HOOKER and KATHERINE
HOOKER,

               Plaintiffs,          Civ. No. 10-3111-PA

                                        **ORDER**

    v.

NORTHWEST TRUSTEE SERVICES,
INC.; BANK OF AMERICA, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

               Defendants.

**PANNER, J.**

    Before the court is a motion to dismiss (#8) and request for

judicial notice (#6) by Bank of America, N.A. and Mortgage

Electronic Registration Systems, Inc. (MERS).[1] Defendants'

request for judicial notice is GRANTED. Defendants' motion to

dismiss is DENIED. Plaintiffs' request for a declaratory judgment

is GRANTED.

---

    [1]Plaintiffs dismissed their claims against Northwest Trustee
Services, Inc (Northwest).

1  - ORDER

EXHIBIT   9

PAGE   1

### BACKGROUND

Except where noted, the following background is from the complaint or judicially noticeable materials.

On November 17, 2005, plaintiffs obtained a loan from GN Mortgage, LLC. A trust deed secured the loan. The note and trust deed list GN as the lender. The trust deed lists MERS as the beneficiary. MERS is not listed on the note. The trust deed lists Regional Trustee Services Corp. as trustee. On November 23, 2005, the trust deed was recorded in the Jackson County land records.

In September 2009, plaintiffs defaulted. On May 3, 2010, MERS assigned the trust deed to Bank of America. Also on May 3, MERS appointed Northwest successor trustee. That same day, Northwest executed a notice of default and election to sell. On May 7, 2010, defendants recorded the May 3 assignment of the trust deed, appointment of successor trustee, and notice of default and election to sell.

On September 7, 2010, plaintiffs filed the complaint in state court. On September 13, 2010, Wells Fargo Bank, N.A., as attorney in fact for Bank of America, appointed Northwest successor trustee. On September 16, 2010, Northwest executed a rescission of the notice of default recorded on May 7, 2010. Also on September 16, 2010, Northwest executed a second notice of default and election to sell. On September 20, 2010, defendants recorded the September 16, 2010 appointment, rescission, and

2  - ORDER

EXHIBIT ___9___
PAGE ___2___

second notice of default.

On October 7, 2010, defendants removed the case to this court. On January 19, 2011, pursuant to my order, defendants submitted a complete chain of title for the note and trust deed. Defendants' chain of title included a copy of a January 3, 2011 "MIN Summary and Milestones." (Jan. 31, 2011 McCarthy Decl., Ex. 1, 1-2.) The MIN Summary is how MERS members track transfers of servicing and ownership rights of loans within the MERS system. According to the MIN Summary, on December 9, 2005, Guaranty Bank, FSB transferred the beneficial interest in the trust deed to Wells Fargo Home Mortgage. (Jan. 31, 2011 McCarthy Decl., Ex. 1, 1-2.) Although Guaranty Bank appears to have been the original servicer of the loan, the record is silent as to how or when Guaranty Bank obtained the beneficial interest in the trust deed.

On December 14, 2005, Guaranty Bank transferred the servicing rights to Wells Fargo Home Mortgage. (Jan. 31, 2011 McCarthy Decl., Ex. 1, 2.) On July 15, 2006, Wells Fargo Home Mortgage transferred the beneficial interest in the trust deed to Bank of America. (Jan. 31, 2011 McCarthy Decl., Ex. 1, 2.) Defendants did not record the transfer of the beneficial interest in the trust deed from Guaranty Bank to Wells Fargo or from Wells Fargo to Bank of America in the Jackson County land records. As noted above, defendants did record a May 3, 2010 assignment of the trust deed from MERS to Bank of America.

3  - ORDER

EXHIBIT ___9___
PAGE ___3___

## STANDARDS

On a motion to dismiss, the court reviews the sufficiency of the complaint. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). This review is generally limited to the allegations in the complaint, exhibits attached to the complaint, and judicially noticeable materials. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. <u>Id.</u>

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. <u>Id.</u> All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>American Family Ass'n, Inc. v. City & County of San Francisco</u>, 277 F.3d 1114, 1120 (9th Cir. 2002). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. <u>Iqbal</u>, 129 S.Ct. at 1950.

