RECEIVED

JUN 1 3 2011

BISHOP WHITE
& MARSHALL, P.S.

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR JACKSON COUNTY

| | |
|---|---|
| JUDY ENDERLIN, | |
| Plaintiff, | No. 11-0114-E-2 |
| v. | ORDER ON PRELIMINARY INJUNCTION |
| GMAC MORTGAGE, LLC and LSI TITLE COMPANY OF OREGON, LLC, | |
| Defendants. | |

This matter came before the Court on plaintiff Judy Enderlin's request for the entry of a preliminary injunction enjoining defendants from proceeding with the non-judicial foreclosure on plaintiff's residential property. For the reasons stated, the requested preliminary injunction will issue.

Although Enderlin challenges the foreclosure on a number of procedural and substantive grounds, the Court need address only one of them: the authority of non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), acting through defendant LSI Title Company of Oregon ("LSI") to commence foreclosure proceedings. Defendants describe MERS as the "beneficiary" of the deed of trust and assert MERS, acting as beneficiary, properly appointed defendant LSI to commence foreclosure.

This Court agrees with the findings and reasoning in the recent decision in *Hooker v. Northwest Trustee Services, Inc.*, 2011 WL 2119103 (D. Or. May 25,

1 Order on Preliminary Injunction

EXHIBIT 6
PAGE 1

2011) to the effect that under the Oregon Trust Deed Act, ORS 86.705, MERS is not the beneficiary of the trust deed covering Enderlin's property and the trust deed does not authorize MERS to take any actions on its own behalf. Accordingly, the purported appointment of LSI as successor trustee (Exhibit C to defendants' motion papers) by MERS, acting as "the present beneficiary under the trust deed," was not proper and did not transfer to LSI the trustee's powers, including the power to commence foreclosure proceedings. The power to institute such proceedings, including the power to give notices, rests pursuant to the terms of the deed of trust with the lender (GMAC) or the trustee if the lender "causes" the trustee to do so. (¶22). LSI, not having been properly appointed trustee, did not have the authority to initiate foreclosure proceedings, including the power to issues notices associated with the foreclosure.

The foreclosure proceedings to date have not been in accordance with Oregon law. Accordingly, Enderlin is entitled to the entry of a preliminary injunction enjoining defendants from proceeding with the non-judicial foreclosure of Enderlin's residential property located at 518 S. Oakdale in Medford, Oregon.

SO ORDERED.

DATED: June 10, 2011.

G. Philip Arnold, Circuit Judge

cc: Richard L. Billin
David A. Weibel

EXHIBIT 6
PAGE 2