4 - ORDER

EXHIBIT  9
PAGE  4

**DISCUSSION**

## I. Judicial Notice

Federal Rule of Evidence 201 states that a court may take judicial notice of a fact outside the pleadings if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), impliedly overruled on other grounds as discussed in Gallardo v. Dicarlo, 203 F.Supp.2d 1160, 1162 n.2 (C.D. Cal. 2002). Defendants request the court take judicial notice of the following documents recorded September 20, 2010: (1) rescission of the May 3, 2010 notice of default and election to sell; (2) September 13, 2010 appointment of successor trustee; and (3) September 16, 2010 notice of default and election to sell. Each document is recorded in the Jackson County land records. Defendants' request for judicial notice (#6) is GRANTED.

## II. Motion to Dismiss

Under the Oregon Trust Deed Act, "'Beneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest . . . ." ORS 86.705(1). The trust deed at issue states:

> The beneficiary of this Security Instrument is MERS
> (solely as nominee for Lender and Lender's successors
> and assigns) and the successors and assigns of MERS.

5  - ORDER

EXHIBIT __9__.

PAGE __5__

> This security Instrument secures to Lender: (i) the
> repayment of the Loan, and all renewals, extensions and
> modifications of the Note; and (ii) the performance of
> Borrower's covenants and agreements under this Security
> Instrument and the Note.
>
> . . .
>
> Borrower understands and agrees that MERS holds only
> legal title to the interests granted by Borrower in
> this Security Instrument, but, if necessary to comply
> with law or custom, MERS (as nominee for Lender and
> Lender's successors and assigns) has the right: to
> exercise any or all of those interests, including, but
> not limited to, the right to foreclose and sell the
> Property; and to take any action required of Lender
> including, but not limited to, releasing and cancelling
> this Security Instrument.

(Notice of Removal, Ex. 1, 8 (emphasis added).)

Although the trust deed lists MERS as the nominal

beneficiary "solely as a nominee for Lender . . .," (Notice of

Removal, Ex. 1, 7), the deed makes clear that MERS is not "the

person for whose benefit a trust deed is given," ORS 86.705(1).

Instead, the trust deed confirms that GN holds the beneficial

interest. The trust deed lists GN, not MERS, as "Lender." (Notice

of Removal, Ex. 1, 6.) All payments on the loan are owed to GN,

not MERS. (Notice of Removal, Ex. 1, 8.) GN, not MERS, "may

invoke the power of sale and any other remedies permitted by

Applicable Law." (Notice of Removal, Ex. 1, 18, ¶ 22.)

While the trust deed lists MERS as the nominal beneficiary,

the trust deed does not authorize MERS to take any actions on its

own behalf. First, MERS holds only legal title to the trust deed.

(Notice of Removal, Ex. 1, 8.) Second, MERS acts solely as

6 - ORDER

EXHIBIT ___G___
PAGE ___6___

nominee for GN. (Notice of Removal, Ex. 1, 7-8.) Finally, MERS may act as GN's nominee only "if necessary to comply with law or custom[.]" (Notice of Removal, Ex. 1, 8.) The trust deed emphasizes that MERS is not the beneficiary, but rather the nominee or agent of the lender. Because the trust deed clearly demonstrates GN, and not MERS, is the person for whose benefit the trust deed was given, GN (or its successor in interest) is the beneficiary of the trust deed. ORS 86.705(1); see In re McCoy, 2011 WL 477820, at *3 (Bankr. D. Or. Feb. 7).[2]

That MERS was the agent or nominee of the beneficiary does not mean the non-judicial foreclosure proceedings necessarily violated Oregon law. See In re McCoy, 2011 WL 477820, at *4. As in other recent cases in this district, "The problem that defendants run into in this case is an apparent failure to record assignments necessary for the foreclosure." Burgett v. MERS, 2010 WL 4282105, at *3 (D. Or. Oct. 20); see also In re McCoy, 2011 WL 477820, at *4. In Oregon, a trustee may conduct a non-judicial foreclosure sale only if:

> The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records

---

[2]The note reinforces my conclusion that plaintiffs granted the trust deed for the benefit of GN, not MERS. The note states the trust deed "protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note." (Notice of Removal, Ex. 1, 28, ¶ 11.) GN, not MERS, is the "Note Holder." (Notice of Removal, Ex. 1, 26, ¶ 1.) MERS is not mentioned in the note.

7 - ORDER

EXHIBIT  q
PAGE  7

in the counties in which the property described in the
deed is situated . . . .

ORS 86.735(1)(emphasis added).

Should the beneficiary choose to initiate non-judicial
foreclosure proceedings, the Act's recording requirements mandate
the recording of any assignments of the beneficial interest in
the trust deed. Burgett, 2010 WL 4282105, at *2; In re McCoy,
2011 WL 477820, at *3. Defendants appear to argue that rather
than requiring the recording of every assignment of the trust
deed, the Act allows defendants to instead track every assignment
of the trust deed within the MERS system, recording only the
final assignment of the trust deed in the county land records.
Because the Oregon Trust Deed Act requires the recording of all
assignments by the beneficiary, defendants' argument fails. ORS
86.735(1); see In re McCoy, 2011 WL 477820, at *3-4.

Oregon's recording requirement is consistent with the
longstanding rule that the trust deed or mortgage generally
follows the note. Carpenter v. Longan, 83 U.S. 271, 274 (1872);
U.S. Nat'l Bank of Portland v. Holton, 99 Or. 419, 427-29, 195 P.
823, 826 (1921)(collecting cases). As noted by defendants, "the
assignment of the note automatically assigns the underlying
interest in the trust deed because MERS is nominee for whichever
entity is the owner (if the owner is a MERS member)." (Defs.'
Reply, 10.) Defendants also state, "the content of the deed of
trust itself . . . established the parties' intent that the trust

8  - ORDER

EXHIBIT ___ 9___
PAGE ___ 8___

deed, and MERS' agency relationship, follow the note." (Id. at

11.) In fact, the trust deed expressly states, "The Note or a

partial interest in the Note (together with this Security

Instrument) can be sold one or more times without prior notice to

Borrower." (Notice of Removal, Ex. 1, 16, ¶ 20(emphasis added).)

If there were transfers of the beneficial interest in the trust

deed, defendants were required to record those transfers prior to

initiating a non-judicial foreclosure in the manner provided in

ORS 86.740 to 86.755. ORS 86.735(1).

Considering what is commonly known about the MERS system and

the secondary market in mortgage loans, plaintiffs allege

sufficient facts to make clear that defendants violated the

Oregon Trust Deed Act by failing to record all assignments of the

trust deed.[3] Therefore, defendants' motion to dismiss is DENIED.

The record demonstrates that in addition to requiring the

denial of defendants' motion to dismiss, plaintiffs are entitled

to declaratory relief. Pursuant to my order, defendants submitted

the MIN Summary and Milestones for the loan at issue. The MIN

Summary demonstrates that on December 9, 2005, Guaranty Bank, FSB

transferred the beneficial interest in the trust deed to Wells

---

[3]For background information on MERS, see generally Gerald
Korngold, Legal and Policy Choices in the Aftermath of the
Subprime and Mortgage FiNancing Crisis, 60 S.C. L. Rev. 727, 741-
42 (Spring 2009) and Christopher L. Peterson, Foreclosure,
Subprime Mortgage Lending, and the Mortgage Electronic
Registration System, 78 U. Cin. L. Rev. 1359, 1368-1374 (Summer
2010).

9  - ORDER

EXHIBIT  __a__
PAGE  __a__

Fargo Home Mortgage. (Jan. 31, 2011 McCarthy Decl., Ex. 1, 2.) As noted above, the record is silent as to how or when Guaranty Bank acquired any interest in the loan. On July 15, 2006, Wells Fargo transferred the beneficial interest in the trust deed to Bank of America. (Jan. 31, 2011 McCarthy Decl., Ex. 1, 2.) Defendants did not record Guaranty Bank's transfer of the beneficial interest in the trust deed to Wells Fargo. Defendants' chain of title submission therefore demonstrates that defendants violated ORS 86.735(1) by initiating non-judicial foreclosure proceedings prior to recording all assignments of the trust deed in the Jackson County land records.

While I recognize that plaintiffs have failed to make any payments on the note since September 2009, that failure does not permit defendants to violate Oregon law regulating non-judicial foreclosure. The Oregon Trust Deed Act "represents a well-coordinated statutory scheme to protect grantors from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor." Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp., 209 Or.App. 528, 542, 149 P.3d 150, 157 (2006). In part due to the legislature's desire "to protect the grantor against the unauthorized loss of its property," a party conducting a non-judicial foreclosure must demonstrate strict compliance with the Act. Id. As demonstrated

10 - ORDER

EXHIBIT ___G___
PAGE ___10___

above, the MIN Summary demonstrates defendants failed to comply with the Oregon Trust Deed Act.

Although not affecting my conclusion here, the MIN Summary raises an additional concern relevant to numerous cases pending before me. As noted above, GN is listed as Lender on both the trust deed and the note. The MIN Summary, however, makes no mention of GN. In fact, the MIN Summary is silent as to how or when Guaranty Bank became an "Investor" holding the beneficial interest in the trust deed. (Jan. 31, 2011 McCarthy Decl., Ex. 1, 2.) The MIN Summary indicates only that on December 1, 2005, Guaranty Bank registered the loan in the MERS system. What occurred before registration, and how or when Guaranty Bank obtained any interest in the loan (from GN or another) is not revealed.

The apparent gap in the chain of title is not the only issue that causes me concern. On May 7, 2010, defendants recorded: (1) an assignment of the trust deed from MERS to Bank of America; (2) MERS's appointment of Northwest as successor trustee; and (3) a notice of default and election to sell. Regarding the May 7 recordings, defendants state, "After receiving plaintiffs' complaint, Northwest Trustee Services, Inc. recognized that certain documents were recorded out-of-order." (Oct. 14, 2010 Mem. Supp. Mot. Dismiss, 4.) Upon recognizing the problems – after initiating non-judicial foreclosure proceedings and only

11 - ORDER

EXHIBIT ___G___
PAGE ___11___

after receiving plaintiffs' complaint alleging improper
recordings - defendants rescinded the May 7, 2010 notice of
default and election to sell. The "out-of-order" recordings
demonstrate problems, not atypical in my view, often caused by
foreclosing parties rushing to expedite non-judicial
foreclosures.

On May 3, 2010, a "Vice President" of MERS assigned the
trust deed to Bank of America. (Notice of Removal, Ex. 1, 32.)
That same day, another "Vice President" of MERS appointed
Northwest successor trustee. (Notice of Removal, Ex. 1, 34.) Also
on May 3, 2010, an "Assistant Vice President" of Northwest signed
the notice of default and election to sell. (Notice of Removal,
Ex. 1, 36-37.) The same notary public apparently witnessed all
three executives sign the documents on the same day. Considering
defendants relied on the May 3, 2010 documents to justify non-
judicial foreclosure proceedings, defendants' document review
appears rushed. Considering the time spent reviewing the
documents, assigning the trust deed, appointing a successor
trustee, and issuing a notice of default and election to sell, I
am not surprised to learn that "[a]fter receiving plaintiffs'
complaint, Northwest Trustee Services, Inc. recognized that
certain documents were recorded out-of-order."

Notwithstanding the above concerns, I note the May 3, 2010
assignment states that MERS assigns "all beneficial interest" in

12 - ORDER

EXHIBIT   9
PAGE   12

the trust deed to Bank of America. (Notice of Removal, Ex. 1,

32.) As explained above, MERS never had any beneficial interest

in the trust deed. MERS held only legal title as an agent or

nominee of GN (or GN's successors). If MERS acted only as an

agent or nominee, why is the principal not identified in the May

3, 2010 assignment? The confusion is heightened as the MIN

Summary demonstrates at least two unrecorded transfers of the

beneficial interest in the trust deed occurred before May 3,

2010. As Justice Page of the Supreme Court of Minnesota

summarized:

> MERS claims to hold legal title, but only legal title,
> to the mortgage being foreclosed. MERS also claims that
> in foreclosing mortgages it acts only as nominee for
> its members. But MERS can act as nominee for only the
> particular MERS member who holds the promissory note at
> any particular time and, when that promissory note is
> assigned between members, the member for which MERS
> acts as nominee, and on whose behalf MERS holds legal
> title, necessarily changes. In other words, the entity
> on whose behalf MERS holds legal title to the mortgage
> changes every time the promissory note is assigned.

Jackson v. Mortgage Electronic Registration Systems, Inc., 770

N.W.2d 487, 503-04 (Minn. 2009)(Page, J., dissenting). Although

Justice Page wrote in dissent in a case involving a Minnesota

statute, his concerns apply to numerous cases pending before me.

Foreclosure by advertisement and sale, which is designed to

take place outside of any judicial review, necessarily relies on

the foreclosing party to accurately review and assess its own

authority to foreclose. Considering that the non-judicial

13 - ORDER

EXHIBIT ___9___
PAGE ___13___

foreclosure of one's home is a particularly harsh event, and given the numerous problems I see in nearly every non-judicial foreclosure case I preside over, a procedure relying on a bank or trustee to self-assess its own authority to foreclose is deeply troubling to me.

I recognize that MERS, and its registered bank users, created much of the confusion involved in the foreclosure process. By listing a nominal beneficiary that is clearly described in the trust deed as anything but the actual beneficiary, the MERS system creates confusion as to who has the authority to do what with the trust deed. The MERS system raises serious concerns regarding the appropriateness and validity of foreclosure by advertisement and sale outside of any judicial proceeding.

Additionally, the MERS system allowed the rise of the secondary market and securitization of home loans. A lender intending to immediately sell a loan on the secondary market is not concerned with the risk involved in the loan, but with the fees generated. If a lender aims to quickly pass a loan off onto an investor, a stated-income loan appears not as an unacceptable risk, but as an income stream. MERS makes it much more difficult for all parties to discover who "owns" the loan. When a borrower on the verge of default cannot find out who has the authority to modify the loan, a modification or a short sale, even if

14 - ORDER

EXHIBIT __9__
PAGE ___14___

beneficial to both the borrower and the beneficiary, cannot
occur.

When no borrowers default, the problems inherent in the MERS
system may go unnoticed. Unfortunately for banks, borrowers,
investors, and courts throughout the country, many borrowers are
now defaulting. Countless grantors of trust deeds now face the
harsh prospect of losing a home outside of any judicial
proceeding. At the same time, the MERS system greatly increased
the number of investors stuck holding worthless notes. A lender
that knows it will immediately sell a loan on the secondary
market has no incentive to ensure the appraisal of the security
is accurate. Similarly, the lender need not concern itself with
the veracity of any representations made to the borrower. In
short, the MERS system allows the lender to shirk its traditional
due diligence duties. The requirement under Oregon law that all
assignments be recorded prior to a non-judicial foreclosure is
sound public policy:

> [I]t is apparent with the benefit of hindsight that the
> ability of lenders to freely and anonymously transfer
> notes among themselves facilitated, if not created, the
> financial banking crisis in which our country currently
> finds itself. It is not only borrowers but also other
> lenders who rightfully are interested in who has held a
> particular promissory note. For example, a lender who
> holds a promissory note that has become worthless may
> have an interest in knowing the hands through which
> that note passed.

Jackson, 770 N.W.2d at 504 (Page, J., dissenting). Justice Page
wrote in dissent, but his views are persuasive.

15 - ORDER

EXHIBIT    9
PAGE       15

Although the concerns raised in this order appear in many foreclosure cases pending before me, I resolve the current controversy on narrow grounds. Following defendants' removal of the complaint, plaintiffs still seek declaratory relief that defendants' non-judicial foreclosure is wrongful. I agree with Judge Alley that "Oregon law permits foreclosure without the benefit of a judicial proceeding only when the interest of the beneficiary is clearly documented in a public record." In re McCoy, 2011 WL 477820, at *4. Because defendants failed to record all assignments of the trust deed, the non-judicial foreclosure proceedings violated the Oregon Trust Deed Act. Therefore, plaintiffs are entitled to declaratory relief on that claim.

### CONCLUSION

Defendants' request for judicial notice (#6) is GRANTED. Defendants' motion to dismiss (#8) is DENIED. Plaintiffs are entitled to a declaratory judgment stating defendants violated ORS 86.735(1). This non-judicial foreclosure proceeding is dismissed. Judgement and costs for plaintiffs.

IT IS SO ORDERED.


DATED this _25_ day of May, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE


16 - ORDER


EXHIBIT ___9___
PAGE ___16___